UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2012
```

HICHAM AZKOUR,

                              Plaintiff,

-v-

JEAN-YVES HAOUZI, *et al.*,

                             Defendants.

No. 11 Civ. 5780 (RJS) (KNF)
ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

    *Pro se* Plaintiff Hicham Azkour filed his Complaint on August 8, 2011, alleging, *inter alia*, violations of his civil rights. By Order dated September 23, 2011, this matter was referred to the Honorable Kevin Nathaniel Fox, Magistrate Judge, for general pretrial purposes and dispositive motions requiring a report and recommendation.

    Plaintiff filed an Amended Complaint followed by a Second Amended Complaint, and on January 24, 2012, Defendants moved to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On February 2, 2012, Plaintiff filed a Third Amended Complaint. On April 25, 2012, Judge Fox issued the attached Report and Recommendation (the "Report") recommending denial of Defendants' motion to dismiss on the grounds that the Second Amended Complaint has been "supplanted and divested of any legal effect," and Defendants' motion therefore rendered moot. In the Report, Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party has filed objections to the Report, and the time to do so has expired. *Cf. Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1993).

When no objections to a report and recommendation are made, the Court may adopt the report if there is no clear error on the face of the record. *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). After reviewing the record, the Court finds that Judge Fox's Report is not facially erroneous. Accordingly, the Court adopts the Report in its entirety, and for the reasons set forth therein, denies Defendants' motion to dismiss the Second Amended Complaint. The Clerk of the Court is respectfully directed to terminate the motion located at Doc. No. 22.

SO ORDERED.

DATED:   June 11, 2012
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order has been mailed to:

Hicham Azkour
127 W. 25th Street
New York, New York 10001

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HICHAM AZKOUR,                                              :

                Plaintiff,                                  :

        -against-                                           :     REPORT & RECOMMENDATION

JEAN-YVES HAOUZI, FRANCK MAUCORT,                           :     11 Civ. 5780 (RJS)(KNF)
JESSICA COMPERIATI, LITTLE REST
TWELVE, INC., SHELDON SKIP TAYLOR, ESQ.,                    :
LAW OFFICES SHELDON SKIP TAYLOR,
                                                            :

                Defendants.                                 :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Plaintiff, Hicham Azkour ("Azkour"), proceeding pro se and in forma pauperis, brings this action under, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e et seq., alleging that defendants Jean-Yves Haouzi ("Haouzi"), Franck Maucort ("Maucort"), Jessica Comperiati ("Comperiati"), and Little Rest Twelve, Inc. ("LRT"), discriminated and retaliated against him, "on account of his race (Arab)," by interfering with his rights to: (1) enforce an employment contract; (2) sue; (3) be a party to a proceeding; (4) give evidence in a proceeding; and (5) "enjoy the full and equal benefit of all laws and proceedings for the security of his person and property as is enjoyed by white citizens." Azkour also alleges that the above-noted defendants, and defendants Sheldon Skip Taylor, and the Law Offices Sheldon Skip Taylor, conspired to "deter him by intimidation and threat from freely and fully, and truthfully testifying to matters pending in the United States District Court for the Southern District of New York." According to Azkour, the "defendants conspired to injure Plaintiff in his person and property on account of his having attended and testified in the aforementioned pending matters." In addition,

Azkour has asserted causes of action against the defendants, under New York law, for defamation and intentional infliction of emotional distress.

Before the Court is the defendants' motion to dismiss Azkour's second amended complaint.

## PROCEDURAL BACKGROUND

On August 8, 2011, Azkour filed his original complaint; that complaint was never served on any of the defendants. On October 14, 2011, Azkour filed his first amended complaint and served it on Haouzi, Maucort, Comperiati, and LRT on December 16, 2011. However, on October 20, 2011, Azkour filed his second amended complaint, but never served it on any of the defendants. On January 24, 2012, the defendants filed a motion to dismiss Azkour's second amended complaint, although they had never been served with that pleading. The defendants' motion to dismiss Azkour's second amended complaint is addressed below. On February 2, 2012, Azkour filed a third amended complaint.

## DISCUSSION

Federal Rule of Civil Procedure 15, in pertinent part, provides that

> [a] party may amend its pleadings once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

"It is well established that an amended complaint ordinarily supercedes the original, and renders it of no legal effect." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (citation omitted). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 C. WRIGHT A. MILLER & M. KANE, FEDERAL PRACTICE

AND PROCEDURE § 1476, at 636-37 (2010).

On January 24, 2012, the defendants filed a motion to dismiss Azkour's second amended complaint, pursuant to Fed R. Civ. P. 12(b)(6).[1] On February 2, 2012, seven days after the defendants' filed their motion to dismiss, Azkour filed his third amended complaint. At the time that Azkour filed his third amended complaint, the 21-day period during which Fed. R. Civ. P. 15(a)(1)(B) permits a plaintiff to amend his or her pleadings, "as a matter of course," when a Rule 12(b) motion has been made, had not elapsed. Inasmuch as an amended complaint supercedes a previously filed complaint and renders it of no legal effect, see Shields, 25 F.3d at 1128, when Azkour filed his third amended complaint, his second amended complaint was supplanted and divested of any legal effect. As a consequence, the defendants' motion to dismiss Azkour's second amended complaint was made moot.

## RECOMMENDATION

For the reasons set forth above, I recommend that the defendants' motion to dismiss Azkour's second amended complaint, Docket Entry No. 22, be dismissed.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk

---

[1] Typically, the filing of a motion under Fed. R. Civ. P. 12 results in a waiver of all defenses, under that rule, that are not asserted in the motion. See Fed. R. Civ. P. 12(h). However, Rule 12 provides an exception, limiting the application of its waiver provision to defenses "then available." See Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 665 (D. Vt. 1996). In Goodstein, the court found that a party could not have waived the defense of insufficiency of service of process if its motion to dismiss was filed before the 120 day time limit for service identified in Fed. R. Civ. P. 4(m). Id. The court reasoned that "a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made." Id. (citing Holzsager v. Valley Hospital, 646 F.2d 792, 796 (2d Cir. 1981) (internal quotation marks omitted). Here, Azkour filed his second amended complaint on October 20, 2011, and the defendants filed their motion to dismiss that complaint on January 24, 2012, prior to Azkour effecting service of the summons and second amended complaint. At the time the defendants filed their motion to dismiss, the 120 days for service allotted Azkour by Fed. R. Civ. P. 4(m) had not elapsed; therefore, a defense of insufficiency of service of process was unavailable to the defendants.

of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 1010, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. *Any requests for an extension of time for filing objections must be directed to Judge Sullivan. Failure to file objections within fourteen (14) days will result in a wiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
      April 25, 2012

Respectfully submitted,

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Mailed copy to:

Hicham Azkour