UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HICHAM AZKOUR,                                      :
                                                    :
        Plaintiff,                                :
                                                    :
        -against-                                :    MEMORANDUM & ORDER
                                                    :
JEAN-YVES HAOUZI, FRANCK MACOURT,                   :    11 Civ. 5780 (RJS)(KNF)
JESSICA COMPERIATI , LITTLE REST                    :
TWELVE, INC., SHELDON SKIP TAYLOR,                  :
LAW OFFICES OF SHELDON SKIP TAYLOR,                 :
                                                    :
        Defendants.                               :
-------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Before the Court is Plaintiff Hicham Azkour's ("Azkour") pro se motion for reconsideration of the Court's May 31, 2012 order denying his motion to impose sanctions on the defendant Sheldon Skip Taylor ("Taylor") for: 1) suborning perjury; 2) intimidating a witness(es); 3) tampering with a witness(es); and 4) violating the New York State Rule of Professional Conduct 4.2: Communication with Person Represented by Counsel.

## BACKGROUND

On April 20, 2012, Azkour filed a motion requesting that the Court impose sanctions on Taylor. On May 31, 2012, the Court issued an Order denying Azkour's motion, based on his "fail[ure] to file a: (i) notice of motion; (ii) memorandum of law; and (iii) supporting affidavit(s)," in contravention of Local Civil Rule 7.1(a)(1)-(3) of this court. On June 11, 2012, Azkour filed a motion for reconsideration, in which he contends the Court acted erroneously

when it: (1) noted that the filing date for his motion was January 23, 2012[1]; and (2) failed to construe his pleadings liberally, as required by Second Circuit jurisprudence, in denying the motion based on his failure to comply with Local Civil Rule 7.1.  In support of the reconsideration motion, Azkour makes citation to Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008), in which the Second Circuit Court of Appeals indicated that, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally [and] [t]his obligation entails, at the very least, a permissive application of the rules governing the form of pleadings."  Sealed Plaintiff, 537 F.3d at 191 (internal quotation marks and citations omitted).

## DISCUSSION

Applications for reconsideration of a court's determination on a motion are governed by Local Civil Rule 6.3, and are committed to the sound discretion of the court.  See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).  "The standard for granting . . . [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).  In addition, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

---

[1]     Azkour's motion for sanctions against Taylor was filed on April 20, 2012.  The Court's May 31, 2012 Order erroneously cited January 23, 2012 as the motion's filing date.  This error had no affect on the Court's analysis of the motion; accordingly, reciting the correct motion date would not have altered the Court's decision on the motion.

In Sealed Plaintiff, to which Azkour made citation, the Second Circuit reemphasized the obligation of the district courts to construe the pleadings of pro se litigants liberally. See Sealed Plaintiff, 537 F.2d at 191. However, notwithstanding the obligation imposed on the district courts of this judicial circuit to construe the pleadings of pro se litigants liberally, the Second Circuit Court of Appeals has made clear that "pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995))(citation omitted); see also LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) ("[a]lthough pro se litigants should be afforded latitude . . . they generally are required to inform themselves regarding procedural rules and to comply with them.") (citation omitted).

In the case at bar, the Court construed Azkour's pleading —his sanctions motion— liberally, as it was required to do, but determined that Azkour had failed to comply with Local Civil Rule 7.1, which required him to submit the following motion papers to the Court a: "(i) notice of motion; (ii) memorandum of law; and (iii) supporting affidavit(s)." Local Civil Rule 7.1(a)(1)-(3). The provisions of Local Civil Rule 7.1(a)(1)-(3) outline, in a straight forward manner, the materials that must be submitted when filing a motion. Had Azkour reviewed Local Civil Rule 7.1 of this court, prior to submitting his sanctions motion, he likely would have understood his procedural obligations and would have submitted the required motion papers to the court. This is evidenced by his compliance with Local Civil Rule 7.1 when he filed the instant reconsideration motion.

The Court's obligation to construe a pro se litigant's pleadings liberally has nothing to do with the pro se litigant's independent obligation to "inform [himself] regarding procedural rules and to comply with them." Edwards, 59 F.3d at 8. Azkour failed to meet his obligation with respect to the underlying sanctions motion. In disposing of the sanctions motion, the Court did

-3-

not overlook any matter that "might reasonably be expected to alter the conclusion reached by the court": that Azkour failed to comply with Local Civil Rule 7.1. Shrader, 70 F.3d at 257. Accordingly, reconsideration of the Court's May 31, 2012 order is not warranted.

## CONCLUSION

For the reasons set forth above, Azkour's motion for reconsideration of the Court's June 1, 2012 order disposing of his sanctions motion, Docket Entry No. 77, is denied.

Dated: New York, New York
August 17, 2012

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Hicham Azkour