UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HICHAM AZKOUR,                                    :
                                                  :
                         Plaintiff,               :
                                                  :
           -against-                              :          REPORT & RECOMMENDATION
                                                  :
JEAN-YVES HAOUZI, FRANCK MAUCORT,                 :          11 Civ. 5780 (RJS)(KNF)
JESSICA COMPERIATI, LITTLE REST                   :
TWELVE, INC., SHELDON SKIP TAYLOR, ESQ.,          :
LAW OFFICES SHELDON SKIP TAYLOR,                  :
                                                  :
                                                  :
                         Defendants.              :
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Plaintiff Hicham Azkour ("Azkour"), proceeding pro se, brings this action pursuant, inter alia, to 42 U.S.C. § 1981 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, et seq., alleging that defendants Jean-Yves Haouzi ("Haouzi"), Franck Maucort ("Maucort"), Jessica Comperiati, and Little Rest Twelve, Inc. ("LRT"), discriminated and retaliated against him, "on account of his race (Arab)."

Before the Court is the defendants' motion to dismiss the § 1981 and ADA claims contained in Azkour's third-amended complaint.  The motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), and is opposed by Azkour.

*Allegations in the Complaint*[1]

Defendant LRT operates a restaurant and bar in Manhattan known as Ajna Bar; Azkour worked for LRT from October 2009, until his employment ceased in February 2010. After Azkour's employment with LRT ended, he commenced a civil action against it and members of its management for: (a) failing to compensate him fully, in accordance with the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and analogous New York laws and regulations; and (b) retaliating against him. That action is pending.

According to Azkour, several weeks after his employment with LRT ceased, new owners and managers took control of the restaurant. On or about March 30, 2010, after the new owners and managers were in place, Azkour approached Maucort, who, according to Azkour, is LRT's general manager, and requested that he be paid: 1) "full pay"; 2) back pay; 3) overtime compensation; 4) gratuities; and 5) service charges, to remedy "the unlawful acts of retaliation by the former managers." Azkour's request was denied. He returned to the restaurant on April 1, 2010, and renewed his request. Azkour recalls that during the April 1, 2010 visit to the restaurant, Maucort advised him that "LRT and its new management would not be able to address his claims because they are not liable for the wrongs done to him by the former managers." Thereafter, Azkour requested a meeting with Haouzi, who, according to Azkour, is LRT's owner, chief executive officer and chief operating officer. However, Maucort,

---

[1]     Throughout Azkour's third-amended complaint, he characterizes this matter as a class action. However, "[a] pro se litigant" such as Azkour, "is not empowered to proceed on behalf of anyone other than himself." McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000) (citations omitted). Construing Azkour's complaint liberally, as it is required to do, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citation omitted), the Court analyzes his complaint as having being brought soley on Azkour's behalf.

accompanied by armed security personnel, directed Azkour to depart from the premises.  Instead

of exiting the restaurant immediately, Azkour asked for a letter of reference to aid him in

securing new employment, but Maucort ignored his request, and according to Azkour, made a

derogatory, racially-charged remark about him.  Azkour contends that he was intimidated by the

presence of the security personnel, so he did not press his request further, and left the premises

peacefully.

In January 2010, prior to his encounters with Maucort, Azkour filed a: (1) charge of

discrimination with the United States Equal Employment Opportunity Commission ("EEOC"),

alleging that LRT's previous owners and managers discriminated and retaliated against him; and

(2) complaint with the United States Department of Labor, alleging that LRT's previous owners

and managers violated FLSA.  Azkour also alleges that "on or about January 22, 2010, [he] filed

a complaint with EEOC, District of New York, alleging discrimination (Title VII, ADA, ADEA)

and retaliation."  Additionally, Azkour attached to his third-amended complaint, as Exhibit E, a

"Notice of Right to Sue," which was issued to him by EEOC on October 28, 2011.  The notice

indicates that it was "issued under Title VII, [and] the ADA."  The record before the Court does

not provide any information regarding when the charge that prompted the October 28, 2011

notice was filed; however, the notice indicates that the charge was filed some time within the

180 days that preceded its issuance.

Azkour maintains that, "[t]o this day[] Defendants have unlawfully refused to provide

Plaintiff with a reference letter and have heretofore retaliated and discriminated against Plaintiff

by giving negative professional reference [sic] to employers seeking to inquire about Plaintiff's

employment with defendant."  According to Azkour, "[e]mployees and former employees of

defendant Little Rest Twelve, Inc., who do not belong to Plaintiff's protected class [Arab],

received a different treatment from Defendants by being rehired, reinstated, promoted, given

reference letters and excellent recommendations to prospective employers."  Additionally,

Azkour contends that "Defendants have willfully discriminated against Plaintiff by refusing to

investigate his claims of discrimination, retaliation, and violations of the FLSA [and other

statutes] by former management."

**_Defendants' Contentions[2]_**

The defendants contend that the allegations in Azkour's third-amended complaint are

"insufficient to set forth a claim of employment based discrimination."  According to the

defendants, Azkour "had no 'contract' with [the defendants] of any kind. His claim is limited to

the allegation that he approached the defendants after they assumed control of the restaurant, and

that they failed to hire him or to 'investigate' his claims against the prior regime."  The

defendants contend that, "Azkour does not even allege that he applied for a job at [Ajna Bar].

He was never employed by defendants, and thus they could not have taken any adverse actions

---

[2]        On May 1, 2012, the Court held a conference in this action; Azkour appeared in person at the conference, and counsel to the defendants appeared via telephone.  During that conference, the Court directed the parties not to file any motions, without first making a written request to the Court for permission to do so.  On November 5, 2012, Azkour filed three motions: (1) "Request For a Stay Pending the Outcome of the FLSA Action"; (2) "Notice of Motion for Judgment on the Pleadings"; and (3) "Notice of Voluntary Partial Dismissal and Request for Leave to Amend the Third Amended Complaint."  Azkour failed to comply with the Court's May 1, 2012 oral Order, as he did not seek the Court's permission prior to filing the above-noted motions.  Accordingly, on January 10, 2013, the Court issued an Order directing the Clerk of Court to terminate Azkour's November 5, 2012 motions. Despite participating in the May 1, 2012 conference, in drafting the instant motion to dismiss, it appears that the defendants relied on Azkour's "Notice of Voluntary Partial Dismissal and Request for Leave to Amend the Third Amended Complaint," and addressed only those claims that remained after Azkour's purported voluntary dismissal. Consequently, the defendants' motion to dismiss is only a partial motion, as it fails to address all the claims contained in Azkour's third-amended complaint.

against him within any of the activities enumerated in the statute." The defendants assert that, Azkour's "failure to allege that he specifically applied for a position at Ajna Bar and was rejected or that he had any contractual right to a letter of reference precludes any claim of employment based discrimination against defendants."

The defendants aver that Azkour's § 1981 retaliation claim in this action is based on the same nucleus of facts as the claims Azkour made in his FLSA action. Furthermore, they assert that Azour makes no allegations that support a finding that "any of the remaining defendants herein had knowledge of his supposed protected activities or filings at the time he was denied re-employment or a letter of reference." In addition, the defendants maintain that Azkour's third-amended complaint "fail[s] to set forth cognizable claims of employment discrimination or retaliation under the ADA." For example, the defendants contend that "[o]ne element that must be pleaded to make out a prima facie case [under ADA] is that the employer had knowledge of the plaintiff's disability at the time of the alleged disparate or retaliatory treatment. The third amended complaint fails to satisfy this 'knowledge' requirement." According to the defendants, the complaint's "only allegation [referencing the defendants' knowledge, is found in Azkour's assertion] . . . that[:] 'as demonstrated by their filings with the Court,' defendants have shown their knowledge and awareness of plaintiff's psychological problems." The defendants maintain that, "the claim that [they] learned of plaintiff's mental problems during the lawsuit he filed cannot fulfil plaintiff's requirement of demonstrating knowledge on the part of the defendants at the time the acts complained of took place."

*Plaintiffs Contentions*[3]

In opposition to the motion, Azkour submitted: (1) a document styled "Opposition to Defendants' Motion to Dismiss and Plaintiff's Memorandum of Law in Support of His Motion for Judgment on the Pleadings as to Defendants' Liability and Monetary Damages" and (2) an affirmation in support of his motion for judgment on the pleadings, with attached exhibits.[4] According to Azkour, his "intentional discrimination claim under 42 U.S.C. § 1981 is founded in the fact that the . . . defendants are decision-makers of defendant Little Rest Twelve, Inc., are directly involved in its daily operations, are aware of every bit of the present litigation  . . . and have discretion and the absolute power to enforce and make employment contracts." Azkour maintains that, notwithstanding this authority, the defendants have "maliciously refused . . . on account of Plaintiff's race (Arab), to enforce the basic terms of a contract that binds them to him."

Azkour avers that he filed "EEOC complaints alleging racial discrimination, retaliation, and racial harassment and Defendants have always had knowledge of such complaints." According to Azkour, "he filed the present action on or about August 8, 2011.  Prior to that, he articulated claims of discrimination in violation of 42 U.S.C. § 1981 and retaliation. . . . [and]

---

[3]    In his opposition to the defendants' motion to dismiss, Azkour makes reference to a fifth-amended complaint, which he maintains is the operative complaint in this action.  However, Azkour was not granted permission to file a fifth-amended complaint, and the Court denied a motion filed by Azkour to amend his third-amended complaint.  See Docket Entry No. 87.

[4]    A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  The defendants moved to dismiss Azkour's complaint, and have not filed an answer; therefore, the pleadings are not closed.  Thus, Azkour's motion for judgment on the pleadings is premature.

[a]s a direct consequence of this protected activity, Defendants retaliated against Plaintiff by (1) refusing to provide him with a post-employment reference letter, and (2) by providing negative references to prospective employers, and (3) by refusing to reinstate him, even when they were found in violation of the FLSA retaliatory provision."  As a result of the defendants' conduct, Azkour asserts that he has been unable to secure comparable employment.

Azkour maintains that "[t]here is no dispute that defendant Little Rest Twelve, Inc., as an employer, is a covered entity [under ADA] . . . There is no dispute that Plaintiff was otherwise qualified to perform the essential functions of his job . . . there is no dispute as to whether Plaintiff suffered an adverse employment action because of disability . . . [and] Plaintiff . . . is disabled within the meaning of [ADA]."  Azkour contends that "[a]t all times relevant to the present action, and for the purposes of Plaintiff's ADA allegations, Defendants are engaged in an industry affecting commence that has 25 of more employees for each working day in each of 20 or more calendar weeks in the current or proceeding calendar year."

According to Azkour, he "has suffered from Post Traumatic Stress Disorder and Major Depression Disorder."  Furthermore, Azkour asserts that, even if his conditions are insufficient for him to be considered disabled under ADA, the defendants perceived him to be mentally disabled.  In connection with that allegation, Azkour maintains that, "Defendants regard him as an individual who is mentally incompetent, mentally incapacitated, unable to represent his interests, and suffering from a sort of mental retardation."  To support this contention, Azkour makes citation to assertions made by the defendants' counsel regarding Azkour's mental health in writings counsel submitted to the Court, such as a declaration he filed supporting Azkour's

motion for the Court to appoint a guardian ad litem.  For example, in the above-noted

declaration, the defendants' counsel states that, "[b]ased on Mr. Azkour's representations; his

apparent residence at a mental health shelter; the evidence he has provided to the Court

concerning his mental disability and my own observations of his writings and emails, defendants

are absolutely convinced that Mr. Azkour is indeed mentally disabled and incompetent and . . .

respectfully join in his application for the Court to appoint a guardian ad litem to represent his

interests in this action."

In addition, Azkour asserts that, as a result of his EEOC charges, the defendants

retaliated against him, in violation of ADA, by: (i) giving a negative reference to an inquiring

prospective employer, which resulted in the prospective employer's declining to hire him; and

(ii) refusing to provide him with a letter of recommendation.

## DISCUSSION

### Matters Outside the Pleadings

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to

and not excluded by the court, the motion must be treated as one for summary judgment under

Rule 56."  Fed. R. Civ. P. 12(d).  "A complaint is deemed to include any written instrument

attached to it as an exhibit, materials incorporated in it by reference, and documents that,

although not incorporated by reference, are 'integral' to the complaint."  Sira v. Morton, 380

F.3d 57, 67 (2d Cir. 2004) (internal citations omitted).  "All parties must be given a reasonable

opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  "It

is within the discretion of [the c]ourt to convert a motion filed under Fed. R. Civ. P. 12(b)(6) into

-8-

one seeking summary judgment when matters outside the pleadings have been presented and accepted by the Court, and where all parties have been given a reasonable opportunity to present materials pertinent to the motion's disposition." Aetna Cas. & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 573 (2d Cir. 2005) (internal quotation marks omitted).

The defendants did not rely on any matters outside the pleadings to support their motion to dismiss Azkour's third-amended complaint; and they did not reply to Azkour's opposition to their motion. However, in opposing the defendants' motion, Azkour filed a memorandum of law and an affirmation with several exhibits annexed to it, most of which are documents that are outside the pleadings because they are neither incorporated in the complaint by reference nor integral to it. See Sira, 380 F.3d at 67. The Court did not consider any matters outside the pleadings when analyzing the defendants' motion to dismiss and, thus, did not convert the motion to dismiss to a motion for summary judgment.

### Rule 12(b)(6) Failure to State a Claim

When considering a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Staehr v. Hartford Fin. Servs. Group, Inc., 547 F.3d 406, 424 (2d Cir. 2008). At the pleading stage, no obligation exists to prove anything, only to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing and endorsing Twombly's "plausible on its face" standard).

**A.      Section 1981 Claim**

Section 1981 of Title 42 of the United States Code provides, in part, that

[a]ll persons within the jurisdiction of the United States shall have the same right
. . . to make and enforce contracts, to sue, be parties, give evidence, and to the full
and equal benefit of all laws and proceedings for the security of persons and
property as is enjoyed by white citizens.

42 U.S.C. § 1981(a).

To establish a claim under § 1981, a plaintiff must demonstrate: "(1) that she is a member
of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3)
that the discrimination concerned one or more of the activities enumerated in § 1981. "Lauture
v. Int'l Bus. Mach. Corp., 216 F.3d 258, 261 (2d Cir. 2000) (citation omitted).  In his complaint,
Azkour alleges, inter alia, that the defendants discriminated against him by interfering with his
rights to enforce an employment contract and to enter into new employment contracts, "on
account of his race (Arab)," by, among other things, refusing to provide him a letter of reference.
A person who is "subjected to intentional discrimination [limiting his opportunities to make and
enforce employment contracts,] based on the fact that he was born an Arab," may assert a § 1981
claim.  St. Francis College v. Al-Khazraji, 481 U.S. 604, 613, 107 S. Ct. 2022, 2028 (1987).

The defendants do not contest Azkour's allegation that he was denied a letter of
reference.  Instead, they maintain that Azkour never "applied for a position at Ajna Bar" and
assert, without making citation to any authority, that Azkour had no "contractual right to a letter
of reference."  Drawing all inferences in Azkour's favor, see Staehr, 547 F.3d at 424, the Court
finds that, based on the record before it, Azkour's third-amended complaint contains factual
allegations respecting intentional discrimination proscribed by § 1981, that are sufficient "to

-10-

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

**D.      ADA Claim**

ADA prohibits a covered entity from discriminating against a qualified individual "on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  An employer is a "covered entity" and subject to ADA if it is "engaged in an industry affecting commerce . . . [and] has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."  42 U.S.C. § 12111(5)(A).  To establish a prima facia case of discrimination under ADA, a plaintiff must plead facts sufficient to demonstrate:

> (a) that his employer is subject to the ADA; (b) that he is disabled within the meaning of the ADA or perceived to be so by his employer; (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of his disability.

Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008) (citation omitted).

In Azkour's third-amended complaint, he alleges that the defendants "willfully discriminated against [him] on the basis of disability in regard to job application procedures, rehiring, advancement, and other terms, conditions and privileges of employment."  However, the complaint is devoid of any facts that show the defendants knew, at the time of the alleged discrimination, that Azkour is a person with a disability, or that they perceived him to be such a person.   To support his assertion that the defendants perceived him to be a person with a mental

-11-

disability, Azkour makes citation to statements made by counsel to the defendants in, among other things, the declaration submitted to the Court in support of Azkour's motion for the Court to appoint a guardian ad litem for him.  However, the factors and observations that led the defendants to conclude that Azkour is mentally disabled post-date the discriminatory conduct that forms the basis for Azkour's ADA claim.  As such, they cannot be relied upon to support Azkour's contention that the defendants knew him to be, or perceived him to be a person with a disability.  See Chen v. Citigroup Inv., Inc., No. 03 CV 6612, 2004 WL 2848539,  at *3 (S.D.N.Y. Dec. 9, 2004) (noting that "[a]n employer cannot have discriminated against an employee on the basis of a known disability where the employer learns of the disability only after" taking adverse action against the aggrieved party).  Since Azkour failed to allege that the defendants knew he is a person with a disability, or perceived him to be such a person, at the time of the alleged discriminatory conduct, the ADA claim in Azkour's third-amended complaint fails to state a plausible claim for which relief may be granted.  See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

**B.      *Section 1981 & ADA Retaliation Claims***

An employer is prohibited from taking an adverse action against any employee who engages in conduct to champion the rights secured to him by § 1981.  See CBOCS West, Inc. v. Humphries, 553 U.S. 442, 457, 128 S. Ct. 1951, 1961 (2008).  Retaliation claims brought under § 1981 are analyzed pursuant to the three-step burden shifting analytical framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).  See also Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010).  In addition to his § 1981 retaliation claim, Azkour

asserts an ADA retaliation claim.  The McDonnell Douglas three-step burden shifting analysis

also applies to ADA retaliation claims.  See Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263

F.3d 208, 223 (2d Cir. 2001) (analyzing a retaliation claim brought pursuant to ADA using the

McDonnell Douglas evidentiary framework).

A plaintiff may establish a prima facie case of retaliation under § 1981 or ADA by

showing: (1) participation in protected activity; (2) that the defendant knew of the protected

activity; (3) an adverse employment action was taken by the defendant; and (4) a causal

connection between the protected activity and the adverse employment action.  See Hicks, 593

F.3d at 164 (internal quotation marks and citations omitted).  If the plaintiff satisfies this burden,

a presumption of retaliation is created.  The defendant must then articulate a legitimate, non-

discriminatory reason for its adverse employment action.  See id.  If the employer does so, the

presumption of retaliation falls away, and the plaintiff must demonstrate that retaliation was a

substantial reason for the adverse action.  See id.

On or about January 22, 2010, Azkour filed a charge of discrimination with the EEOC,

alleging discrimination and retaliation based on his race, Arab.  Furthermore, at some time

within the 180 days that preceded October 28, 2011, Azkour filed a charge with the EEOC

alleging ADA was violated by LRT.  By filing a charge with the EEOC, Azkour engaged in

activity that is protected under both ADA and § 1981.  See Ebanks v. Neiman Marcus Group,

Inc., 414 F. Supp. 2d 320, 332 (S.D.N.Y. 2006) (noting that filing an EEOC complaint is

protected activity under § 1981); see also Lovejoy-Wilson, 263 F.3d at 223 ( stating that "filing a

complaint with the EEOC is an activity protected by ADA.").  In his third-amended complaint,

Azkour contends that LRT's previous managers and owners knew that he made the above-noted EEOC charge(s). However, there is no allegation in the third-amended complaint that would support a finding that the defendants in the instant action knew of the EEOC charge(s). Failure to allege such knowledge is fatal to Azkour's claim, as it is an element that plaintiff must show to establish a prima facie case of retaliation under either § 1981 or ADA. Consequently, based on the record before the Court, Azkour has failed to allege enough facts to state a claim of retaliation under either § 1981 or ADA, that is plausible.

## RECOMMENDATION

For the foregoing reasons, I recommend that your Honor: (1) grant the defendants' partial motion to dismiss, Docket Entry No. 95, respecting Azkour's ADA claim for intentional discrimination and his § 1981 and ADA retaliation claims; and (2) deny that motion as it relates to Azkour's § 1981 intentional discrimination claim.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 40 Centre Street, Room 2104, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York 10007. *Any requests for an extension of time for filing objections must be directed to Judge Sullivan. Failure to file objections within fourteen (14) days will result in a waiver of objections and will*

*preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO

Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298,

300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v.

Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York                    Respectfully submitted,
      June 28, 2013

                                                       *Kevin Nathaniel Fox*
Mailed copy to:                              KEVIN NATHANIEL FOX
                                               UNITED STATES MAGISTRATE JUDGE

Hicham Azkour

-15-