UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Hicham Azkour,

        *Plaintiff*,

-v-

Jean-Yves Haouzi, Franck Macourt,
Jessica Comperiati, Little Rest Twelve, Inc.,
Sheldon Skip Taylor, Esq. and the Law Offices
of Sheldon Skip Taylor,

        *Defendants*.

------------------------------------------------------------X

11 Civ. 5780 (RJS)(KNF)

DEFENDANTS' OBJECTION TO
THE REPORT AND
RECOMMENDATION OF
MAGISTRATE JUDGE FOX

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, defendants Jean-Yves Haouzi, Franck Macourt, Jessica Comperiati, Sheldon Skip Taylor, Esq., Law Offices of Sheldon Skip Taylor and Little Rest Twelve, Inc. hereby submit their written objections to the Report and Recommendation of Magistrate Judge Fox dated June 28, 2013 partially granting defendants' motion to dismiss the third amended complaint herein.

PRELIMINARY STATEMENT

Azkour's third amended complaint alleges fourteen (14) causes of action against Little Rest Twelve, Inc., three of its individual managers and its former attorney for race and natural origin discrimination, retaliation, age discrimination, disability discrimination and retaliation, conspiring to violate his civil rights, negligent failure to prevent such a conspiracy, defamation and the intentional infliction of emotional distress – all in connection with his 17 weeks of employment at Ajna Bar, a restaurant in New York City. Azkour alleges these claims notwithstanding his admission that he had already resigned and left his employment at Ajna Bar *before* the individuals named as defendants assumed control of the restaurant.

On November 5, 2012 Azkour filed a notice of partial dismissal pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P. dismissing all but five of the causes of action alleged in the third amended complaint. See Docket Entry No. 92.

On December 3, 2012 defendants filed a motion pursuant to Fed. R. Civ. P. 12(b)(6), seeking to dismiss the causes of action from the third amended complaint remaining after Azkour's voluntary partial dismissal.

Azkour's remaining claims (and the subject of the motion to dismiss) include (1) a claim for intentional employment discrimination based on his Arab race under 42 U.S.C. §1981; (2) retaliation under 42 U.S.C. §1981; (3) employment discrimination under the Americans with Disabilities Act ("ADA"); and (4) retaliation under the ADA.

In his Report and Recommendation Magistrate Judge Fox determined that Azkour did not properly voluntarily dismiss the bulk of his third amended complaint, and has apparently restored those claims to the Court's docket.

Magistrate Judge Fox has also recommended dismissal of Azkour's ADA, Section 1981 retaliation and ADA retaliation claims, but determined that Azkour has successfully articulated a "plausible" cause of action for intentional employment discrimination under 42 U.S.C. §1981 in his third amended complaint.

Defendants respectfully contend that Magistrate Judge Fox clearly erred in determining that Azkour did not properly interpose his November 5, 2012 notice of voluntary dismissal of the bulk of the causes of action set forth in the third amended complaint. As set forth below, Azkour's notice of partial dismissal was in complete conformance with the Federal Rules and was not inconsistent with any prior order issued by Magistrate Judge Fox. As such, the Court should recognize and confirm Azkour's voluntary dismissal of these claims.

Defendants further content that Magistrate Judge Fox erred in finding that the allegations of the third amended complaint set forth a cognizable claim of intentional employment discrimination against defendants under 42 U.S.C. §1981.

POINT ONE
PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WAS PROPERLY FILED AND DID NOT VIOLATE MAGISTRATE JUDGE FOX'S PRIOR ORDER

The history of this case as well as Azkour's companion FLSA lawsuit against Little Rest Twelve, Inc. (Index No. 10 Civ. 4132) is tortured and replete with excessive and voluminious pleadings and communications by Mr. Azkour.

For this reason, and quite understandably, Magistrate Judge Fox directed the parties, during a telephone conference held on May 1, 2012, not to file any new *motions* without first making a written request to him for permission to do so.

Azkour filed a number of motions on November 5, 2012 for which he had not previously sought Magistrate Judge Fox's permission to make. His motions were accompanied by a "Notice of Voluntary Partial Dismissal" in which Azkour gave notice that pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) he was voluntarily dismissing "all claims against defendants Sheldon Skip Taylor, Esq., and Law Offices Sheldon Skip Taylor, all claims brought under 42 U.S.C. § 2000-e *et seq.* (Title VII of the Civil Rights Act of 1991 ("Title VII")), 29 U.S.C. § 621 *et seq.* (Age Discrimination in Employment Act ("ADEA")), 42 U.S.C. § 1985, and 42 U.S.C. § 1986 against defendants Little Rest Twelve, Inc., ("Little Rest Twelve"), Jean-Yves Haouzi ("Haouzi"), Franck Maucort ("Maucort"), and Jessica Comperiati ("Comperiati"), his defamation claim, his intentional infliction of emotional distress claim and the discrimination claims brought under § 296.1(a) and § 296.1(e) of the New York State Human Rights Law ("NYHRL")." See Docket Entry No. 92.

As of November 5, 2012 defendants had not yet answered or moved to dismiss Azkour's third amended complaint. Accordingly, pursuant to Rule 41(a)(1)(A)(i) Azkour did *not* require a Court Order or judicial permission to voluntarily withdraw all or a portion of his third amended complaint. See Fed. R. Civ. P 41(a)(1)(A)(i). Whenhe filed his notice on November 5, 2012, the causes of action identified in the notice were in fact dismissed as a matter of law.

In his Report and Recommendation, at footnote 2, Magistrate Judge Fox concluded that by virtue of his May 1, 2012 direction that the parties seek prior permission before filing any motions, Azkour's November 5, 2012 notice of voluntary partial dismissal was a nullity and did not effectuate the dismissal of the claims listed in Azkour's notice.

Believing that Azkour's voluntary dismissal (occurring at a time when no Court order or judicial permission was required) was indeed effective, defendants did not address the "dismissed" claims in its motion to dismiss.

Having determined that Azkour's notice of voluntary partial dismissal was ineffective and a nullity because he did not seek prior permission, Magistrate Judge Fox apparently has purported to resurrect the "dismissed" causes of action and has reinstated them to the Court's docket.

We respectfully contend that Magistrate Judge Fox erred in determining that Azkour's notice of voluntary partial dismissal was ineffective. Magistrate Judge Fox's May 1, 2012 order applied to "motions" to be made before him. Azkour's notice of dismissal, however, was not in fact a "motion" as it did not require any judicial action or intervention. Rather, as Rule 41(a) makes clear, Azkour had an unfettered right to voluntarily dismiss all or some of the claims alleged in his third amended complaint. It is well established that Rule 41(a)(1)(A)

gives plaintiffs an unconditional right to dismiss their complaint by notice any time prior to service of an answer or motion for summary judgment. Courts have no power or discretion to dismiss or to attach any condition or burden to that right. *Carter v. United States*, 547 F. 2d 258, 259 (5th Cir. 1977). A suit dismissed by a plaintiff under Rule 41(a) is treated as if it was never filed. *Beck v. Caterpillar, Inc.*, 50 F. 3d 405, 407 (7th Cir. 1995).`

For this reason, Magistrate Judge Fox's order requiring advance permission for the filing of motions could not have applied to or delimited Azkour's right to voluntarily dismiss portions of his third amended complaint. We respectfully request that the Court reject Magistrate Judge Fox's recommendation, and instead confirm Azkour's voluntary partial dismissal of his third amended complaint.

## POINT TWO
## THE THIRD AMENDED COMPLAINT DOES NOT SET FORTH A COGNIZABLE CLAIM OF INTENTIONAL EMPLOYMENT DISCRIMINATION UNDER SECTION 1981

There is no dispute that Azkour had resigned from Ajna Bar and ended his employment there *before* the defendants herein took control of the restaurant. As Magistrate Judge Fox also noted, defendants contend and Azkour does not dispute that he did not even apply for a job at Ajna Bar after the defendants assumed management of the business.

Nevertheless, Azkour has attempted to set forth a claim of intentional discrimination against defendants in the third amended complaint alleging that they interfered with his right to enforce an employment contract at Ajna Bar on account of his Arab race.

In their motion to dismiss, defendants argued that Azkour's allegation did not make out a claim of employment discrimination under Section 1981 because there was never any employer-employee relationship between Azkour and the defendants at the time the actions he complains about occurred.

In his Report and Recommendation, Magistrate Judge Fox found that Azkour satisfied the pleading requirement of Section 1981 that a plaintiff demonstrate that the alleged discrimination concerned his right to "make and enforce" contracts by virtue of his contention that defendands "among other things refusing to provide him with a letter of reference." See Report and Recommendation at page 10.[1]

Defendants contend that Magistrate Judge Fox erred in concluding that Azkour's allegation that defendants refused to provide him with a letter of reference after the conclusion of his employment satisfies the pleading requirement for employment discrimination under Section 1981. Azkour was not defendants' employee at the time of any of the actions described in the third amended complaint. Azkour has not pled, and Magistrate Judge Fox has not identified the source of any purported legal obligation on the part of a former employer to provide a terminated employee with a letter of reference.

As such, Azkour's allegations do not establish that the discriminatory intent he attributes to defendants concerned his right to make and enforce contracts within the meaning of Section 1981.

Dated: New York New York
July 2, 2013

---

[1] Magistrate Judge Fox, at page 10 of his Report and Recommendation, states that "the defendants do not contest Azkour's allegation that he was denied a letter of reference." We do not understand from where Magistrate Judge Fox derived this conclusion as defendant has not yet answered the third amended complaint. In truth, defendants unquestionably and vigorously deny that they were ever requested by Azkour to provide him with a letter of reference.

Respectfully submitted,

HOFFMANN & ASSOCIATES

By: _____
Andrew S. Hoffmann, Esq.
*Attorneys for Defendants Jean-Yves Haouzi, Franck Macourt, Jessica Comperiati, Sheldon Skip Taylor, Esq., Law Offices of Sheldon Skip Taylor and Little Rest Twelve, Inc.*
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel (212) 679-0400
Fax (212) 679-1080

TO: **MR. HICHAM AZKOUR**
Plaintiff *Pro Se*
127 W. 25th Street
New York, NY 10001