UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HICHAM AZKOUR, *Plaintiff,* v. JEAN-YVES HAOUZI, *ET AL., Defendants.* | Civil Action No. 11-civ-5780 (RJS)(KNF) |

**PLAINTIFF'S OBJECTION TO THE REPORT & RECOMMENDATION OF THE HON. KEVIN N. FOX, PARTIALLY DISMISSING HIS THIRD AMENDED COMPLAINT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 7-19-13

HICHAM AZKOUR, pro se
93 Pitt Street, Apt. 3B
New York, New York 10002

Telephone: (212) 390-0764
Email: hicham.azkour@gmail.com

Pursuant to 28 U.S.C. 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, HICHAM AZKOUR, (hereinafter referred to as "Plaintiff"), pro se, objects to the Report and Recommendation ("Report") of the Hon. Kevin N. Fox, U.S.M.J, recommending to the Hon. Richard J. Sullivan, U.S.D.J., to dismiss Plaintiff's claim of discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.* and his claims of retaliation under both ADA and 42 U.S.C. § 1981. *See* Docket Entry No. 105.

Moreover, Plaintiff's present objection also answers some of the defendants' ("Defendants") concerns as they articulate legally unfounded and deceptive arguments regarding the aforementioned Report, to which they objected on or about July 2, 2013. Docket Entry No. 106.

Specifically, Plaintiff disagrees with Defendants' attempt to dismiss the *entire* Third Amended Complaint while addressing *only* the four causes of action brought by Plaintiff's proposed Fifth Amended Complaint. *See* proposed amendment attached to Docket Entry No. 92. A review of The Third Amended Complaint reveals that it contains 14 causes of action.

I- OBJECTION TO THE REPORT

In the Report, the Hon. Fox finds that, based upon the record before the Court, Plaintiff's Third Amended Complaint contains factual allegations of intentional discrimination as proscribed by 42 U.S.C. § 1981, which are sufficient to state a claim to relief that is plausible on its face. *See* Docket

2

Entry No. 105 at pages 10 and 11. Specifically, the Hon. Fox finds that the Third Amended Complaint articulates a claim of discrimination because Plaintiff alleges, *inter alia*, that Defendants discriminated against him by interfering with his rights to enforce an employment contract and to enter into new employment contracts, "on account of his race (Arab)," by, among other things, refusing to provide him a letter of reference.

Inasmuch as the Hon. Fox finds that refusal to provide Plaintiff with a post-employment letter of reference constitutes an act of intentional discrimination with respect to the contract impairment clause of 42 U.S.C. § 1981, he should have also found that the same act is an act of retaliation. *See Pantchenko v. C. B. Dolge Co.,* 581 F.2d 1052 (2d Cir. 1978) (plaintiff states cause of action by alleging that former employer failed to furnish letters of recommendation in *retaliation* for filing discrimination charges with Equal Employment Opportunity Commission)(emphasis added). The Third Amended Complaint alleges that Defendants retaliated against Plaintiff because they have heretofore denied him a letter of reference following his filing of two discrimination charges against them with the Equal Employment Opportunity Commission.

In their objection to the Report, Docket Entry No. 106 at pages 5 and 6, Defendants contend that Plaintiff can neither allege discrimination nor retaliation because, at the time of the alleged acts, Defendants did not employ Plaintiff and he did not apply for any job with them. This, nevertheless, does not change the fact that retaliation occurred when Plaintiff was denied a letter of reference, even though Defendants no longer employed him. *See Charlton v. Paramus Bd. of Educ.,* 25 F.3d 194, 201 (3d Cir. 1994), *cert. denied,* 513

3

U.S. 1022 (1994) ("an employee may file a retaliation action against a previous employer for retaliatory conduct occurring after the end of the employment relationship when the retaliatory act is in reprisal for a protected act ... and *arises out of or is related to the employment relationship.*"); Pantchenko, 581 F.2d at 1055 ("the statute prohibits discrimination *related to or arising out of an employment relationship,* whether or not the person discriminated against is an employee at the time of the discriminatory conduct.") (Emphases added). The *Pantchenko* Court opined:

> The foregoing interpretation of the term "employee" as used in § 2000e-3(a) has been adopted by the Tenth Circuit in *Rutherford v. American Bank of Commerce,* 565 F.2d 1162 (10th Cir. 1977), which had not been decided at the time of the district court's decision in this case. See also *Dunlop v. Carriage Carpet Co.,* 548 F.2d 139 (6th Cir. 1977), construing the term "employee" as used in the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), as including a former employee. We are persuaded by the *Rutherford* courts reasoning and find *Dubnick v. Firestone Tire & Rubber Co. of California,* 355 F.Supp. 138 (E.D. N.Y.1973), cited by Judge Newman and relied upon by Dolge, to be clearly distinguishable. There the court held that a former employer's unfavorable post-employment letters, while possibly relevant to charges of discriminatory conduct during the period of the plaintiff's earlier employment, could not be transformed into additional causes of action when they had not been alleged in the complaint. Here, in contrast, appellant's complaint clearly alleges that Dolge refused to provide her with post-employment reference letters in retaliation for her earlier filing of an employment discrimination charge with the EEOC.

*Pantchenko,* 581 F.2d at 1055.

4

The Second Circuit has held that federal anti-discrimination statutes prohibit "discrimination related to or arising out of employment relationships whether or not the person discriminated against is an employee at the time of the discriminatory conduct." *Pantchenko,* 581 F.2d at 1052. In *Pantchenko,* the Court defined "employee" to include former employees in order to give effect to the statute's purpose of furnishing "a remedy against an employer's use of discrimination in connection with a prospective, present or past employment relationship to cause harm to another." *Id.* at 1055; *see also Silver v. Mohasco Corp.,* 602 F.2d 1083, 1090 (2d Cir.1979) (former employees fall within the broad remedial scope of Title VII). Because Plaintiff complained to the Equal Employment Opportunity Commission about discrimination and Title VII would permit plaintiff to maintain a retaliation claim against Defendants, Plaintiff may as well properly assert a claim of retaliation against them under § 1981.

The Second Circuit analyzes claims of retaliation under both § 1981 and Title VII by using the familiar three-part burden shifting analysis first set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254-55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). In order to make out a prima facie case of retaliation, a plaintiff must show by a preponderance of the evidence i) participation in a protected activity known to the defendant; ii) an employment action disadvantaging the plaintiff; and iii) a causal connection between the protected activity and the adverse employment

5

action. *See Kotcher v. Rosa and Sullivan Appliance Center, Inc.*, 957 F.2d 59, 64 (2d Cir. 1992) (citing *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir.1991)).

The interpretation of retaliation in light of *Pantchenko* will hardly brand this Court a maverick; indeed, the majority of all other circuits' approaches remain similar to the one adopted by the Second Circuit in *Pantchenko*. Most courts of appeals ruled that the section's protection extends to those employees no longer actively engaged in working for the retaliating employer. *EEOC v. J.M. Huber Corp.*, 927 F.2d 1322, 1331 (5th Cir.1991) (*citing EEOC v. Cosmair, Inc., L'Oreal Hair Care Div.*, 821 F.2d 1085, 1088 (5th Cir.1987)); *Bailey v. USX Corp.*, 850 F.2d 1506, 1509-10 (11th Cir.1988); *O'Brien v. Sky Chefs, Inc.*, 670 F.2d 864, 869 (9th Cir.1982), *overruled on other grounds by Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1481-82 (9th Cir.1987) (en banc); *Rutherford v. American Bank of Commerce*, 565 F.2d 1162, 1165 (10th Cir.1977). *See also EEOC v. Ohio Edison Co.*, 7 F.3d 541 (6th Cir.1993) (former employee may state a claim under Section 704(a) on something akin to an agency theory where offer of reinstatement is withdrawn in retaliation for the actions of another employee — the plaintiff's husband — in protesting his wife's discharge). Still another circuit has construed the nearly identical anti-retaliation provision of the Age Discrimination in Employment Act to apply to former employees. *See Passer v. American Chem. Soc'y*, 935 F.2d 322, 330-31 (D.C.Cir. 1991).

For the reasons set forth above, Plaintiff respectfully requests that the Court reinstate his § 1981 retaliation claim.

II- <u>ANSWER TO DEFENDANTS' OBJECTION</u>

On July 2, 2013, Defendants objected to the Report on the basis that (1) the Hon. Fox erred in reinstating claims that were allegedly voluntarily dismissed by Plaintiff, and (2) on the basis that he erred in finding that Plaintiff's articulated a discrimination claim upon which relief can be granted. *See* <u>Docket Entry No. 106.</u>

Plaintiff will not address Defendants' second point of contention that the Hon. Fox erred in finding that the Third Amended Complaint alleges a claim of retaliation upon which relief can be granted. Except for baldly contending that the Hon. Fox of erred, <u>Docket Entry No. 106 at pages 5 and 6</u>, Defendants did not advance an iota of evidence or legal argument supporting their frivolous contentions.

However, in the first point of their objection to the Report, Defendants contend that the Hon. Fox clearly erred in determining that Plaintiff did not "properly interpose his November 5, 2012 notice for voluntary dismissal of the bulk of the causes of action set forth in the third amended complaint."

Plaintiff disagrees with Defendants on their first point and believes that the Report's findings are correct as to the reinstatement of claims that Defendants did not seek to address or dismiss when they submitted their motion to dismiss.

In support of his argument, Defendants' counsel cites *Carter v. United States,* <u>547 F.2d 258, 259 (5th Cir.1977)</u> and *Beck v. Caterpillar, Inc.,* <u>50 F.3d</u>

7

405, 407 (7th Cir. 1995) ("suit was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a), and is treated as if it had never been filed").

In *Carter*, plaintiff Albert H. Carter, pro se, filed suit against the United States and various government officials, seeking to expunge all records of his earlier perjury conviction. Defendants filed a motion to dismiss the complaint and a supporting memorandum. Before the court ruled on the motion, plaintiff filed his own motion to dismiss. The motions differed in that the plaintiff's dismissal was without prejudice, whereas the defendants sought adjudication on the merits. The court in *Carter* granted the defendants' motion, writing an opinion in support of its view that plaintiff's lawsuit was meritless. The defendants complained to the court that they expended considerable effort in preparing their motion to dismiss, and they argued that their dismissal motion should therefore be treated as the equivalent of an answer. The court in *Carter* countered by advising that the defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Rule 41(a)(1) may do so by taking the simple step of filing an answer. Unfortunately, what makes Defendants' counsel's citation irrelevant within the voluntary dismissal context of his objection, is the *Carter* court's literal interpretation of the word "action" in Rule 41(a)(1):

> We have consistently held that rule 41(a)(1) *means what it says. See Williams v. Ezell*, 531 F.2d 1261 (5th Cir. 1976); *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters,* 506 F.2d 914 (5th Cir.), cert. denied, 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975); *Plain Growers, Inc. v. Ickers-Braun Glass, Inc.,* 474 F.2d 250, 252-54 (5th Cir. 1973); *Nix v. Machinists Lodge No. 2,* 452 F.2d 794, 797-98 (5th Cir. 1971), cert. denied, 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332

(1972)(emphasis added).

*Carter v. United States,* 547 F.2d 258, 259 (5th Cir.1977).

On the other hand, in *Beck*, plaintiff James Beck, a UAW member and former employee of Caterpillar, Inc., was "separated" from his employment with Caterpillar in April 1989. When Caterpillar denied his grievance and the UAW refused to proceed to arbitration, plaintiff Beck filed a hybrid suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, contending that Caterpillar violated the collective bargaining agreement when it terminated his employment, and that the Union breached its duty of fair representation. Plaintiff Beck subsequently stipulated to a voluntary dismissal of his complaint without prejudice pursuant to Fed. R. Civ. P. 41(a). A year later, and more than four and a half years after his separation from employment, plaintiff Beck re-filed his complaint in a federal district court in Illinois. Caterpillar and the UAW moved for summary judgment on the ground that the plaintiff's complaint was barred by the applicable six-month statute of limitations, 29 U.S.C. § 160(b). The district court granted the defendants' motions, *Beck v. Caterpillar, Inc.,* 855 F.Supp. 260 (C.D.Ill.1994), and plaintiff appealed. The United States Court of Appeals for the Seventh Circuit affirmed the district court's judgment.

In the context of Defendants' argument, relying on *Beck* does not change the fact that Rule 41(a)(1) refers to "action", and not "claim" or "claims". According to *Beck*, when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice. *E.g., Duffy v. Ford Motor Co.,* 218 F.3d 623, 629 (6th Cir.2000); *Hatchet v.*

9

*Nettles,* 201 F.3d 651, 652-53 (5th Cir.2000) (per curiam).

So, the questions presented by *Carter, Beck,* and the Defendants' counsel's awkward reliance on these inconsequential cases, is whether Rule 41(a)(1) allows a plaintiff to dismiss, without a court order, *fewer* than *all* claims against *all* defendants or whether the rule is limited to dismissals of a *few* claims against a *few* defendants. Can the rule be extended to allow the dismissal of *all* claims against a *few* defendants, so that a defendant may be dismissed from the entire action or is the rule limited to the dismissal of the entire controversy?

The answer to this question turns on the interpretation of the word "action" in Rule 41(a)(1), and whether it refers to the entire controversy against *all* the defendants, or to the entirety of claims against any single defendant. Circuits are divided on the question. *Compare Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,* 474 F.2d 250, 253-55 (5th Cir.1973) (plaintiff is entitled to a dismissal against one defendant under Rule 41(a)(1), "even though the action against another defendant would remain pending.") *with Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105, 108 (2d Cir.), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'").

The interpretation of the Second Circuit is clear in *Harvey Aluminium.* Rule 41(a)(1) is about the entire action.

The First, Third, and Eighth circuits agree with the Fifth. *See Cabrera*

10

*v. Municipality of Bayamon*, 622 F.2d 4, 6 (1st Cir.1980); *Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir.), *cert. denied*, 326 U.S. 786, 66 S.Ct. 470, 90 L.Ed. 477 (1945); *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir.1966). Only the Second and Sixth circuits disagree. *See Harvey Aluminum, supra; Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir.), *cert. denied*, 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961).

"[T]he Rule speaks of voluntary dismissal of 'an action', not a claim." *State Treasurer v. Barry,* 168 F.3d 8, 19 n. 9 (11th Cir.1999). Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Barry,* 168 F.3d at 19 n. 9 ("Most likely, the proper way to drop a claim without prejudice is to amend the complaint under Rule 15(a)."); *Ryan v. Occidental Petroleum Corp.,* 577 F.2d 298, 302 n. 2 (5th Cir.1978) ("Rule 41(a) speaks of dismissal of an action, and the plaintiff's elimination of a fragment of an action ... is more appropriately considered to be an amendment to the complaint under Rule 15.").

Rule 41(a)(1)(A)(i) confers upon a plaintiff an unfettered right to dismiss its *action,* provided no answer or motion for summary judgment has been filed by an opposing party, pleadings which do not include motions to intervene. "A motion to intervene should not affect the plaintiff's right to dismiss as of right. Such a motion is neither an answer nor a motion for summary judgment, and since the proposed intervenor does not become a party to the action until the court grants the motion to intervene, *the pleading accompanying the intervention motion* should not be considered as one

served by an opposing party under Rule 41(a)(1)(A)(i)." 8 *Moore's Federal Practice,* § 41.35[5][c][H] (3d ed. 2008) (emphasis added). The court may not concern itself with the reasons why a plaintiff chose to voluntarily dismiss his complaint, *see Thorp v. Scarne,* 599 F.2d 1169, 1177 n. 10 (2d Cir. 1979) ("As long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge.").

To recapitulate, Rule 41(a) permits voluntary dismissal an action, meaning the totality of all component claims asserted against a single defendant, by 1(i) unilateral notice, (1)(ii) by stipulation, or (2) by court order. *See* Fed. R. Civ. P. 41(a). Pursuant to Rule 41(a)(1)(i), voluntary dismissal by filing of a dismissal notice prior to defendant's service of an answer is effective, in the absence of any action by the court. Rule 41(a)(1)(i) specifically requires the "filing" of the notice of dismissal, and it is upon filing that the notice becomes immediately effective. *Id.* at § 41.33[5][a]. Dismissal by notice is without prejudice to the commencement of another action based on the same claim, and leaves matters as if no action were ever filed. *Id.* at § 41.33[6][b]. *See Fernandez v. Southside Hospital,* 593 F.Supp. 840, 842 (E.D.N.Y.1984) (defendants not entitled to attorney's fees when plaintiffs dismissed suit).

Consequently, even construing Plaintiff's notice of dismissal as a motion for dismissal, this Court or Judge Fox are not empowered to dismiss only a *few* claims against *all* defendants under Rule 41.

However, a plaintiff wishing to eliminate some but not all claims or issues from the action should amend the complaint under Fed. R. Civ. P. 15(a), rather than dismiss under Fed. R. Civ. P. 41(a). In many instances the

procedure for, and effect of, an amendment will be the same as a voluntary dismissal under 41(a)(1) because of the similarities between the governing rules. *Id.* For example, both rules may be invoked as of right before the service of an answer, or responsive pleading by the opposing party. Furthermore, both rules require that leave be granted freely unless the defendant is prejudiced. Moreover, the Second Circuit has suggested that the choice of rules is immaterial. *See Wakefield v. Northern Telecom, Inc.,* 769 F.2d 109, 114 (2d Cir.1985) (stating that it is clear that a district court may permit withdrawal of a claim under Rule 15, subject to the same standard of review as a withdrawal under Rule 41(a)).

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Second Circuit has held that a court may "permit a withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." *Wakefield,* 769 F.2d at 114 n.4 (internal citation omitted); *see also Coultrip v. Pfizer, Inc.,* 06 Civ. 9952, 2011 WL 1219365, at *6 (S.D.N.Y. Mar. 24, 2011) ("The standard for permitting an amendment withdrawing a claim is the same as for voluntarily dismissing an action under Rule 41(a) of the Federal Rules of Civil Procedure."). Under Rule 41, the court should allow a voluntary dismissal "if the defendant will not be prejudiced thereby." *Cantanzano v. Wing,* 277 F.3d 99, 109 (2d Cir. 2001) (quoting *Wakefield,* 769 F.2d at 114). The Second Circuit has identified factors to be considered in deciding whether to grant a motion to dismiss a claim without prejudice: "(1) the plaintiffs diligence in bringing the motion, (2) any undue vexatiousness on the plaintiffs part, (3) the extent to which the suit

13

has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiffs explanation for the need to dismiss." *Kwan v. Schlein,* 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990)).

It is clear that none of the above five factors are met in the present action. In fact, Defendants have heretofore encouraged amendments.

Finally, although Rule 41 speaks in terms of 'actions,' the plaintiff may dismiss less than the entire action pursuant to Rule 41 — that is, the plaintiff may dismiss its claims as to some but not all defendants. *See Mutual Benefit Life Ins. Co. in Rehabilitation v. Carol Management Corp.,* No. 93 Civ. 7991, 1994 WL 570154 (S.D.N.Y. Oct. 13, 1994); *Baksh v. Captain,* No. 99 Civ. 1806, 2000 WL 33177209 (E.D.N.Y. Dec. 11, 2000).

Because the Hon. Fox *terminated* the pleading located at Docket Entry No. 92, Defendants' entire argument is without merit. The Hon. Fox did not err when he decided to reinstate the remaining claims - which were not dismissed - to the docket. Defendants' should have addressed all 14 causes of action in the Third Amended Complaint or should have simply answered the Third Amended Complaint. As the court in *Carter* advised, the defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Rule 41(a)(1) may do so by taking the simple step of filing an answer.

## III- <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that the Court (1) grant Defendants' partial motion to dismiss, <u>Docket Entry No. 95</u>, respecting Plaintiff' ADA claim for intentional discrimination and his ADA retaliation claim; and (2) deny that motion as it relates to Plaintiff's § 1981 intentional discrimination *and* retaliation claims.

Respectfully submitted on July 19, 2013

By:   HICHAM AZKOUR, pro se

_____

*[signature]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing PLAINTIFF'S OBJECTION TO THE REPORT & RECOMMENDATION OF THE HON. KEVIN N. FOX, PARTIALLY DISMISSING HIS THIRD AMENDED COMPLAINT, has been served upon the defendants' attorney of record on this 19th day of July 2013, VIA ECF/MAIL:

Andrew S. Hoffmann, Esq.

450 Seventh Avenue, Suite 1400

New York, New York 10123

Dated: July 19, 2013

By: HICHAM AZKOUR, pro se

HICHAM AZKOUR

93 Pitt Street, Apt. 3B

New York, New York 10002

Telephone: (212) 390-0764

Email: hicham.azkour@gmail.com