UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-1-13
```

HICHAM AZKOUR,

                Plaintiff,

-v-

JEAN-YVES HAOUZI, *et al.*,

                Defendants.

No. 11 Civ. 5780 (RJS) (KNF)
ORDER ADOPTING REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

    Hicham Azkour ("Plaintiff"), proceeding *pro se*, brings this action against Jean-Yves Haouzi, Jessica Comperiati, Frank Maucourt, and Little Rest Twelve, Inc. (the "LRT Defendants"); and Sheldon Skip Taylor and the Law Offices of Sheldon Skip Taylor (the "Taylor Defendants" and, with the LRT Defendants, "Defendants"), alleging, *inter alia*, violations of 42 U.S.C. § 1981 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.* Now before the Court is the Report and Recommendation (the "Report") of the Honorable Kevin Nathaniel Fox, Magistrate Judge, recommending that the Court grant in part and deny in part Defendants' motion to dismiss Plaintiff's ADA and § 1981 claims. For the reasons set forth below, the Court adopts the Report but gives effect to the notice of voluntary partial dismissal filed by Plaintiff on November 5, 2012.

I. BACKGROUND

    After initiating this action on August 8, 2011 (Doc. No. 2), Plaintiff filed his Third Amended Complaint ("TAC") on February 2, 2012 (Doc. No. 40).[1] The TAC alleges fourteen causes of action against Defendants for discrimination on the basis of race, national origin,

---

[1] In the intervening time, the Court referred this action to Judge Fox. (Doc. No. 9.)

disability, and age; retaliation; conspiring to violate Plaintiff's civil rights; negligent failure to prevent such a conspiracy; defamation; and intentional infliction of emotional distress. On November 5, 2012, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), dismissing all claims against the Taylor Defendants and purporting to dismiss some but not all claims against the LRT Defendants. (Doc. No. 92.) On December 3, 2012, Defendants moved to dismiss the TAC. (Doc. No. 95.) On December 7, 2012, Plaintiff filed a document styled as an "Opposition to Defendants' Motion to Dismiss & Plaintiff's Memorandum of Law in Support of His Motion for Judgment on the Pleadings as to Defendants' Liability & Monetary Damages."[2] (Doc. No. 98.) Defendants did not file a reply.

Judge Fox issued the Report on June 28, 2013. (Doc. No. 105.) In the Report, Judge Fox recommends that the Court (1) grant Defendants' motion to dismiss Plaintiff's claims of discrimination under the ADA and retaliation under both the ADA and § 1981, and (2) deny Defendants' motion with respect to Plaintiff's claim for race and national origin discrimination under § 1981. In addition, Judge Fox made clear that he refused to give effect to Plaintiff's Rule 41(a) notice of voluntary dismissal because that filing violated his prior order barring the parties from filing any motions without first making a written request for permission to do so. Acknowledging that Defendants evidently relied upon Plaintiff's Rule 41(a) notice in drafting their motion, which addressed only those claims that Plaintiff did not purport to voluntarily dismiss, Judge Fox observed that Defendants' motion was only a partial motion to dismiss.

On July 2, 2013, Defendants filed objections to Judge Fox's Report. (Doc. No. 106.) They argue that because Rule 41(a)(1) permits a plaintiff to "dismiss an action *without a court order*," Fed. R. Civ. P. 41(a)(1)(A) (emphasis added), Judge Fox should not have treated

---

[2] Plaintiff has not in fact filed a motion for judgment on the pleadings, which would in any event be improper given that the pleadings are not yet closed in this matter, *see* Fed. R. Civ. P. 12(c), and that Plaintiff did not secure Judge Fox's permission to file such a motion, as Judge Fox had ordered (*see* Report at 4 n.2). Accordingly, the Court will consider Plaintiff's filing only as an opposition to Defendants' motion to dismiss.

2

Plaintiff's voluntary dismissal pursuant to Rule 41(a)(1) as a *motion* for which he had to obtain permission prior to filing. In addition, Defendants contend that it was incorrect of Judge Fox to find that Plaintiff had adequately stated a § 1981 discrimination claim because, at the time the alleged discrimination occurred, Plaintiff had no active employment relationship with Defendants.

On July 19, 2013, Plaintiff filed his objections to the Report. (Doc. No. 111.) Although the bulk of Plaintiff's submission is actually dedicated to defending the Report against Defendants' objections, Plaintiff takes issue with the Report's recommendation that the Court dismiss his retaliation claims. Plaintiff argues, in conclusory fashion, that inasmuch as Judge Fox found that Defendants' refusal to provide Plaintiff with a letter of reference supported a claim of discrimination, he should have found that it supported claims of retaliation as well.

## II. LEGAL STANDARD

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake a de novo review of the plaintiff's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). *Pro se* filings are read liberally and interpreted "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). However, where objections are "conclusory or general," or where the plaintiff "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)

3

(quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at * 1 (S.D.N.Y. May 23, 2008).

### III. DISCUSSION

#### A. § 1981 Discrimination

Defendants argue that Plaintiff cannot bring a claim for discrimination pursuant to 42 U.S.C. § 1981 because, at the time of the alleged discrimination, he no longer worked for Defendants. It is well-established, however, that anti-discrimination statutes protect former as well as current employees from "discrimination related to or arising out of an employment relationship." *Pantchenko v. C. B. Dolge Co.*, 581 F.2d 1052, 1055 (2d Cir. 1978) (interpreting Title VII of the Civil Rights Act of 1964); *see also Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) (holding that because terminated employees "have tangible *future* employment objectives, they may state a claim for retaliation under the Age Discrimination in Employment Act, "even though they are no longer employed by the defendant company, if, for example, the company . . . wrongfully refuses to write a recommendation to prospective employers"). Nothing about 42 U.S.C. § 1981 suggests its protections apply any differently. The statute protects the equal right "to *make* and enforce contracts." 42 U.S.C. § 1981 (emphasis added). Defendants would have the Court read the term "make" out of the statute by holding that § 1981 applies only to *existing* employment relationships – where the issue is not making a contract but rather enforcing it. The Court declines to do so. Plaintiff's allegations that Defendants interfered with his right to make a new employment contract by unlawfully denying him a reference letter and by giving prospective employers negative reports therefore are sufficient to state a claim for discrimination under § 1981.[3] *Cf. Wanamaker*, 108 F.3d 462, 466

---

[3] In any event, the Court also notes that allegations in the TAC support a plausible inference that Defendants interfered with Plaintiff's efforts to *enforce* his prior employment contract by unlawfully denying his request for full

4

(recognizing that a terminated employee "may have tangible *future* employment objectives" that are entitled to protection against discrimination). Accordingly, having reviewed Defendants' objection under the *de novo* standard, the Court finds that Judge Fox was correct to recommend that Defendants' motion to dismiss this claim be denied.

## B. Retaliation

Plaintiff objects to the Report's recommendation that the Court dismiss his claims for retaliation under both § 1981 and the ADA. To establish a *prima facie* case of retaliation under either statute, a plaintiff must show (1) that he participated in protected activity; (2) that the defendant knew of the protected activity; (3) that defendant undertook an adverse employment action against the plaintiff; and (4) a causal connection between the protected activity and the adverse employment action. *See Weixel v. Bd. of Educ.*, 287 F.3d 138, 148 (2d Cir. 2002); *Callahan v. Consol. Edison Co. N.Y., Inc.*, 187 F. Supp. 2d 132, 138 (S.D.N.Y. 2002). In this case, Judge Fox found that, although Plaintiff clearly engaged in protected activity by filing a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), the TAC contained no allegation "that would support a finding that the defendants in the instant action of knew of the EEOC charge(s)." (Report at 14.)

Plaintiff's objections fail to identify any allegations or legal arguments that undermine Judge Fox's analysis. Plaintiff simply asserts that Defendants' refusal to give him a reference letter constitutes an act of retaliation. That is a legal conclusion and does not demonstrate, in any way, how Plaintiff's claims of retaliation were sufficiently pled. Accordingly, the Court reviews the Report for clear error and, finding none, adopts the Report's recommendation that Plaintiff's claims of retaliation under § 1981 and the ADA must be dismissed.

---

backpay on the basis of his race. (*See* TAC ¶¶ 48–53.)

5

C.  Voluntary Dismissal

The parties devote considerable space in their respective objections to arguing over Judge Fox's handling of the notice of voluntary dismissal Plaintiff filed on November 5, 2012. In brief, Defendants argue that, given the posture of the case, the notice was effective and Judge Fox should not have disregarded it. Plaintiff counters that since Federal Rule of Civil Procedure 41(a)(1)(A) only permits a plaintiff to voluntarily dismiss an "action" without a court order, his notice, which dismissed certain claims but not the entire action, was ineffective. The Court reviews these objections under the *de novo* standard.

Rule 41(a)(1)(A) states that "a plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). In *Harvey Aluminum, Inc. v. American Cyanamid Co.*, the Second Circuit observed that Rule 41 "provides for the voluntary dismissal of an 'action' not a 'claim,'" and interpreted the word "action" to "denote[] the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'" 203 F.2d 105, 108 (2d Cir. 1953). In the decades since *Harvey Aluminum*, however, the weight of authority has shifted away from that decision. *See* Wright & Miller, Fed. Practice & Proc. Civ. § 2362 (3d ed.). Indeed, the Second Circuit has acknowledged that *Harvey Aluminum* "has been criticized and is now against the weight of authority" and has suggested that courts may treat *Harvey Aluminum* as mere dicta. *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (observing that "[i]t is not clear that the rule laid down in *Harvey Aluminum* was necessary to the result"); *see also Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979) (noting that *Harvey Aluminum* "has not been well received" and that "subsequent cases have almost uniformly either distinguished *Harvey Aluminum*, limiting the case to its particular factual setting, or forthrightly rejected it as poorly reasoned"). Thus, in keeping with the Second Circuit's exhortation that *Harvey Aluminum* be "limited to its 'extreme' facts," *Johnson Chem. Co., Inc. v. Home Care*

*Prods., Inc.*, 823 F.2d 28, 30 (2d Cir. 1987), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), the Court joins other courts in this Circuit in interpreting Rule 41(a)(1)(A) as permitting the withdrawal of individual claims. *See, e.g., Frank v. Trilegiant Corp.*, No. 10 Civ. 5211 (DRH), 2012 WL 214100, at *3 (E.D.N.Y. Jan. 24, 2012); *Blaize-Sampeur v. McDowell*, No. 05 Civ. 4275 (JFB), 2007 WL 1958909, at *2–3 (E.D.N.Y. June 29, 2007) (collecting cases); *Mut. Benefit Life Ins. Co. in Rehabilitation v. Carol Mgmt. Corp.*, No. 93 Civ. 7991 (LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994) (noting that *Harvey Aluminum* "is no longer persuasive authority" as to the meaning of Rule 41). Accordingly, the Court finds that Plaintiff's notice of partial voluntary dismissal is consistent with Rule 41(a)(1)(A).

Judge Fox nevertheless refused to give effect to Plaintiff's notice for a reason entirely unrelated to any purported distinction between actions and claims: he found that Plaintiff had failed to comply with his order "direct[ing] the parties not to file any motions, without first making a written request to the Court for permission to do so." (Report at 4 n.2.) The clear implication of Judge Fox's ruling is that a Rule 41(a)(1)(A) notice of voluntary dismissal is a type of motion. Courts have considerable discretion over how to manage the process of filing motions; the same is not true, however, with respect to Rule 41(a)(1)(A) notices of voluntary dismissal. The rule's plain language specifically authorizes a plaintiff to voluntarily dismiss the action *"without a court order"* where, as here, the defendant has not answered or moved for summary judgment. Fed. R. Civ. P. 41(a)(1)(A) (emphasis added); *see also Thorp*, 599 F.2d at 1171 n.1 ("The law is settled that the filing of a notice of dismissal under Rule 41(a)(1)(A) automatically terminates the lawsuit. No action by the court is necessary to effectuate the dismissal."). Judge Fox's ruling effectively circumvents Rule 41(a)(1)(A) by requiring Plaintiff to obtain a court order to voluntarily dismiss the action. Because a court cannot forbid what the

7

law allows, Plaintiff's notice of voluntary dismissal was valid and was effective as soon as it was filed.

## IV. CONCLUSION

For the foregoing reasons, the Court adopts the Report's recommendation that it grant in part and deny in part Defendants' motion to dismiss. Specifically, Defendants' motion is GRANTED as to Plaintiff's claims of discrimination under the ADA and retaliation under the ADA and § 1981, but DENIED as to Plaintiff's claim of discrimination under § 1981. The Court, however, holds that it was error to disregard Plaintiff's notice of voluntarily dismissal. Accordingly, the Court finds that the following claims are dismissed without prejudice: all claims against the Taylor Defendants, as well as the claims against the LRT Defendants for violations of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act; conspiracy to violate Plaintiff's civil rights; defamation; intentional infliction of emotional distress; and violations of the New York State Human Rights Law. The Clerk of the Court is respectfully directed to close the motion pending at Doc. No. 95 and to terminate the Taylor Defendants as parties to this action.

With respect to Plaintiff's surviving claim of discrimination under 42 U.S.C. § 1981, IT IS HEREBY ORDERED THAT the parties shall contact Judge Fox by August 21, 2013 for the purpose of setting a schedule for discovery.

SO ORDERED.

DATED:   August 1, 2013
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

8

9

Plaintiff is proceeding *pro se*.  A copy of this Order has been sent by e-mail to him at: hicham.azkour@gmail.com.

Defendants are represented by Andrew Sal Hoffman, Wiseman & Hoffman, 450 Seventh Avenue, Suite 1400, New York, NY 10123.

9