# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **HICHAM AZKOUR,**<br><br>*Plaintiff,*<br><br><br>*v.*<br><br><br>**JEAN-YVES HAOUZI, *ET AL.,***<br><br><br>*Defendants.* | <br><br>**Civil Action No. 11-civ-5780 (RJS)(KNF)** |

# PLAINTIFF'S MOTION TO RECONSIDER[1]

HICHAM AZKOUR, pro se

93 Pitt Street, Apt. 3B

New York, New York 10002


Telephone: (212) 390-0764

Email: hicham.azkour@gmail.com

---

[1] It is curious that the Court already published the Order adopting the Hon. Fox's Report & Recommendation prior to the expiration of the statutory 14 days within which Plaintiff may request that the Court reconsider said Order. The Court may hereby take notice that publishing legal opinions about his case in Google's publishing engine, along with other leading publishers, also hurts Plaintiff's chances of being offered a job. Defendants must be held accountable for such bad publicity. *See* attached Order published by Google.

In accordance with the Court's Individual Rule No. 2.A, Rule 7(b) of the Federal Rules of Civil Procedure, and Rule 7.1 of the Local Civil Rules of the Southern District of New York, Plaintiff respectfully requests that this Court reconsider Its Order, <u>Docket Entry No. 112</u>, dated August 1, 2013, adopting the Report & Recommendation of the Hon. Kevin N. Fox, <u>Docket Entry No. 105</u>, which partially granted the defendants' ("Defendants") motion to dismiss Plaintiff's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* <u>Docket Entry No. 95.</u>

Plaintiff supports the present motion with the Declaration of Cha'mesh Omer Mualimmak attached hereto.

Because this Court and the Hon. Fox asserted that they considered the pleadings only, it is assumed that they reviewed "the complaint[2], the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz,* <u>582 F.3d 418, 419 (2d Cir.2009)</u>. "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira v. Morton,* <u>380 F.3d 57, 67 (2d Cir.2004)</u> (citations omitted). In this case, Plaintiff's instrument is **ATTACHMENT E** as attached to his **Third Amended Complaint.**

---

[2] In this instance, Plaintiff refers to the Third Amended Complaint.

Generally, there are only three grounds upon which a district court may justifiably reconsider its previous ruling: (1) an intervening change in controlling law, (2) new evidence, or (3) a demonstrated need to correct a clear error of law or to prevent manifest injustice. *U.S. v. Sanchez*, 35 F.3d 673, 677 (2d Cir. 1994), *cert. denied*, 514, U.S. 1038 (1995).

Plaintiff requests reconsideration of said Order because (1) the Court overlooked controlling decisions and data brought by Plaintiff in his pleadings and the supporting material thereof, which is located at Docket Entries Nos. 92, 97, 98, 110, and 111 and (2) reconsideration is necessary to correct a clear error or prevent manifest injustice. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).

## I-   THE OVERLOOKED FACTUAL ALLEGATIONS IN THE THIRD AMENDED COMPLAINT

First, although Plaintiff attached hundreds of pages of exhibits in his opposition to Defendants' motion to dismiss for failure to state a claim, and a 105-page memorandum of law, the Court either (1) did not construe the allegations in those documents as consistent with the allegations in Plaintiff's Third Amended Complaint or (2) found the allegations in those documents to be insufficient to rescue the pleading defects contained in Plaintiff's Third Amended Complaint.

Consistently with this perception, the Court misleadingly states in its Order:

> Plaintiff objects to the Report's recommendation that the *Court dismiss his*

3

*claims for retaliation under both § 1981 and the ADA...*

...Plaintiff's objections fail to identify any allegations or legal arguments that undermine Judge Fox's analysis. Plaintiff simply asserts that *Defendants' refusal to give him a reference letter constitutes an act of retaliation.* That is a legal conclusion and does not demonstrate, in any way, how Plaintiff's claims of retaliation were sufficiently pled (emphasis added).

As a preliminary note, Plaintiff would like to remind the Court that he did not object to the dismissal of his claim of retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.* His allegations under the ADA are deficient and, as argued in his request for permission to amend his Third Amended Complaint, <u>Docket Entry No. 92</u>[3], cannot survive

---

[3] By reviewing this pleading, the Court took notice that Plaintiff sought also amendment of his claims pursuant to Rule 15(a)(2) of the Federal Rule of Civil Procedure – claims against all defendants other than defendant Sheldon Skip Taylor, Esq. and defendant Law Offices Sheldon Skip Taylor. As stated by Plaintiff in his objection to the Hon. Fox's Report and Recommendation, Docket Entry No. 111 at page 13, it is clear that this Court may permit withdrawal of a claim under Rule 15, subject to the same standard of review as a withdrawal under Rule 41(a). *See Wakefield v. Northern Telecom, Inc.,* <u>769 F.2d 109, 114 (2d Cir.1985)</u>. This Court chose to ignore Plaintiff's request for amendment pursuant to Rule 15 and, rather, chose to consider Rule 41 only. This is a manifest injustice to Plaintiff because his ADA claims were dismissed, notwithstanding the evidence attached to his Rule 56.1 Statement at <u>Docket Entry No. 97</u>, which the Court, based upon Its Order, inspected. Most likely the Court exercised Its discretion, but in doing so, It is required to heed the command of Rule 15(a) to grant leave to amend "freely ... when justice so requires." See Fed. R. Civ. P. 15(a); *see also Foman v. Davis,* <u>371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)</u>; *Ronzani v. Sanofi S.A.,* <u>899 F.2d 195, 198 (2d Cir. 1990)</u>.

Defendants' motion to dismiss notwithstanding the evidence that supports them. Plaintiff *solely* objects to the erroneous dismissal of his 42 U.S.C. § 1981 retaliation claim.

Anyway, by reviewing the Third Amended Complaint, the Court may have determined that Plaintiff did not sufficiently allege that Defendants' refusal to give him a reference letter constitutes an act of retaliation. However, **at paragraph 58** of the Third Amended Complaint, the Court may conclude that Plaintiff sufficiently pleads that Defendants' *adverse action* resides in their unlawful interference with his employment prospects. He alleges the following:

> To this day, Defendants have unlawfully refused to provide Plaintiff with a reference letter and have heretofore retaliated and discriminated against Plaintiff by giving a negative professional reference to employers seeking to inquire about Plaintiff's employment with defendant Little Rest Twelve, Inc.

Moreover, **at paragraph 59**, Plaintiff alleges:

> This unlawful refusal to provide Plaintiff with a reference letter and the negative reports Defendants issue to inquiring employers have injured Plaintiff and unjustly stood in his way to be employed.

Additionally, **at paragraph 109**, Plaintiff alleges that, when causing the above-described adverse actions, Defendants were aware of Plaintiff's complaints with, amongst others, the U.S. Equal Employment Opportunities Commission ("EEOC"):

> Similarly, Defendants refused to reinstate Plaintiff because he had filed complaints against defendant Little Rest Twelve, Inc. with both this District and federal agencies.

Furthermore, Plaintiff alleges at **paragraph 110:**

> Plaintiff engaged in a protected activity by helping his wrongfully terminated Moroccan fellow-workers assert their FLSA rights and rights protected by Title VII and NYHRL.

These are indeed factual allegations and are certainly not legal conclusions. *See Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.,* 507 F.3d 117, 121 (2d Cir. 2007); *Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir. 2002). The Third Amended Complaint, as demonstrated below, clearly proves a *prima facie* case of retaliation under 42 U.S.C. § 1981 because it alleges that Plaintiff (1) complained twice to the EEOC; (2) that Defendants knew of the first and second EEOC complaints by receiving notices from this agency; (3) that Defendants undertook an adverse employment action against Plaintiff by denying him, *inter alia,* a letter of reference and giving negative references to prospective employers; and (4) a causal connection between the protected activity and the adverse employment action clearly exists.

## II-   THE OVERLOOKED CONTROLLING DECISIONS

As Plaintiff demonstrated in his objection to the Report &

Recommendation of the Hon. Fox, refusal to provide a letter of reference to a former employee is not only an intentional act of discrimination, but it is also an act of retaliation if the former employee engaged and has engaged in a protected activity. In fact, the Second Circuit suggested that, "as a matter of law a former employer's giving an entirely neutral reference to an inquiring prospective employer, leading the prospective employer to decline to hire the applicant, can constitute *an adverse employment* action." *See Sarno v. Douglas Elliman-Gibbons & Ives, Inc.,* 183 F.3d 155, 160 (2d Cir.1999) (analyzing retaliation claim under the ADA)(emphasis added). Therefore, Plaintiff's argument is not a legal conclusion as the Court alleges in Its Order. It is a fact supported by *Pantchenko v. C. B. Dolge Co.,* 581 F.2d 1052 (2d Cir. 1978), where the Second Circuit opined that a plaintiff states a cause of action by alleging that former employer failed to furnish letters of recommendation in *retaliation* for filing discrimination charges with the Equal Employment Opportunity Commission.

As the Hon. Fox's Report & Recommendation states, his analysis is not based upon any material outside the pleadings. However, Rule 10(c) of the Federal Rules of Civil Procedure states that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. *A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.*" Fed. R. Civ. P. 10(c). Emphasis added. In accordance with Rule 10(c), Plaintiff supplied the Court with a copy of the EEOC notice of right to sue, dated October 28, 2011, and attached to the Third Amended Complaint as **ATTACHMENT E.** This notice indicates that Plaintiff filed **Charge No. 520-2012-00209,** which was mailed to Defendants' Human Resources, on or about October 28, 2011,

7

at their usual place of business.

The Court states at **page 2** of Its Order that It considered Plaintiff's pleading styled as "Opposition to Defendants' Motion to Dismiss & Plaintiff's Memorandum of Law in Support of His Motion for Judgment on the Pleadings as to Defendants' Liability & Monetary Damages." *See* <u>Docket Entry No. 98.</u> "Defendants," the Court notes, "did not file a reply." Evidently, by acknowledging that It considered Plaintiff's pleading, the Court acknowledges that such pleading refers to <u>EXHIBIT E</u> and <u>EXHIBIT F,</u> which are attached to Plaintiff's Rule 56.1 Statement at <u>Docket Entry No. 97.</u> **Paragraphs 22 and 23** of the Rule 56.1 Statement assert that the aforementioned 2 exhibits are respectively EEOC notices of right to sue of **Charge No. 520-2010-01158 and Charge No. 520-2012-00209**, which were mailed to Defendants, and that Defendants do not dispute the receipt of such notices.

As the Court may note, the pleadings at <u>Docket Entries Nos. 98 and 97</u> are not from a separate action. Therefore, the Court may fully adopt them for the purposes of Plaintiff's answer to Defendants' motion to dismiss. A pleading may not adopt other pleadings from a wholly separate action. *See Texas Water Supply Corp. v. R.F.C.,* <u>204 F.2d 190, 196-97 (5th Cir.1953)</u> ("Rule 10(c) . . . permits references to pleadings and exhibits in the same case, but there is no rule permitting the adoption of a cross-claim in a separate action in a different court by mere reference."); *accord Constellation Energy Commodities Group Inc. v. Transfield ER Capt Ltd.,* <u>801 F. Supp. 2d 211, 223 (S.D.N.Y. 2011)</u> ("A pleading may not adopt other pleadings from a

wholly separate action."); *Hall v. Tyco International Ltd.*, <u>223 F.R.D. 219,</u> <u>261 (M.D.N.C. 2004)</u>.

In the Second Circuit, a pro se plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint - to the extent those papers are consistent with the allegations in the complaint. *See Drake v. Delta Air Lines, Inc.*, <u>147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam)</u> ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 **motion** to dismiss."); *Gill v. Mooney,* <u>824 F.2d 192, 195 (2d Cir. 1987)</u> ("In his affidavit submitted in opposition to defendants' **motion** to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under pro se pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v. Goord,* <u>314 F. Supp. 2d 119, 212 (N.D.N.Y.)</u> (Sharpe, M.J.) ("[I]n cases where a pro se plaintiff is faced with a **motion** to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds,* <u>317 F. Supp. 2d 160 (N.D.N.Y. 2004)</u> <u>(Hurd, J.)</u>.

On a motion to dismiss pursuant to Rule 12(b)(6), this Court may have considered documents that are referenced in the Third Amended Complaint, or may have adopted a statement in the Third Amended Complaint by

reference elsewhere *in any other pleading or motion*. In the present case, Plaintiff assert he was subjected by Defendants to retaliatory action by denial of reference and interference of employment search in pleadings at <u>Docket Entries No. 92, 97, and 98</u>. These are documents upon which Plaintiff has so far relied while articulating his allegations. They are either in his possession or knew of when bringing the present suit. Plaintiff has also legitimately relied on matters of which judicial notice may be taken[4]. *See Chambers v. Time Warner, Inc.,* <u>282 F.3d 147, 153 (2d Cir. 2002)</u>; *see also Kavowras v. New York Times Co.,* <u>328 F.3d 50, 57 (2d Cir. 2003)</u>; *Taylor v. Vermont Dep't of Educ.,* <u>313 F.3d 768, 776 (2d Cir. 2002)</u>; *Brass v. Am. Film Techs., Inc.,* <u>987 F.2d 142, 150 (2d Cir. 1993)</u>; *Kramer v. Time Warner, Inc.,* <u>937 F.2d 767, 773 (2d Cir. 1991)</u>; *Cortec Indus., Inc. v. Sum Holding L.P.,* <u>949 F.2d 42, 47-48 (2d Cir. 1991).</u>

It is true that this Court "must limit itself to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *See Kramer,* <u>937 F.2d at 773</u>; *see also San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Cos.,* <u>75 F.3d 801, 808-09 (2d Cir. 1996)</u>. However, a document is considered incorporated by reference if it is "in a pleading... adopted by reference elsewhere in the same pleading *or in any other pleading or motion.*" Fed. R. Civ. P. 10(c). The Court may also consider a document not specifically incorporated by reference but on which the complaint heavily

---

[4] The Court is aware that Defendants do not deny being aware of Plaintiff's protected activity during their deposition in the FLSA Action, which took place on July 27, 2011. This Court took judicial notice of this matter when reviewing the record in the FLSA Action for the purposes of adopting the Hon. Fox's Report & Recommendation. *See* Court Order dated March 27, 2012.

relies and which is integral to the complaint. *See Chambers, 282 F.3d at 153*. This is particularly true when the non-movant either had the document in its possession or knew of the document when bringing suit. *See Edison Fund v. Cogent Inv. Strategies Fund, Ltd., 551 F.Supp.2d 210, 217 (S.D.N.Y. 2008)*.

In addition, this Court "'may ... consider matters of which judicial notice may be taken.'" *See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir.2008)* (quoting *Kramer, 937 F.2d at 773*). On the other hand, if a court is presented with material outside of the pleadings and not subject to judicial notice, it should either exclude the material in its consideration of the motion to dismiss or for judgment on the pleading, or consider the material after converting the motion into one for summary judgment. *See Chambers, 282 F.3d at 154*.

Not only did Plaintiff provide the Court with a Third Amended Complaint sufficiently pleading his case for retaliation, but he also furnished material outside the pleading by referring the Court to the Declaration of Cha'mesh Omer Mualimmak at ¶¶ 6-13 or EXHIBIT M attached to Docket Entry No. 97 and the Declaration of Hicham Azkour at ¶¶ 35-39 or EXHIBIT O attached to Docket Entry No. 97. If the Court particularly reviews Plaintiff's and Mr. Mualimmak's declarations, not only will It come to realize that Plaintiff has proved intentional discrimination, but It will also be convinced that Defendants retaliated against him by denying him a letter of reference and interfered with his diligent search for alternative, comparable employment. *See Docket Entry No. 97 and 98.*

In *Jute v. Hamilton Sundstrand Corp., 420 F.3d 166 (2d Cir.2005),* the

11

Second Circuit held that to state an employment discrimination claim based upon a negative employment reference, an employee, like Plaintiff, was not required to provide a sworn affidavit from the prospective employer attributing its decision to deny employment to the negative reference. Like Plaintiff in the instant matter, plaintiff Jute had actually interviewed for a specific position and received an offer that was subsequently withdrawn after the negative employment reference. The *Jute* court found that based upon the facts, a jury could infer that the negative job reference caused the employer to rescind its offer. The Second Circuit wrote in *Jute:*

> In order to recover on the negative job reference claim, Jute must first show that [the employer's] comment amounted to an adverse employment action. There exist "no bright-line rules" in this area, so that "courts must pore over each case to determine whether the challenged employment action reaches the level of adverse." *Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 466 (2d Cir. 1997) (internal quotation marks omitted). In the context of this case, we hold that a reasonable jury, after hearing the defendant's evidence to the contrary, could find that [the employer's] *false* statement negatively affected Jute's chances of securing employment. *See EEOC Compliance Manual* § 8-II(D)(2) (May 20, 1998) (citing as possible example of post-employment retaliation "actions that are designed to interfere with the individual's prospects for employment"); *cf. Pantchenko v. C.B. Dolge Co.,* 581 F.2d 1052, 1054 (2d Cir. 1978) (*per curiam*). The claim is therefore actionable.

*Jute,* 420 F.3d at 178-79.

## III- THE MANIFEST INJUSTICE AND THE ERRONEOUS APPLICATION OF THE *TWOMBLY* PLAUSIBILITY STANDARD TO PLAINTIFF'S THIRD AMENDED COMPLAINT

As stated above, based upon this Court Order dismissing the ADA discrimination and retaliation claims, along with 42 U.S.C. § 1981 retaliation claim, it is obvious that It considered the documents at <u>Docket Entries Nos. 92, 97, and 98</u>[5]. Given that the Hon. Fox terminated the pleadings at <u>Docket Entry No. 92</u>, including the attached proposed amendment of the Third Amended Complaint, one may say that this Court revived or reinstated such pleading to the docket. Therefore, one can further state that this Court reviewed the amendment proposed by Plaintiff. During Its inquiry, the Court should have then reached a point where It had to decide whether the proposed amendment is futile or not. The Court did not and, as shown by the

---

[5] The Order states:

> On November 5, 2012, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), dismissing all claims against the Taylor Defendants and purporting to dismiss some but not all claims against the LRT Defendants. (Doc. No. 92.) On December 3, 2012, Defendants moved to dismiss the TAC. (Doc. No. 95.) On December 7, 2012, Plaintiff filed a document styled as an "Opposition to Defendants' Motion to Dismiss & Plaintiff's Memorandum of Law in Support of His Motion for Judgment on the Pleadings as to Defendants' Liability & Monetary Damages." (Doc. No. 98.) Defendants did not file a reply.

Court's statement in Its Order, *see* footnote No. 5 below, there is not even mention of Plaintiff's request for leave to amend or the proposed amendment. This silence or, rather, denial of Plaintiff's request for amendment is manifest injustice. Plaintiff's objection, or "defense of" as this Court labeled it, to the Hon. Fox's analysis did not request that the Court reinstate all the claims that the Court purportedly believes Plaintiff dismissed using Rule 41, but he respectfully requested that the Court consider his proposed amendment reinstating, in a less deficient fashion, the ADA claims already dismissed by the Order adopting the Hon. Fox's Report & Recommendation. This Court is aware that the ADA claims articulated in the Fifth Amended Complaint, Docket Entry No. 92, will stand any imaginable motion to dismiss and are supported by evidence of which this Court took notice at **Docket Entry No. 139 of the pending FLSA Action,** where Defendants refuse to reinstate Plaintiff unless he subjects to a psychiatric evaluation.

So, where is the futility of the amendment? The same standard that both Judge Fox and this Court used to address Defendants' motion to dismiss could have been useful in deciding whether Plaintiff's proposed amendment is futile or undue delay.

As Plaintiff stated earlier to this Court, "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" See *Foman v. Davis,*

371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *accord McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200-01(2d Cir.2007).

The Second Circuit has instructed that, when determining whether a proposed amendment would be futile, the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *See Health-Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir. 1990) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend should be given freely when justice so requires, where, as here, there is no merit in the proposed amendments, leave to amend should be denied."); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42 (2d Cir. 1979) ("A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action.") (citation omitted); *Bank of New York v. Sasson,* 786 F.Supp. 349, 352 (S.D.N.Y. 1992) (If "the claims would be subject to dismissal under Fed. R. Civ. P. 12(b)(6), the court should refuse to grant leave to amend rather than assent and then await a motion to dismiss."). That is, the court must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party. The amendment may survive a Rule 12(b)(6) motion to dismiss when the amended complaint "contains sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

This being said, the Court must not impose upon Plaintiff a heightened standard of pleading in a civil rights action as the present one. The notion that *Twombly* imposed a heightened standard that requires a complaint to include

15

specific evidence, factual allegations in addition to those required by Rule 8, and declarations from the persons who collected the evidence is belied by the *Twombly* opinion itself. The *Twombly* court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (other internal quotation marks omitted); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that, at the pleading stage, an employment discrimination plaintiff who alleges facts that provide fair notice of his claim need not also allege "specific facts establishing a prima facie case," for such a "heightened pleading standard ... conflicts with Federal Rule of Civil Procedure 8(a)(2)"). The *Twombly* court stated that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "*[f]actual* allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (emphasis added), *i.e.*, enough to make the claim "plausible," *id.* at 570, 127 S.Ct. 1955.

The *Twombly* plausibility standard, which applies to all civil actions, *see Iqbal*, 129 S.Ct. at 1953, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief'" where the facts are peculiarly within the possession and control of the defendant, *see, e.g., Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir.2008), or where the belief is based on factual information that makes the inference of culpability plausible, *see Iqbal*, 129

16

S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The *Twombly* court stated that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." 550 U.S. at 556, 127 S.Ct. 1955.

Concluding that the complaint before it failed to state a plausible claim, the Twombly court stated that "[i]n reaching this conclusion, *we do not apply any 'heightened' pleading standard,"* id. at 569 n. 14, 127 S.Ct. 1955 (emphasis added). Rather, it emphasized that its holding was consistent with its ruling in *Swierkiewicz* that "a heightened pleading requirement," requiring the pleading of "'specific facts' beyond those necessary to state [a] claim and the grounds showing entitlement to relief," was "impermissibl[e]," *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. "Here," the *Twombly* court stated, "*we do not require heightened fact pleading of specifics,* but only enough facts to state a claim to relief that is plausible on its face." *Id.* (emphasis added).

## IV-   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests that this Court:

1. Reinstate his claim of retaliation under 42 U.S.C. § 1981; and

2. Direct the Hon. Fox to allow amendment as proposed by the Fifth Amended Complaint at <u>Docket Entry No. 92.</u>

Respectfully submitted on August 13, 2013

By:    HICHAM AZKOUR, pro se
       _____

18

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing PLAINTIFF'S MOTION TO RECONSIDER, has been served upon the defendants' attorney of record on this 13th day of August 2013, VIA ECF/MAIL:

Andrew S. Hoffmann, Esq.

450 Seventh Avenue, Suite 1400

New York, New York 10123

Dated: August 13, 2013

By: HICHAM AZKOUR, pro se

_____

HICHAM AZKOUR

93 Pitt Street, Apt. 3B

New York, New York 10002

Telephone: (212) 390-0764
Email: hicham.azkour@gmail.com

Case 1:11-cv-05780-RJS-KNF   Document 115   Filed 08/13/13   Page 20 of 23

AZKOUR v. HAOUZI, Dist. Court, SD New York 2013 – Google Scholar                                          8/9/13 6:45 PM

**HICHAM AZKOUR, Plaintiff,**

**v.**

**JEAN-YVES HAOUZI, et al., Defendants.**

No. 11 Civ. 5780 (RJS) (KNF).

**United States District Court, S.D. New York.**

August 1, 2013.

# ORDER ADOPTING REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge.

Hicham Azkour ("Plaintiff"), proceeding *pro se,* brings this action against Jean-Yves Haouzi, Jessica Comperiati, Frank Maucourt, and Little Rest Twelve, Inc. (the "LRT Defendants"); and Sheldon Skip Taylor and the Law Offices of Sheldon Skip Taylor (the "Taylor Defendants" and, with the LRT Defendants, "Defendants"), alleging, *inter alia,* violations of 42 U.S.C. § 1981 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.* Now before the Court is the Report and Recommendation (the "Report") of the Honorable Kevin Nathaniel Fox, Magistrate Judge, recommending that the Court grant in part and deny in part Defendants' motion to dismiss Plaintiff's ADA and § 1981 claims. For the reasons set forth below, the Court adopts the Report but gives effect to the notice of voluntary partial dismissal filed by Plaintiff on November 5, 2012.

# I. BACKGROUND

After initiating this action on August 8, 2011 (Doc. No. 2), Plaintiff filed his Third Amended Complaint ("TAC") on February 2, 2012 (Doc. No. 40).[1] The TAC alleges fourteen causes of action against Defendants for discrimination on the basis of race, national origin, disability, and age; retaliation; conspiring to violate Plaintiff's civil rights; negligent failure to prevent such a conspiracy; defamation; and intentional infliction of emotional distress. On November 5, 2012, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), dismissing all claims against the Taylor Defendants and purporting to dismiss some but not all claims against the LRT Defendants. (Doc. No. 92.) On December 3, 2012, Defendants moved to dismiss the TAC. (Doc. No. 95.) On December 7, 2012, Plaintiff filed a document styled as an "Opposition to Defendants' Motion to Dismiss & Plaintiff's Memorandum of Law in Support of His Motion for Judgment on the Pleadings as to Defendants' Liability & Monetary Damages."[2] (Doc. No. 98.) Defendants did not file a reply.

Judge Fox issued the Report on June 28, 2013. (Doc. No. 105.) In the Report, Judge Fox recommends that the Court (1) grant Defendants' motion to dismiss Plaintiff's claims of discrimination under the ADA and retaliation under both the ADA and § 1981, and (2) deny Defendants' motion with respect to Plaintiff's claim for race and national origin discrimination under § 1981. In addition, Judge Fox made clear that he refused to give effect to Plaintiffs Rule 41(a) notice of voluntary dismissal because that filing violated his prior order barring the parties from filing any motions without first making a written request for permission to do so. Acknowledging that Defendants evidently relied upon Plaintiffs Rule 41(a) notice in drafting their motion, which addressed only those claims that Plaintiff did not purport to voluntarily dismiss, Judge Fox observed that Defendants' motion was only a partial motion to dismiss.

On July 2, 2013, Defendants filed objections to Judge Fox's Report. (Doc. No. 106.) They argue that because Rule 41(a)(1) permits a plaintiff to "dismiss an action *without a court order,"* Fed. R. Civ. P. 41(a)(1)(A) (emphasis added), Judge Fox should

Case 1:11-cv-05780-RJS-KNF   Document 115   Filed 08/13/13   Page 21 of 23

8/9/13 6:45 PM
AZKOUR v. HAOUZI, Dist. Court, SD New York 2013 – Google Scholar

not have treated Plaintiff's voluntary dismissal pursuant to Rule 41(a)(1) as a *motion* for which he had to obtain permission prior to filing. In addition, Defendants contend that it was incorrect of Judge Fox to find that Plaintiff had adequately stated a § 1981 discrimination claim because, at the time the alleged discrimination occurred, Plaintiff had no active employment relationship with Defendants.

On July 19, 2013, Plaintiff filed his objections to the Report. (Doc. No. 111.) Although the bulk of Plaintiff's submission is actually dedicated to defending the Report against Defendants' objections, Plaintiff takes issue with the Report's recommendation that the Court dismiss his retaliation claims. Plaintiff argues, in conclusory fashion, that inasmuch as Judge Fox found that Defendants' refusal to provide Plaintiff with a letter of reference supported a claim of discrimination, he should have found that it supported claims of retaliation as well.

## II. LEGAL STANDARD

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. See *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake a de novo review of the plaintiffs objections. See 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). *Pro se* filings are read liberally and interpreted "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). However, where objections are "conclusory or general," or where the plaintiff "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (TFIK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); accord *Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at * 1 (S.D.N.Y. May 23, 2008).

## III. DISCUSSION

## A. § 1981 Discrimination

Defendants argue that Plaintiff cannot bring a claim for discrimination pursuant to 42 U.S.C. § 1981 because, at the time of the alleged discrimination, he no longer worked for Defendants. It is well-established, however, that anti-discrimination statutes protect former as well as current employees from "discrimination related to or arising out of an employment relationship." *Pantchenko v. C. B. Dolge Co.*, 581 F.2d 1052, 1055 (2d Cir. 1978) (interpreting Title VII of the Civil Rights Act of 1964); *see also Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) (holding that because terminated employees "have tangible *future* employment objectives, they may state a claim for retaliation under the Age Discrimination in Employment Act, "even though they are no longer employed by the defendant company, if, for example, the company ... wrongfully refuses to write a recommendation to prospective employers"). Nothing about 42 U.S.C. § 1981 suggests its protections apply any differently. The statute protects the equal right "to *make* and enforce contracts." 42 U.S.C. § 1981 (emphasis added). Defendants would have the Court read the term "make" out of the statute by holding that § 1981 applies only to *existing* employment relationships — where the issue is not making a contract but rather enforcing it. The Court declines to do so. Plaintiffs allegations that Defendants interfered with his right to make a new employment contract by unlawfully denying him a reference letter and by giving prospective employers negative reports therefore are sufficient to state a claim for discrimination under § 1981.[3] Cf. *Wanamaker*, 108 F.3d 462, 466 (recognizing that a terminated employee "may have tangible *future* employment objectives" that are entitled to protection against discrimination). Accordingly, having reviewed Defendants' objection under the *de novo* standard, the Court finds that Judge Fox was correct to recommend that Defendants' motion to

dismiss this claim be denied.

## B. Retaliation

Plaintiff objects to the Report's recommendation that the Court dismiss his claims for retaliation under both § 1981 and the ADA. To establish a *prima facie case* of retaliation under either statute, a plaintiff must show (1) that he participated in protected activity; (2) that the defendant knew of the protected activity; (3) that defendant undertook an adverse employment action against the plaintiff; and (4) a causal connection between the protected activity and the adverse employment action. *See* Weixel v. Bd. of Educ., 287 F.3d 138, 148 (2d Cir. 2002); *Callahan v. Consol. Edison Co. N. Y, Inc.,* 187 F. Supp. 2d 132, 138 (S.D.N.Y. 2002). In this case, Judge Fox found that, although Plaintiff clearly engaged in protected activity by filing a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), the TAC contained no allegation "that would support a finding that the defendants in the instant action knew of the EEOC charge(s)." (Report at 14.)

Plaintiff's objections fail to identify any allegations or legal arguments that undermine Judge Fox's analysis. Plaintiff simply asserts that Defendants' refusal to give him a reference letter constitutes an act of retaliation. That is a legal conclusion and does not demonstrate, in any way, how Plaintiffs claims of retaliation were sufficiently pled. Accordingly, the Court reviews the Report for clear error and, finding none, adopts the Report's recommendation that Plaintiff's claims of retaliation under § 1981 and the ADA must be dismissed.

## C. Voluntary Dismissal

The parties devote considerable space in their respective objections to arguing over Judge Fox's handling of the notice of voluntary dismissal Plaintiff filed on November 5, 2012. In brief, Defendants argue that, given the posture of the case, the notice was effective and Judge Fox should not have disregarded it. Plaintiff counters that since Federal Rule of Civil Procedure 41(a) (1)(A) only permits a plaintiff to voluntarily dismiss an "action" without a court order, his notice, which dismissed certain claims but not the entire action, was ineffective. The Court reviews these objections under the *de nova* standard.

Rule 41(a)(1)(A) states that "a plaintiff may dismiss an action without a court order by filing... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). In *Harvey Aluminum, Inc. v. American Cyanamid Co.,* the Second Circuit observed that Rule 41 "provides for the voluntary dismissal of an `action' not a `claim,'" and interpreted the word "action" to "denote[] the entire controversy, whereas `claim' refers to what has traditionally been termed `cause of action.'" 203 F.2d 105, 108 (2d Cir. 1953). In the decades since *Harvey Aluminum,* however, the weight of authority has shifted away from that decision. *See* Wright & Miller, Fed. Practice & Proc. Civ. § 2362 (3d ed.). Indeed, the Second Circuit has acknowledged that *Harvey Aluminum* "has been criticized and is now against the weight of authority" and has suggested that courts may treat *Harvey Aluminum* as mere dicta. Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 n.4 (2d Cir. 1985) (observing that [i]t is not clear that the rule laid down in *Harvey Aluminum* was necessary to the result"); *see also* Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979) (noting that *Harvey Aluminum* "has not been well received" and that "subsequent cases have almost uniformly either distinguished *Harvey Aluminum,* limiting the case to *its* particular factual setting, or forthrightly rejected it as poorly reasoned"). Thus, in keeping with the Second Circuit's exhortation that *Harvey Aluminum* be "limited to its `extreme' facts," Johnson Chem. Co., Inc. v. Home Care Prods., Inc., 823 F.2d 28, 30 (2d Cir. 1987), abrogated on other grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990), the Court joins other courts in this Circuit in interpreting Rule 41(a)(1)(A) as permitting the withdrawal of individual claims. *See, e.g.,* Frank v. Trilegiant Corp., No. 10 Civ. 5211 (DRH), 2012 WL 214100, at *3 (E.D.N.Y. Jan. 24, 2012); Blaize-Sampeur v. McDowell, No. 05 Civ. 4275 (JFB), 2007 WL 1958909, at *2-3 (E.D.N.Y. June 29, 2007) (collecting cases); *Mut. Benefit Life Ins. Co. in Rehabilitation v. Carol Mgmt. Corp.,* No. 93 Civ. 7991 (LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994) (noting that *Harvey Aluminum* "is no longer persuasive authority" as to the meaning of Rule 41). Accordingly, the Court finds that Plaintiffs notice of partial voluntary dismissal is consistent with Rule 41(a)(1)(A).

Case 1:11-cv-05780-RJS-KNF   Document 115   Filed 08/13/13   Page 23 of 23

AZKOUR v. HAOUZI, Dist. Court, SD New York 2013 – Google Scholar                                   8/9/13 6:45 PM

Judge Fox nevertheless refused to give effect to Plaintiff's notice for a reason entirely unrelated to any purported distinction between actions and claims: he found that Plaintiff had failed to comply with his order "direct[ing] the parties not to file any motions, without first making a written request to the Court for permission to do so." (Report at 4 n.2.) The clear implication of Judge Fox's ruling is that a Rule 41(a)(1)(A) notice of voluntary dismissal is a type of motion. Courts have considerable discretion over how to manage the process of filing motions; the same is not true, however, with respect to Rule 41(a)(1)(A) notices of voluntary dismissal. The rule's plain language specifically authorizes a plaintiff to voluntarily dismiss the action *"without a court order"* where, as here, the defendant has not answered or moved for summary judgment. Fed. R. Civ. P. 41(a) (1)(A) (emphasis added); *see also Thorp,* 599 F.2d at 1171 n.1 ("The law is settled that the filing of a notice of dismissal under Rule 41(a)(1)(A) automatically terminates the lawsuit. No action by the court is necessary to effectuate the dismissal."). Judge Fox's ruling effectively circumvents Rule 41(a)(1)(A) by requiring Plaintiff to obtain a court order to voluntarily dismiss the action. Because a court cannot forbid what the law allows, Plaintiff's notice of voluntary dismissal was valid and was effective as soon as it was filed.

## IV. CONCLUSION

For the foregoing reasons, the Court adopts the Report's recommendation that it grant in part and deny in part Defendants' motion to dismiss. Specifically, Defendants' motion is GRANTED as to Plaintiff's claims of discrimination under the ADA and retaliation under the ADA and § 1981, but DENIED as to Plaintiff's claim of discrimination under § 1981. The Court, however, holds that it was error to disregard Plaintiff's notice of voluntarily dismissal. Accordingly, the Court finds that the following claims are dismissed without prejudice: all claims against the Taylor Defendants, as well as the claims against the LRT Defendants for violations of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act; conspiracy to violate Plaintiff's civil rights; defamation; intentional infliction of emotional distress; and violations of the New York State Human Rights Law. The Clerk of the Court is respectfully directed to close the motion pending at Doc. No. 95 and to terminate the Taylor Defendants as parties to this action.

With respect to Plaintiff's surviving claim of discrimination under 42 U.S.C. § 1981, IT IS HEREBY ORDERED THAT the parties shall contact Judge Fox by August 21, 2013 for the purpose of setting a schedule for discovery.

SO ORDERED.

[1] In the intervening time, the Court referred this action to Judge Fox. (Doc. No. 9.)

[2] Plaintiff has not in fact filed a motion for judgment on the pleadings, which would in any event be improper given that the pleadings are not yet closed in this matter, *see* Fed. R. Civ. P. 12(c), and that Plaintiff did not secure Judge Fox's permission to file such a motion, as Judge Fox had ordered *(see* Report at 4 n.2). Accordingly, the Court will consider Plaintiff's filing only as an opposition to Defendants' motion to dismiss.

[3] In any event, the Court also notes that allegations in the TAC support a plausible inference that Defendants interfered with Plaintiff's efforts to *enforce* his prior employment contract by unlawfully denying his request for full backpay on the basis of his race. *(See* TAC ¶¶ 48-53.)

Save trees - read court opinions online on Google Scholar.