UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| HICHAM AZKOUR, <br><br> *Plaintiff,* <br><br> v. <br><br> JEAN-YVES HAOUZI, ET AL., <br><br> *Defendants.* | Civil Action No. 11-CIV-5780 (RJS)(KNF) <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 8/13/13 |

---

### DECLARATION OF CHA'MESH OMER MUALIMMAK

---

I, **CHA'MESH OMER MUALIMMAK**, declare, upon personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct.

1. I have known Mr. Hicham Azkour since January 2012, the month I was admitted to the Jack Ryan Residence, a mental health shelter managed and operated by the Bowery Residents' Committee ("BRC").

2. The New York City Department of Homeless Services assigned me to

  the BRC shelter because I am physically disabled, unable to work, and unable to pay rent following a crippling injury at my workplace.

3.  I am mentally competent, do not suffer from any mental impairment, and make the present declaration based upon direct knowledge.

4.  Since my admission to BRC, I have known Mr. Azkour as an individual who is actively looking for employment.

5.  I know that Mr. Azkour has been looking for employment because he has been using my cell phone to call employers.

6.  To this day, Mr. Azkour has not been able to find employment.

7.  I know that Mr. Azkour does not have a cell phone because he does not have any income.

8.  I personally referred Mr. Azkour to a few employers who own small businesses in Brooklyn.

9.  One of these prospective employers called Mr. Azkour's former employer, Little Rest Twelve, Inc., to check his professional reference. However, to this employer's utmost surprise, Little Rest Twelve, Inc. informed him that Mr. Azkour has never worked for them.

10.  I felt embarrassed when this employer, who is also a friend of mine, called me and requested that I do not refer to him any "troublemakers".

11.  I approached Mr. Azkour and told him about the negative reference I heard from my friend.

12.  Mr. Azkour, for the first time, revealed to me that he has been suing

        Little Rest Twelve, Inc. and their current managers because they have refused to pay him owed wages, gratuities, and for unlawful acts of ongoing discrimination and retaliation.

13. Mr. Azkour showed me the Court Order finding Little Rest Twelve, Inc. liable to Mr. Azkour for owed wages, gratuities, and for the unlawful acts of retaliation. I then understood, as a matter of common sense, that the Court Order contradicts the negative reference of Little Rest Twelve, Inc.

14. Mr. Azkour also showed me a set of letters from these defendants' counsel addressed to this Court. Even as a layman, I personally find the content of such letters demeaning, racist, and unprofessional.

15. One of these letters, which particularly drew my attention and which is attached to my present declaration, *see* EXHIBIT M-1, is the one sent by the defendants' counsel on August 8, 2012 to this Court where he falsely represented to this Court that Mr. Azkour is a racist who showed animus towards his former counsel, David Stein, Esq. because the latter is a Hasidic Jew.

16. I am an Orthodox Jew myself and can assert that, based on so many conversations and interactions that I have had with Mr. Azkour, these letters tend to unfairly, viciously, and maliciously sully Mr. Azkour's immaculate reputation.

17. Mr. Azkour' acts and attitude in interacting positively with a diverse population in the BRC shelter is evidence that he has no animus, whatsoever, towards any race, religion, or national origin.

18. Moreover, in an environment, like the BRC shelter, where treachery, prejudice, turpitude, violence, drugs are the common currency, Mr. Azkour has not shown the least involvement in any illegal or immoral

activity.

19. Despite being disrespected, insulted, and provoked by some residents, Mr. Azkour has always kept a low profile and behaved in a manner consistent with his education and the rules of the facility.

20. On many occasions, I have witnessed that a few residents called Mr Azkour "Taliban", "Bin Laden", and "Camel Jockey", referring to his race as an Arab and his religion as a Muslim. However, Mr. Azkour, even though affected by this type of racial slurs and racial harassment, has never violently reacted to such nonsense because he knows that those residents are ignorant and, most of the time, are under the influence of drugs or alcohol.

21. However, when I read a letter dated April 27, 2012, which was addressed to this Court and wherein the defendants' counsel called Mr. Azkour a "Koran-quoting lunatic", I was shocked and wondered why the Court did not take any action to admonish the defendants' counsel.

22. If anybody called me a "Torah-quoting lunatic", I would consider such a statement an act of anti-Semitism.

23. To my knowledge, Mr. Azkour is the most peaceful BRC resident I have heretofore known. He has never shown any irascibility or act of violence towards any resident or member of the BRC staff. In fact, he is highly regarded and respected by the BRC staff.

24. To my direct knowledge, Mr. Azkour, during his presence at the BRC shelter, has never been intoxicated or used illicit drugs. Moreover, his demeanor and behavior do not show the least sign of him, even in the remotest past, being affected by any intoxicating or illegal substance.

25. Furthermore, Mr. Azkour, despite his extreme poverty, is well groomed and clean, which indicates that his homelessness is caused by the defendants, rather than by his own choice.

26. I have direct knowledge that Mr. Azkour is an immigrant from Morocco and has no social or familial support. And this is the reason, in addition to lack of employment, why he has been stuck in the BRC shelter for some time now.

27. Despite the fact that he lives in a mental health facility, where erratic behavior is not the exception, Mr. Azkour's behavior has always been exceptionally exemplary and unblemished.

28. Based on my observations and direct knowledge, Mr. Azkour's moral rectitude and his non-negotiable belief in moral principles is perhaps the reason why he has not been so far able to land a job. Most likely, because he does not know how to lie to people, including prospective employers, Mr. Azkour has difficulties finding employment, notwithstanding his advanced skills, experience, and knowledge.

29. I know that Mr. Azkour's failure to find employment and the prejudice he has been suffering as the direct consequence of the defendants' unlawful acts have had a negative impact on his mental health, causing him mental anguish, depression, pain, suffering, loss of enjoyment of life, and low self-esteem.

30. Yet, despite this psychological pressure, which is maliciously inflicted upon him by the defendants, I have knowledge, based on my daily observations and conversations with Mr. Azkour, that his reasoning capabilities are extraordinarily intact, he is of a high degree of intelligence, and can quickly understand any issue presented to him and solve it in the most efficient manner.

31. I read a letter dated October 12, 2012, in which the defendants' counsel asserts that Mr. Azkour cannot be reinstated unless he is subjected to a psychiatric evaluation.

32. Needless to prove, I believe that the defendants' letter is disgusting and is evidence of further discrimination and a pretext to justify their prior and outrageous, ongoing acts of discrimination and retaliation against Mr. Azkour.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 22, 2012

Cha'mesh Omer Mualimmak

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **DECLARATION OF CHA'MESH OMER MUALIMMAK** has been served upon the defendants' attorney of record on this 13th day of August 2013, VIA ECF/MAIL:

Andrew S. Hoffmann, Esq.

450 Seventh Avenue, Suite 1400

New York, New York 10123

Dated: August 13, 2013

By: HICHAM AZKOUR, pro se

_____

                            HICHAM AZKOUR

                            93 Pitt Street, Apt. 3B

                            New York, New York 10002

                            Email: hicham.azkour@gmail.com