UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-26-13
```

HICHAM AZKOUR,

                Plaintiff,

-v-

JEAN-YVES HAOUZI, *et al.*,

                Defendants.

No. 11 Civ. 5780 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On August 1, 2013, the Court issued an Order that (1) gave effect to Plaintiff's notice of voluntary dismissal of all of his claims except for his 42 U.S.C. § 1981 and 42 U.S.C. § 12101 (Americans with Disabilities Act) claims, and their corresponding retaliation claims, against defendants Little Rest Twelve, Haouzi, Maucort, and Comperiati (Doc. No. 92), but (2) otherwise adopted the Report and Recommendation (the "Report") of the Honorable Kevin Nathaniel Fox, Magistrate Judge, recommending that the Court grant in part and deny in part Defendants' motion to dismiss Plaintiff's complaint. *See Azkour v. Haouzi*, No. 11 Civ. 5780 (RJS), 2013 WL 3972462 (S.D.N.Y. Aug. 1, 2013) (Doc. No. 112). Now before the Court is Plaintiff's motion for reconsideration of the Court's August 1 Order; in addition, Plaintiff also requests that this Court direct Judge Fox to grant Plaintiff leave to file a Fifth Amendment Complaint in this action. The Court assumes the parties' familiarity with the facts and legal standards set forth in the August 1 Order. For the reasons that follow, Plaintiff's motion for reconsideration and his request that this Court direct Judge Fox to allow Plaintiff to amend his complaint are both denied.

I.     Motion for Reconsideration

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and the decision is within the sound discretion of the district court." *Vencedor Shipping Ltd. v. Ingosstakh Ins. Co., Ltd.*, No. 09 Civ. 4779 (RJS), 2009 WL 2338031, at *1 (S.D.N.Y. July 29, 2009) (internal quotation marks omitted).

Plaintiff argues that the Court improperly adopted the Report's recommendation to dismiss his § 1981 retaliation claim. In support, Plaintiff points to factual allegations in the Third Amended Complaint, an EEOC document included as an exhibit to his Third Amended Complaint, and case law, all of which the Court supposedly overlooked. This argument has two major problems. First, it ignores that the motion seeks reconsideration of an order adopting a report and recommendation. Unless a party makes a timely, specific, and non-conclusory objection to a finding in a report and recommendation, a court will accept the Report's finding absent clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008). In this case, Plaintiff made no adequate objections to the Report's finding that the retaliation claims should be dismissed. Thus, the Court reviewed for clear error, and finding none, adopted the recommendation. Plaintiff's current motion cannot retroactively cure his failure to properly object the first time around.

Second, even if the Court were open to considering Plaintiff's argument de novo, the argument is meritless. Plaintiff's retaliation claim was dismissed because he did not allege

sufficient facts to establish that Defendants knew of his protected activities at the time they engaged in adverse actions against him. The factual allegations that Plaintiff claims were overlooked establish only that Plaintiff suffered an adverse action after he engaged in protected activities – they do not supply the missing element of knowledge of those protected activities. The EEOC document that Plaintiff claims was overlooked establishes that Defendants learned of his protected activities by October 28, 2011. This case, however, began on August 8, 2011. Nothing learned in October of that year could be the basis for any retaliation at issue in this case. Therefore, the EEOC document also does not establish the missing knowledge element. Finally, none of the case law cited in Plaintiff's motion offers any authority for allowing a retaliation claim without allegations of Defendants' knowledge of the protected activities at the time of the adverse actions.

Accordingly, Plaintiff has not provided any ground for the Court to reconsider the Order. Plaintiff's motion to reconsider is DENIED.

## II. Request for File a Fifth Amended Complaint

Plaintiff further requests that this Court direct Judge Fox to allow Plaintiff to amend his complaint for a sixth time. Plaintiff's last attempt to amend his complaint was denied by Judge Fox because Plaintiff did not comply with Judge Fox's prior order to make a written request to submit a motion before submitting any motions. (Doc. No. 99.) Plaintiff should attempt to comply with Judge Fox's order before asking this Court to intervene. Accordingly, Plaintiff's request that this Court direct Judge Fox to allow Plaintiff to amend his complaint is DENIED.

Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion for reconsideration and his request for an order directing Judge Fox to allow him to amend his complaint. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 115.

SO ORDERED.

Dated:   August 26, 2013
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

<u>A copy of this Order has been sent by e-mail to:</u>

Hicham Azkour
hicham.azkour@gmail.com