UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HICHAM AZKOUR,

Plaintiff,

v.

JEAN-YVES HAOUZI, *ET AL.*,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/13

Civil Action No. 11-cv-5780 (RJS)(KNF)

---

PLAINTIFF'S THIRD MOTION TO RECONSIDER AND NOTICE OF MANDAMUS

---

HICHAM AZKOUR, pro se

93 Pitt Street, Apt. 3B

New York, New York 10002

Email: hicham.azkour@gmail.com

1

On September 10, 2013, this Court issued yet another senseless, unreasoned Order, <u>Docket Entry No. 119</u>, denying Plaintiff's Second Motion to Reconsider this Court's gross failure *to read* Plaintiff's Third Amended Complaint and his Opposition to Defendants' Motion to Dismiss such amended complaint. This Court also denied Plaintiff's requests to have Its prior decisions reviewed for clear error – decisions which are nowhere within the permissible ones made within this District or the Second Circuit altogether.

Although this Court erred and is still seated on a pile of errors since the issuance of the Report & Recommendation, <u>Docket Entry No. 105</u>, It now contends that Plaintiff has not made any reference to any relevant case law to support his arguments. Moreover, despite the relevant evidence and legal arguments presented, this Court shamelessly asserts that Plaintiff has been repeating the same arguments over and over again.

Obviously, a review of the pleadings at <u>Docket Entries Nos. 111, 115, and 119</u> proves that Plaintiff did not repeat the same arguments. However, if the Court assumes so, Plaintiff believes that because of the Court's inappropriate motives, all arguments now suddenly look the same. It is the Court, instead, which has been articulating *ad nauseam* the same argument, which consists of expressing an illegitimate refusal to conduct a *de novo* review of the record based on Plaintiff's production of convincing evidence directing the Court to Its gross error.

Plaintiff, in both his prior motions for reconsideration, pointed to the fact that the Hon. Kevin N. Fox, U.S.M.J., erred in failing to read and locate in Plaintiff's Third Amended Complaint

allegations that denote Plaintiff's engagement in protected activity and Defendants' knowledge of such activity.

The Hon. Fox made an error, which is human. However, this Court's insistence that there is no error at all, without reviewing a bit of the record, is not human at all. This Court may rest and read John Milton's *Paradise Lost* to understand what its refusal may look like.

Plaintiff believes that this Court is simply attacking him, testing him on how far he would go if he were denied justice, and provoking him so that he may engage in some erratic behavior, giving the Court an opportunity to punish him and demean him. This is not a professionally and ethically acceptable judicial behavior. Regardless of the nature of this behavior, Plaintiff will not act in such a manner, even though it is now unequivocally clear that the Court is unethically and spitefully retaliating against him because, on May 3, 2013, he petitioned the U.S. Court of Appeals for the issuance of a writ of mandamus.

There is a sense in this Court's decisions that a pro se litigant, like Plaintiff, cannot burden the Court with requests, no matter how legitimate they may be. In one word, the Court does not want to furnish any effort in reviewing again a clearly erroneous Report & Recommendation and does not like to be confronted with Its erratic behavior in refusing to do so.

The Court's acts are simply acts of vanity and pride, which have no place whatsoever in a theoretically, supposedly unbiased American justice system. Your Honor's decision is that of *a man* and a "portion of mankind," Horace once said, " take pride in their vices and pursue their purpose; many more waver between doing what is right and complying with what is wrong."

Plaintiff hopes that Your Honor will waver anytime soon.

Again, we will prove below, by the testimony of Defendants themselves, that this Court and the Hon. Fox are wrong. In Its Report dated August 1, 2013, the Court states:

> Plaintiff objects to the Report's recommendation that the Court dismiss his claims for retaliation under both § 1981 and the ADA. To establish a *prima facie* case of retaliation under either statute, a plaintiff must show (1) that he participated in protected activity; (2) that the defendant knew of the protected activity; (3) that defendant undertook an adverse employment action against the plaintiff; and (4) a causal connection between the protected activity and the adverse employment action. *See Weixel v. Bd. of Educ.,* 287 F.3d 138, 148 (2d Cir. 2002); *Callahan v. Consol. Edison Co. N.Y., Inc.,* 187 F. Supp. 2d 132, 138 (S.D.N.Y. 2002). In this case, Judge Fox found that, although Plaintiff clearly engaged in protected activity by filing a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), the TAC contained no allegation "that would support a finding that the defendants in the instant action of knew of the EEOC charge(s)."

*Azkour v. Haouzi,* 2013 U.S. Dist. LEXIS 109008, at *8 (S.D.N.Y., Aug. 1, 2013).

On July 27, 2011, during a Rule 30(b)(6) deposition in the FLSA Action, *see* FLSA Action Docket Entry No. 75-4, Defendants themselves do not seem to agree with the Court that Plaintiff did not engage in protected activity prior to August 8, 2011 and that Defendants did not have knowledge of such protected activity. During the deposition, defendant Jessica Comperiati was examined by David Stein, Esq. while Plaintiff was present, witnessed the entire proceeding, and heard all the statements made by her on behalf of defendant Little Rest Twelve, Inc. and its officers:

Q.      Did Mr. Azkour ever complain to anyone at Little Rest Twelve related to any other issues of his employment?

4

A.    Yes.

Q.    Did he complain to anyone at Little Rest Twelve about the way he was treated?

A.    Yes.

Q.    Did he complain to anyone at Little Rest Twelve about the working conditions?

A.    Yes.

Q.    To whom did he make these complaints?

A.    I found complaints in writing to Jessican Rosa and Peter Eljastimi.

Q.    Were these in e-mails, in letters, or both?

A.    They were definitely emails. It's quite possible they were also letters.

Q.    Do you know if there were oral complaints also made?

A.    I believe the e-mail references oral complaints, but I wasn't there. So, I really can't confirm it.

Q.    Did Mr. Azkour ever complain to the Federal Department of Labor?

A.    Yes, he did.

Q.    Did he ever complain to the New York Department of Labor?

A.    I believe so.

Q.    Do you know if he ever complained to any other government agency?

A.    Yes.

Q.    What else?

A.    What agency?

Q.    Yes.

A.    The EEOC.


*Transcript of Jessica Comperiati's Deposition, 59:6 – 60:19.*

If this Court were not biased or had inappropriate motives in having the retaliation claim dismissed, It should not have precluded any further review, *sua sponte* or at the request of Plaintiff, under a *de novo* or any other standard.

This being said, Defendants' testimony proves that this Court, and certainly not Plaintiff, has been endlessly, ridiculously repeating an untenable argument: that of illegitimately refusing to review the record upon Plaintiff's objection to the Report and the production of overlooked, convincing evidence:

> The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment. Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard. Indeed, in the present case, the District Judge made a *de novo* determination of the petition despite petitioner's failure even to suggest that the Magistrate erred. The Sixth Circuit's rule, therefore, has not removed "'the essential attributes of the judicial power,'" *Northern Pipeline Co.* v. *Marathon Pipe Line Co.,* <u>458 U. S. 50, 77 (1982) (plurality opinion),</u> quoting *Crowell* v. *Benson,* <u>285 U. S. 22, 51 (1932),</u> from the Article III tribunal.

*Thomas v. Arn,* <u>474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985).</u> Plaintiff attached a copy of the Opinion hereto.

Plaintiff insists that the Court's decisions are arbitrary and are not warranted by any laws. They are capricious and dictated by extrinsic, inappropriate considerations. In a word, they are not

permissible or within any range of decisions known to be permissible. And this, the Court is aware, requires the intervention of the Court of Appeals.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Cease from ignoring the evidence presented;

2. Reconsider Its erroneous, prior decisions;

3. Reinstate the Section 1981 retaliation claim; OR, in the alternative

4. Grant Plaintiff permission to amend his Third Amended Complaint.

Respectfully submitted on the 12th day of September, 2013

By:     HICHAM AZKOUR, pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing PLAINTIFF'S THIRD MOTION TO RECONSIDER, has been served upon the defendants' attorney of record on this 12th day of September 2013, VIA ECF/MAIL:

Andrew S. Hoffmann, Esq.

450 Seventh Avenue, Suite 1400

New York, New York 10123

Dated: September 12, 2013

By: HICHAM AZKOUR, pro se

_____

HICHAM AZKOUR

93 Pitt Street, Apt. 3B

New York, New York 10002

Email: hicham.azkour@gmail.com

8

http://www.lexisnexis.com/lnacui3api/delivery/PrintDoc.do?fromCart...

2 of 10 DOCUMENTS

**THOMAS v. ARN, SUPERINTENDENT, OHIO REFORMATORY FOR WOMEN**

No. 84-5630

**SUPREME COURT OF THE UNITED STATES**

**474 U.S. 140; 106 S. Ct. 466; 88 L. Ed. 2d 435; 1985 U.S. LEXIS 146; 54 U.S.L.W. 4032;
3 Fed. R. Serv. 3d (Callaghan) 436**

**October 7, 1985, Argued
December 4, 1985, Decided**

**PRIOR HISTORY:** CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT.

**DISPOSITION:** 728 F.2d 813, affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Upon writ of certiorari to the United States Court of Appeals for the Sixth Circuit, petitioner sought review of a decision that petitioner had waived her right to appeal by failing to file objections to the magistrate's report.

**OVERVIEW:** Petitioner was convicted of fatally shooting her common-law husband during an argument. Petitioner had raised the issue of self-defense at trial. The trial court refused to admit the testimony of expert witnesses concerning "battered wife syndrome." After exhausting state remedies, petitioner sought habeas corpus relief. The district court referred the case to a magistrate. The magistrate concluded that the trial court's failure to admit the proffered testimony had not impaired the fundamental fairness of the trial, and therefore, was not an adequate ground for habeas corpus relief. Petitioner failed to file objections to the report at any time. Thereafter, the appellate court held that petitioner waived the right to appeal the district court decision adopting the magistrate's report, because she failed to file objections to the report. The Court affirmed the judgment of the appellate court. An appellate court could properly exercise its supervisory powers to establish a rule that the failure of appellant to file an objection to a magistrate's report waived the right to appeal the district court's judgment.

**OUTCOME:** The Court affirmed a decision of the appellate court finding that petitioner had waived the right to appeal by failing to file objections to the magistrate's report.

**CORE TERMS:** file objections, recommendation, supervisory power, de novo, right to appeal, waive, waiver rule, procedural default, dispositive, waived, failure to object, de novo, notice, conclusions of law, habeas corpus relief, extension of time, sua sponte, legislative history, lesser, expert testimony, rule of procedure, rule adopted, judicial economy, written objections, evidentiary hearings, present case, adjunct, modify, admit, vest

**LexisNexis(R) Headnotes**

*Civil Procedure > Judicial Officers > Magistrates > Pretrial Orders*
[HN1] See 28 U.S.C.S. § 636(b)(1)(B).

*Civil Procedure > Judicial Officers > Magistrates > Trial by Consent & Appeal*
[HN2] See 28 U.S.C.S. § 636(b)(1)(C).

*Civil Procedure > Judicial Officers > Magistrates > General Overview*
*Criminal Law & Procedure > Appeals > Reviewability > Preservation for Review > Failure to Object*
*Criminal Law & Procedure > Appeals > Reviewability > Waiver > Waiver Triggers Generally*
[HN3] Failure to file timely objections to a magistrate's report with the district court waives subsequent review in the appellate court.

*Civil Procedure > Judicial Officers > Magistrates > General Overview*
*Criminal Law & Procedure > Appeals > Reviewability > Preservation for Review > Failure to Object*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN4] The permissive language of the Federal Magistrates Act (Act), 28 U.S.C.S. § 636, suggests that a party's failure to file objections is not a waiver of appellate review. However, the fundamental congressional policy underlying the Act, to improve access to the federal courts and aid the efficient administration of justice, is best served by holding that a party shall file objections with the district court or else waive right to appeal. Additionally, the magistrate shall inform a party that objections must be filed within 10 days or further appeal is waived. This ruling has only prospective effect because rules of procedure should promote, not defeat, the ends of justice.

*Criminal Law & Procedure > Counsel > Joint Representation*
*Governments > Courts > Rule Application & Interpretation*
[HN5] The appellate courts have supervisory powers that permit, at the least, the promulgation of procedural rules governing the management of litigation, such as requiring a district court inquiry concerning joint representation of criminal defendants.

*Governments > Courts > Rule Application & Interpretation*
[HN6] Federal courts have inherent authority to regulate technical details and policies intrinsic to the litigation process, such as establishing procedure for sua sponte dismissal of complaints, or establishing procedures for enjoining publication of information concerning a criminal trial.

*Civil Procedure > Judicial Officers > Magistrates > Pretrial Orders*
*Civil Procedure > Judicial Officers > Magistrates > Trial by Consent & Appeal*
[HN7] The same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies to objections to a magistrate's report.

*Civil Procedure > Judicial Officers > Magistrates > Pretrial Orders*
*Civil Procedure > Judicial Officers > Magistrates > Standards of Review*
*Civil Procedure > Appeals > Standards of Review > De Novo Review*
[HN8] The Federal Magistrates Act, 28 U.S.C.S. § 636(b)(1)(C), provides that a judge of the district court shall make a de novo determination of those portions of the magistrate's report or specified proposed findings or recommendations to which objection is made.

*Civil Procedure > Judicial Officers > Magistrates > General Overview*
*Criminal Law & Procedure > Appeals > Reviewability > Preservation for Review > Failure to Object*
[HN9] When a party fails to object timely to a magistrate's recommended decision, he waives any right to further judicial review of that decision.

*Civil Procedure > Judicial Officers > Magistrates > Standards of Review*
*Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review*
*Criminal Law & Procedure > Appeals > Reviewability > Preservation for Review > Failure to Object*
[HN10] Congress provides for a clearly erroneous or contrary to law standard of review of a magistrate's disposition of certain pretrial matters in the Federal Magistrates Act, 28 U.S.C.S. § 636(b)(1)(A).

*Civil Procedure > Judicial Officers > Magistrates > Objections*
*Civil Procedure > Judicial Officers > Magistrates > Pretrial Orders*
*Civil Procedure > Judicial Officers > Magistrates > Trial by Consent & Appeal*
[HN11] Where a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time. If any objections come in, the district court judge reviews the record and decides it. If no objections come in, the district court judge merely signs the magistrate's order.

*Civil Procedure > Judicial Officers > Magistrates > General Overview*

*Criminal Law & Procedure > Appeals > Reviewability > Preservation for Review > Failure to Object*
[HN12] Any party who is dissatisfied for any reason with a magistrate's report files objections and those objections trigger district court review.

*Civil Procedure > Judicial Officers > Magistrates > Pretrial Orders*
[HN13] It is not feasible for every judicial act, at every stage of the proceeding, to be performed by a judge of the court.

*Civil Procedure > Judicial Officers > Magistrates > Compensation & Fees*
*Civil Procedure > Judicial Officers > Magistrates > Referral*
*Governments > Courts > Judges*
[HN14] U.S. Const. art. III vests the judicial power of the U.S. in judges who have life tenure and protection from decreases in salary. Although a magistrate is not an Article III judge, a district court may refer dispositive motions to a magistrate for a recommendation so long as the entire process takes place under the district court's total control and jurisdiction, and the judge exercises the ultimate authority to issue an appropriate order.

*Governments > Courts > Creation & Organization*
*Governments > Courts > Judges*
[HN15] See U.S. Const. art. III, § 1.

*Civil Procedure > Judicial Officers > Magistrates > Pretrial Orders*
*Civil Procedure > Judicial Officers > References*
[HN16] The magistrate is appointed, and subject to removal, by the district court.

*Civil Procedure > Judicial Officers > Magistrates > Pretrial Orders*
[HN17] The only conceivable danger of a threat to the independence of the magistrate comes from within, rather than without, the judicial department.

*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection*
[HN18] The state certainly accords due process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule.

*Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > Extensions*
*Civil Procedure > Judicial Officers > Magistrates > Objections*
*Civil Procedure > Judicial Officers > Magistrates > Standards of Review*
[HN19] A court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired. Such a rule, at least when it incorporates clear notice to the litigants and an opportunity to seek an extension of time for filing objections, is a valid exercise of the supervisory power that does not violate either the Federal Magistrates Act or the Constitution.


**DECISION:** Federal Court of Appeal's rule that failure to file timely objections to magistrate's report waives right to appeal District Court's judgment adopting the report held not to violate either the Federal Magistrates Act or the Federal Constitution.


**SUMMARY:** A state prisoner who had been convicted of homicide in an Ohio court, after having exhausted state remedies, sought habeas corpus relief in the United States District Court for the Northern District of Ohio. The district judge referred the case to a United States magistrate, who issued a report recommending denial of the writ and containing proposed findings of fact and conclusions of law and a notice that failure to file objections within 10 days would waive her right to appeal the District Court's order. The state prisoner failed to file objections despite this notice and an extension of time granted by the district judge; nevertheless, the district judge sua sponte reviewed the entire record de novo and dismissed the habeas corpus petition on the merits. On appeal, the prisoner provided no explanation for her failure to object to the magistrate's report. Without reaching the merits, the United States Court of Appeals for the Sixth Circuit affirmed, holding that the prisoner had waived the right to appeal by failing to file objections to the magistrate's report (728 F.2d 813).

On certiorari, the United States Supreme Court affirmed. In an opinion by Marshall, J., joined by Burger, Ch. J., and by White, Powell, Rehnquist, and O'Connor, JJ., the court held that a United States Court of Appeals may adopt a rule conditioning appeal, when taken from a District Court's judgment adopting a magistrate's recommendation, upon the filing of objections with the District Court identifying those issues on which further review is desired. The court said that such a rule, at least when it incorporates rates clear notice to the litigants and an opportunity to seek an extension of time for filing objections, is a valid exercise of the court's supervisory power which does not violate either the Federal Magistrates Act or the Federal Constitution.

Brennan, J., joined by Blackmun, J., dissented, expressing the view that the rule that a party waives his right to appeal the judgment of the District Court by failing to file timely objections to a magistrate's report conflicts with the plain language of the Federal Magistrates Act.

Stevens, J., dissented, expressing the view that since the District Court decided the merits of the prisoner's claim in this case, she had a right to review in the Court of Appeals.

## LAWYERS' EDITION HEADNOTES:

### [***LEdHN1]

COURTS §235.5

Federal Court of Appeals -- supervisory power -- rule conditioning appeal upon filing of objections to magistrate's report --

Headnote:[1A][1B]

A United States Court of Appeals, in exercising its supervisory powers, may adopt a rule conditioning appeal, when taken from a United States District Court's judgment adopting a recommendation of a United States magistrate, upon the filing of objections with the District Court identifying those issues on which further review is desired. (Brennan and Blackmun, JJ., dissented from this holding.)

### [***LEdHN2]

COURTS §235.5

Federal Court of Appeals -- supervisory power -- promulgation of procedural rules --

Headnote:[2]

A United States Court of Appeals has supervisory powers which permit, at the least, the promulgation of procedural rules governing the management of litigation deemed desirable from the viewpoint of sound judicial practice although not commanded by statute or by the United States Constitution.

### [***LEdHN3]

COURTS §235.5

Federal Court of Appeals' waiver of appellate review rule -- Federal Magistrates Act --

Headnote:[3A][3B]

A United States Court of Appeals' rule that the failure to file timely objections to a United States magistrate's report waives the right to appeal the United States District Court's judgment adopting that report does not violate the Federal Magistrates Act, which provides that a party may file objections to the magistrate's report within 10 days and that the district judge shall make a de novo determination of those portions of the report to which objection is made (28 USCS 636(b)(1)(C)); nothing in that Act or its legislative history shows that Congress intended to forbid such a rule; moreover, the waiver of appellate review is not inconsistent with the Act's purposes. (Brennan and Blackmun, JJ., dissented from this holding.)

[***LEdHN4]

COURTS §235.5

Federal Court of Appeals' waiver of appellate review rule -- Article III --

Headnote:[4A][4B]

A United States Court of Appeals' rule that the failure to file timely objections to a United States magistrate's report waives the right to appeal the United States District Court's judgment adopting that report does not implicate Article III of the United States Constitution because it is the District Court, not the Court of Appeals, that must exercise supervision over the magistrate, and the rule does not elevate the magistrate from an adjunct to the functional equivalent of an Article III judge, but merely establishes a procedural default that has no effect on the magistrate's or the court's jurisdiction.

[***LEdHN5]

CONSTITUTIONAL LAW §786

COURTS §235.5

Federal Court of Appeals' waiver of appellate review rule -- due process clause --

Headnote:[5A][5B]

A United States Court of Appeals' rule that the failure to file timely objections to a United States magistrate's report waives the right to appeal the United States District Court's judgment adopting that report does not violate the due process clause of the Fifth Amendment where the rule incorporates clear notice to the litigants and provides an opportunity to seek an extension of time for filing objections.

**SYLLABUS**

Petitioner was convicted of homicide in an Ohio court, and ultimately the Ohio Supreme Court upheld the conviction. She sought habeas corpus relief in the Federal District Court, which referred the case to a Magistrate, who issued a report recommending denial of the writ and containing proposed findings and conclusions of law and a notice that failure to file objections within 10 days waived the right to appeal the District Court's order. Petitioner failed to file objections even though she had received an extension of time to do so, but the District Judge *sua sponte* reviewed the entire record *de novo* and dismissed the petition on the merits. On appeal, petitioner provided no explanation for her failure to object to the Magistrate's report. Without reaching the merits, the Court of Appeals affirmed, holding that petitioner had waived the right to appeal by failing to file objections to the Magistrate's report.

*Held*: A court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired. Such a rule, at least when (as here) it incorporates clear notice to the litigants and an opportunity to seek an extension of time for filing objections, is a valid exercise of the court's supervisory power that does not violate either the Federal Magistrates Act or the Constitution. Pp. 145-155.

(a) Here, the Court of Appeals intended to adopt a rule of procedure in the exercise of its supervisory power. Neither the intent nor the practical effect of the court's waiver rule is to restrict the court's own jurisdiction. Pp. 145-146.

(b) The courts of appeals have supervisory powers that permit, at the least, the promulgation of procedural rules governing the management of litigation. The fact that the Sixth Circuit has deemed petitioner to have forfeited her statutory right to an appeal is not enough, standing alone, to invalidate the court's exercise of its supervisory power. Moreover, the Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy. Pp. 146-148.

(c) Neither the language nor the legislative history of the Federal Magistrates Act -- which provides that a litigant "may" file objections to the magistrate's report within 10 days and thus obtain *de novo* review by the district judge, 28 U. S. C. § 636(b) (1)(C) -- supports petitioner's argument that the Act precludes the waiver rule adopted by the Sixth Circuit. The Act does not

require that the district court review the magistrate's report under some lesser standard than *de novo* review when no objection is filed. Nor does the obligatory filing of objections under the Act extend only to findings of fact and not to the magistrate's conclusions of law. Moreover, the waiver of appellate review is not inconsistent with the Act's purposes. Pp. 148-153.

(d) The waiver of appellate review does not violate Article III of the Constitution. Although a magistrate is not an Article III judge, a district court may refer dispositive motions to a magistrate for a recommendation so long as the entire process takes place under the district court's control and jurisdiction, and the judge exercises the ultimate authority to issue an appropriate order. The waiver of appellate review does not implicate Article III, because it is the district court, not the court of appeals, that must exercise supervision over the magistrate, and the waiver rule does not elevate the magistrate from an adjunct to the functional equivalent of an Article III judge. Nor does the waiver rule violate the Due Process Clause of the Fifth Amendment. Petitioner's statutory right of appeal was not denied; it was merely conditioned upon the filing of a piece of paper. Pp. 153-155.

**COUNSEL:** Christopher D. Stanley argued the cause for petitioner. With him on the brief was Louis A. Jacobs.

Richard David Drake, Assistant Attorney General of Ohio, argued the cause for respondent. With him on the brief was Anthony J. Celebrezze, Jr., Attorney General.

**JUDGES:** MARSHALL, J., delivered the opinion of the Court, in which BURGER, C. J., and WHITE, POWELL, REHNQUIST, and O'CONNOR, JJ., joined. BRENNAN, J., filed a dissenting opinion, in which BLACKMUN, J., joined, post, p. 156. STEVENS, J., filed a dissenting opinion, post, p. 157.

**OPINION BY:** MARSHALL

**OPINION**

[*141] [***440] [**468] JUSTICE MARSHALL delivered the opinion of the Court.

[***LEdHR1A] [1A]In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U. S. C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. [*142] Pub. L. 94-577, 90 Stat. 2729. [1] The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge. [2] The question presented is whether a court of appeals may exercise its supervisory powers to establish a rule that the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment. We hold that it may.

---

1 [HN1] Title 28 U. S. C. § 636(b)(1)(B) provides:

"[A] judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement."

The motions excepted in § 636(b)(1)(A), and included by reference in subparagraph (B), are motions

"for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."

2 [HN2] Title 28 U. S. C. § 636(b)(1)(C) provides:

"[The] magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

"Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions."

I

Petitioner was convicted by an Ohio court in 1978 of fatally shooting her common-law husband during an argument. **[*143]** The evidence at trial showed that the victim was a violent man who had beaten petitioner on a number of occasions during the previous three years. Petitioner raised the issue of self-defense at trial, and sought to call two witnesses who would present expert testimony concerning the Battered Wife Syndrome. After conducting a *voir dire* of these witnesses in chambers, the trial court refused to admit the testimony, on the grounds that the jury did not need the assistance of expert testimony to understand the case and that the witnesses, who had not **[***441]** personally examined petitioner, could not testify about her state of mind at the time of the shooting.

The Court of Appeals of Cuyahoga County reversed. *State* v. *Thomas*, 64 Ohio App. 2d 141, **[**469]** 411 N. E. 2d 845 (1979). The court's syllabus [3] concluded that testimony concerning the Battered Wife Syndrome is admissible "to afford the jury an understanding of the defendant's state of mind at the time she committed the homicide." App. 9. The Ohio Supreme Court, on discretionary review, reversed. *State* v. *Thomas*, 66 Ohio St. 2d 518, 423 N. E. 2d 137 (1981). The court held that the testimony was irrelevant to the issue of self-defense, and that its prejudicial effect would outweigh its probative value. Having exhausted state remedies, petitioner sought habeas corpus relief in the United States District Court for the Northern District of Ohio. The petition raised, *inter alia*, the question whether petitioner was denied a fair trial by the trial court's refusal to admit testimony concerning the Battered Wife Syndrome. Petitioner filed a memorandum of law in support of the petition. The District Judge, acting pursuant to 28 U. S. C. § 636(b)(1)(B), referred the case, including petitioner's memorandum of law, to a Magistrate. The Magistrate did not hold a hearing. On May 11, 1982, the Magistrate issued his report, containing proposed findings of fact and conclusions of law and recommending **[*144]** that the writ be denied. On the issue of the Battered Wife Syndrome testimony, the Magistrate concluded that the trial court's failure to admit the proffered testimony had not impaired the fundamental fairness of the trial, and therefore was not an adequate ground for habeas corpus relief.

3 In Ohio, the court's syllabus contains the controlling law. See *Engle* v. *Isaac*, 456 U.S. 107, 111, n. 3 (1982), citing *Haas* v. *State*, 103 Ohio St. 1, 7-8, 132 N. E. 158, 159-160 (1921).

The last page of the Magistrate's report contained the prominent legend:

"ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. See: *United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981)."

Despite this clear notice, petitioner failed to file objections at any time. She sought and received an extension of time to file objections through June 15, 1982, on the grounds that "this case entails many substantive issues and counsel needs more time to write his brief." However, petitioner made no further submissions on the merits to the District Court. Notwithstanding petitioner's failure to file objections, the District Judge *sua sponte* "[reviewed] . . . the entire record *de novo*," App. 59, and dismissed the petition on the merits. Petitioner sought and was granted leave to appeal.

Petitioner's brief on appeal raised only the issue of the Battered Wife Syndrome testimony. The brief provided no explanation for petitioner's failure to object to the Magistrate's report. Counsel for petitioner waived oral argument, and the case was decided on the briefs. The Court of Appeals for the Sixth Circuit affirmed. 728 F.2d 813 (1984). **[***442]** Without reaching the merits, it held that petitioner had waived the right to appeal by failing to file objections to the Magistrate's report. *Id.*, at 815. The court relied upon its prior decision in *United States* v. *Walters*, 638 F.2d 947 (1981), which established the prospective rule that **[HN3]** failure to file timely objections with the district court waives subsequent review in the **[*145]** court of appeals. We granted the petition for a writ of certiorari, 470 U.S. 1027 (1985), and we now affirm.

II

In *United States* v. *Walters, supra,* the appellant failed to object to the Magistrate's report, and the District Court adopted that report as its disposition of the case. The appellant then brought an appeal. The Court of Appeals for the Sixth Circuit considered the threshold question whether the appellant's failure to apprise the District Court of its disagreement with [**470] the Magistrate's recommendation waived the right to appeal. The court held:

[HN4] "The permissive language of 28 U. S. C. § 636 suggests that a party's failure to file objections is not a waiver of appellate review. However, the fundamental congressional policy underlying the Magistrate's Act -- to improve access to the federal courts and aid the efficient administration of justice -- is best served by our holding that a party shall file objections with the district court or else waive right to appeal. Additionally, through the exercise of our supervisory power, we hold that a party shall be informed by the magistrate that objections must be filed within ten days or further appeal is waived.

. . . .

"However, we give our ruling only prospective effect because rules of procedure should promote, not defeat the ends of justice. . . ." *Id.,* at 949-950 (footnote and citations omitted).

The nature of the rule and its prospective application demonstrate that the court intended to adopt a "[rule] of procedure," *id.,* at 950, in the exercise of its supervisory powers. Later opinions of the Sixth Circuit make it clear that the court views *Walters* in this way. See *Patterson* v. *Mintzes,* 717 F.2d 284, 286 (1983) ("In *Walters* . . . this Court promulgated [a] rule of waiver"); *United States* v. *Martin,* 704 F.2d 267, 275 (1983) (Jones, J., concurring) (characterizing *Walters* [*146] as "[rulemaking] through the exercise of supervisory powers"). Thus, petitioner's first contention -- that the Court of Appeals has refused to exercise the jurisdiction that Congress granted it -- is simply inaccurate. The Court of Appeals expressly acknowledged that it had subject-matter jurisdiction over petitioner's appeal. 728 F.2d, at 814. The Sixth Circuit has also shown that its rule is not jurisdictional by excusing the procedural default in a recent case. See *Patterson* v. *Mintzes, supra* (considering appeal on merits despite *pro se* litigant's late filing of objections). We therefore conclude that neither the intent nor the practical effect of the Sixth Circuit's waiver rule is to restrict the court's own jurisdiction. [4]

4 The First, Second, Fourth, and Fifth Circuits have adopted waiver rules similar to the Sixth Circuit rule at issue in the present case. See *Park Motor Mart, Inc.* v. *Ford Motor Co.,* 616 F.2d 603 (CA1 1980); *McCarthy* v. *Manson,* 714 F.2d 234, 237 (CA2 1983); *United States* v. *Schronce,* 727 F.2d 91 (CA4), cert. denied, 467 U.S. 1208 (1984); *United States* v. *Lewis,* 621 F.2d 1382, 1386 (CA5 1980), cert. denied, 450 U.S. 935 (1981). The Ninth and Eleventh Circuits have concluded that the failure to file objections waives only factual issues on the appeal. See *Britt* v. *Simi Valley Unified School District,* 708 F.2d 452, 454 (CA9 1983) (order denying petition for rehearing); *Nettles* v. *Wainwright,* 677 F.2d 404 (CA5 1982) (en banc); but see *Lorin Corp.* v. *Goto & Co.,* 700 F.2d 1202, 1205-1207 (CA8 1983) (rejecting waiver rule, at least where parties had not been notified that failure to object would waive appeal). In none of these cases have the courts spoken in jurisdictional terms.

III

[***443] [***LEdHR2] [2]It cannot be doubted that [HN5] the courts of appeals have supervisory powers that permit, at the least, the promulgation of procedural rules governing the management of litigation. Cf. *Cuyler* v. *Sullivan,* 446 U.S. 335, 346, n. 10 (1980) (approving exercise of supervisory powers to require district court inquiry concerning joint representation of criminal defendants). Indeed, this Court has acknowledged the power of the courts of appeals to mandate "procedures deemed desirable from the viewpoint of sound judicial practice although [*147] in nowise commanded by statute or by the Constitution." *Cupp* v. *Naughten,* 414 U.S. 141, 146 (1973); see also *Barker* v. *Wingo,* 407 U.S. 514, 530, n. 29 (1972).
5 [**471] Had petitioner failed to comply with a scheduling order or pay a filing fee established by a court of appeals, that court could certainly dismiss the appeal. Cf. *Link* v. *Wabash R. Co.,* 370 U.S. 626 (1962) (recognizing "inherent power" of court to dismiss case for want of prosecution). The fact that the Sixth Circuit has deemed petitioner to have forfeited her statutory right to an appeal is not enough, standing alone, to invalidate the court's exercise of its supervisory power.

http://www.lexisnexis.com/lnacui2api/delivery/PrintDoc.do?fromCart...

5 This power rests on the firmest ground when used to establish rules of judicial procedure. See Beale, Reconsidering Supervisory Power in Criminal Cases: Constitutional and Statutory Limits on the Authority of the Federal Courts, 84 Colum. L. Rev. 1433, 1465 (1984) ( [HN6] federal courts have inherent authority to regulate "technical details and policies intrinsic to the litigation process"). The Courts of Appeals have often exercised that authority. See, e. g., Tingler v. Marshall, 716 F.2d 1109, 1112 (CA6 1983) (establishing procedure for sua sponte dismissal of complaints); United States v. Florea, 541 F.2d 568, 572 (CA6 1976) (prospective rule holding that contact between party's agent and juror is per se prejudicial), cert. denied, 430 U.S. 945 (1977); United States v. Schiavo, 504 F.2d 1, 7-8 (CA3) (en banc) (establishing procedures for enjoining publication of information concerning criminal trial), cert. denied sub nom. Ditter v. Philadelphia Newspapers, Inc., 419 U.S. 1096 (1974).

The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy. The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute. 6 The Sixth Circuit's [***444] rule, by precluding appellate [*148] review of any issue not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. In short, [HN7] "[the] same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here." United States v. Schronce, 727 F.2d 91, 94 (CA4) (footnote omitted), cert. denied, 467 U.S. 1208 (1984).

6 In the present case, the filing of objections could have resulted in a considerable saving of judicial time. The original petition contained several grounds for relief, but on appeal petitioner raised only the issue of the admissibility of expert testimony on the Battered Wife Syndrome. Had petitioner objected only to that aspect of the Magistrate's report, the Magistrate's review would have served to narrow the dispute for the District Judge, and petitioner would have preserved her right to appeal the exclusion of her expert testimony.

IV

Even a sensible and efficient use of the supervisory power, however, is invalid if it conflicts with constitutional or statutory provisions. A contrary result "would confer on the judiciary discretionary power to disregard the considered limitations of the law it is charged with enforcing." United States v. Payner, 447 U.S. 727, 737 (1980). Thus we now consider whether the Sixth Circuit's waiver rule conflicts with statutory law or with the Constitution.

A

[***LEdHR3A] [3A]Petitioner argues that the Federal Magistrates Act precludes the waiver rule adopted by the Sixth Circuit. Her argument focuses on the permissive nature of the statutory language. The statute provides that a litigant "may" file objections, and nowhere states that the failure to do so will waive an appeal. Petitioner cites the Eighth Circuit's conclusion that "[one] would think that if Congress had wished such a drastic consequence to follow from the missing of the ten-day time limit, it would have said so explicitly." Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1206 (1983). However, [*149] we need not decide whether the Act mandates a waiver of appellate [**472] review absent objections. We hold only that it does not forbid such a rule.

[HN8] Section 636(b)(1)(C) provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection. Petitioner argues, however, that the statutory language and purpose implicitly require the district court to review a magistrate's report even if no party objects. If petitioner's interpretation of the statute is correct, then the waiver of appellate review, as formulated by the Sixth and other Circuits, proceeds from an erroneous assumption -- that the failure to object may constitute a procedural default waiving review even at the district court level. 7 Moreover, were the district judge required to review [***445] the magistrate's report in every case, the waiver of appellate review would not promote judicial economy as discussed in Part III, supra.

7 The Sixth Circuit, in Walters, cited with approval the First Circuit's decision in Park Motor Mart, which held that "a party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration." 616 F.2d, at 605; see Walters, 638 F.2d, at 950.

See also *McCarthy* v. *Manson*, 714 F.2d, at 237 (" [HN9] When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision") (footnote and citation omitted).

Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report under some lesser standard. However, § 636(b)(1)(C) simply does not provide for such review. This omission does not seem to be inadvertent, because [HN10] Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A). See *Park Motor Mart, Inc.* v. *Ford Motor Co.*, 616 F.2d 603, 605 (CA1 1980). Nor [*150] does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. We are therefore not persuaded that the statute positively requires some lesser review by the district court when no objections are filed.

Petitioner also argues that, under the Act, the obligatory filing of objections extends only to findings of fact. She urges that Congress, in order to vest final authority over questions of law in an Article III judge, intended that the district judge would automatically review the magistrate's conclusions of law. We reject, however, petitioner's distinction between factual and legal issues. Once again, the plain language of the statute recognizes no such distinction. [8] We also fail to find such a requirement in the legislative history.

8 This is so even though the category of dispositive matters subject to *de novo* review by the district judge as of right only upon filing of objections includes motions for judgment on the pleadings and dismissal for failure to state a claim on which relief can be granted, which consist exclusively of issues of law. See n. 1, *supra*.

It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976) (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. [9] Moreover, [***446] the Subcommittee [*151] that drafted [**473] and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that [HN11] "[where] a magistrate makes a finding *or ruling* on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See *id.*, at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order"). [10] The [*152] Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that [HN12] any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. [11] There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

9 Petitioner points to a passage in the House Report that quotes from *Campbell* v. *United States District Court*, 501 F.2d 196, 206 (CA9), cert. denied, 419 U.S. 879 (1974). The Ninth Circuit concluded: "If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law." See House Report, at 3. However, that statement was part of a longer quotation setting a *de novo* review standard when objections are filed. The House Report stated that a House amendment, which called for *de novo* review in the same circumstances, was "adopted" from the Ninth Circuit's decision in *Campbell*. House Report, at 3. We believe, therefore, that the House Report used the language from *Campbell* only to support a *de novo* standard upon the filing of objections, and not for any other proposition.

10 Indeed, Judge Metzner specifically addressed the difference between a magistrate's ruling on a nondispositive motion, which Congress clearly "intended to be 'final'" unless a judge of the court exercises his ultimate authority to reconsider the magistrate's determination," Senate Report, at 8, and a ruling on a dispositive motion. Judge Metzner concluded: "I think we are talking more about form, than we are of substance." Senate Hearings, at 12.

Moreover, both Judge Metzner and the Judicial Conference were of the opinion that Congress could probably vest magistrates with the authority to make a final decision on dispositive motions without violating Article III, and that the language of § 636(b)(1)(B), calling for the magistrate to make only recommendations on dispositive motions, was adopted out of an abundance of caution. See Senate Hearings, at 6 (statement of Judge Metzner); *id.*, at 35 (report of Judicial Conference of the United States). While we express no view on the accuracy of those opinions, we think they are relevant to Congress' intent. See also House Report, at 8 (" [HN13] it is not feasible for every judicial act, at every stage of the proceeding, to be performed by 'a judge of the court'").

11 See Senate Hearings, at 32 (statement of William P. Westphal, Chief Counsel) (filing objections as provided in the statute "is the procedure for them to follow, if they feel aggrieved by any of these motions").

Nor is the waiver of appellate review inconsistent with the purposes of the Act. The Act grew out of [***447] Congress' desire to give district judges "additional assistance" in dealing with a caseload that was increasing far more rapidly than the number of judgeships. *Mathews* v. *Weber*, 423 U.S. 261, 268 (1976). [12] Congress did not intend district judges "to devote a [*153] substantial portion of their available time to various procedural [**474] steps rather than to the trial itself." House Report, at 7. Nor does the legislative history indicate that Congress intended this task merely to be transferred to the court of appeals. It seems clear that Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution. We now turn to the latter question.

12 The 1976 amendments were prompted by this Court's decision in *Wingo* v. *Wedding*, 418 U.S. 461 (1974). That case held that Congress had not intended, in enacting the Federal Magistrates Act in 1968, to permit a magistrate to conduct an evidentiary hearing on a habeas corpus petition. Congress enacted the 1976 amendments to "[restate] and [clarify]" Congress' intent to permit magistrates to hold evidentiary hearings and perform other judicial functions. See Senate Report, at 3.

B

[***LEdHR4A] [4A]Petitioner contends that the waiver of appellate review violates Article III and the Due Process Clause of the Fifth Amendment. [HN14] Article III vests the judicial power of the United States in judges who have life tenure and protection from decreases in salary. [13] Although a magistrate is not an Article III judge, this Court has held that a district court may refer dispositive motions to a magistrate for a recommendation so long as "the entire process takes place under the district court's total control and jurisdiction," *United States* v. *Raddatz*, 447 U.S. 667, 681 (1980), and the judge "'[exercises] the ultimate authority to issue an appropriate order,'" *id.*, at 682, quoting Senate Report, at 3. The Sixth Circuit's rule, as petitioner sees it, permits a magistrate to exercise the Article III judicial power, because the rule forecloses meaningful review of a magistrate's report at both the district and appellate levels if no objections are filed.

13 [HN15] Article III, § 1, of the Constitution provides:

"The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."

We find that argument untenable. The waiver of appellate review does not implicate Article III, because it is the [*154] district court, not the court of appeals, that must exercise supervision over the magistrate. Even assuming, however, that the effect of the Sixth Circuit's rule is to permit both the district judge and the court of appeals to refuse to review a magistrate's report absent timely objection, we do not believe that the rule elevates the magistrate from an adjunct to the functional equivalent of an Article III judge. The rule merely establishes a procedural default that has no effect on the magistrate's or the

court's jurisdiction. The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case [***448] to the magistrate, to review the magistrate's report, and to enter judgment. Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard. Indeed, in the present case, the District Judge made a *de novo* determination of the petition despite petitioner's failure even to suggest that the Magistrate erred. The Sixth Circuit's rule, therefore, has not removed "'the essential attributes of the judicial power,'" *Northern Pipeline Co.* v. *Marathon Pipe Line Co.*, 458 U.S. 50, 77 (1982) (plurality opinion), quoting *Crowell* v. *Benson*, 285 U.S. 22, 51 (1932), from the Article III tribunal. [14]

14 The plurality in *Northern Pipeline*, and the concurrence in *Raddatz*, noted that the magistrate himself remains under the district court's authority. [HN16] The magistrate is appointed, and subject to removal, by the district court. See *Northern Pipeline*, 458 U.S., at 79, and n. 30; *Raddatz*, 447 U.S., at 685 (BLACKMUN, J., concurring) [HN17] ("[The] only conceivable danger of a 'threat' to the 'independence' of the magistrate comes from within, rather than without, the judicial department"). Those observations, of course, are also relevant here, and again weigh on the side of concluding that a magistrate remains an adjunct even though the district court and the court of appeals may refuse to entertain issues that are not raised in properly filed objections.

[*155] [***LEdHR5A] [5A]Petitioner claims also that she was denied her statutory right of appeal, in violation of the Due Process Clause. That right was not denied, however; it was merely conditioned upon the filing of a [**475] piece of paper. Petitioner was notified in unambiguous terms of the consequences of a failure to file, and deliberately failed to file nevertheless. We recently reiterated our longstanding maxim that [HN18] "the State certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule." *Logan* v. *Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982). The same rationale applies to the forfeiture of an appeal, and we believe that the Sixth Circuit's rule is reasonable. Litigants subject to the Sixth Circuit's rule are afforded "'an *opportunity* . . . granted at a meaningful time and in a meaningful manner,'" *ibid.*, quoting *Armstrong* v. *Manzo*, 380 U.S. 545, 552 (1965), to obtain a hearing by the Court of Appeals. We also emphasize that, because the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice. [15]

15 Cf. Fed. Rule Crim. Proc. 52(b) (court may correct plain error despite failure of party to object). We need not decide at this time what standards the courts of appeals must apply in considering exceptions to their waiver rules.

## V

[***LEdHR1B] [1B] [***LEdHR3B] [3B] [***LEdHR4B] [4B] [***LEdHR5B] [5B]We hold that [HN19] a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired. Such a rule, at least when it incorporates clear notice to the [***449] litigants and an opportunity to seek an extension of time for filing objections, is a valid exercise of the supervisory power that does not violate either the Federal Magistrates Act or the Constitution. The judgment of the Court of Appeals is

*Affirmed.*

**DISSENT BY:** BRENNAN; STEVENS

**DISSENT**

[*156] JUSTICE BRENNAN, with whom JUSTICE BLACKMUN joins, dissenting.

Under the rule adopted by the United States Court of Appeals for the Sixth Circuit and sanctioned by this Court, a party waives his right to appeal the judgment of the district court by failing to file timely objections to a magistrate's report. Because this rule conflicts with the plain language of the Federal Magistrate's Act, I dissent.

The Magistrate's Act states that "any party may serve and file written objections to [the magistrate's] proposed findings and recommendations. . . . A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U. S. C. § 636(b)(1)(C). The Act clearly specifies the penalty for a party's failure to file objections to the magistrate's report -- the party loses his right to *de novo* review by the district court. The Act does not *require* a party to file objections. And it does not, contrary to the Sixth Circuit's rule, provide that a party's failure to file objections deprives him of the right to *any* review by the district court, * or by the court of appeals. Rather, the district court judge retains the power, and indeed the obligation, to "accept, reject, or modify" the magistrate's findings and recommendations. 28 U. S. C. § 636(b)(1)(C). The Act leaves unaffected a party's right to appeal the judgment of the district court to the court of appeals.

* The absence of an objection cannot "[relieve] the district court of its obligation to act judicially, to decide for itself whether the Magistrate's report is correct." *Lorin Corp.* v. *Goto & Co.*, 700 F.2d 1202, 1206 (CA8 1983).

A habeas applicant is entitled to appeal only the final order of the district court. [**476] 28 U. S. C. § 2253. I fail to understand how petitioner could have waived her right to appeal a final order *before* that order was rendered. The majority attempts to justify this result by characterizing the Sixth Circuit's rule as a simple exercise of its supervisory powers. [*157] While I do not question the Court of Appeals' authority to promulgate reasonable procedural rules, I would not sanction a rule that imposes a penalty for failure to file objections beyond that contemplated by Congress. Because the Sixth Circuit's "supervisory rule" unlawfully deprives petitioner of her statutory right to appeal the District Court's judgment, I respectfully dissent.

JUSTICE STEVENS, dissenting.

The waiver rule adopted by the United States Court of Appeals for the Sixth Circuit is neither required nor prohibited by the Federal Magistrates Act. As a product of that court's supervisory power, it need not conform to the practice followed in other circuits. Hence, despite the appearance of a conflict among the circuits, the interest in uniform interpretation [***450] of federal law is not implicated and this Court might have been well advised simply to deny the petition for certiorari. Since the Court has elected to review the application of the Sixth Circuit's rule, however, I believe it should modify it in one respect.

As the Court demonstrates, in most cases it is surely permissible to treat the failure to file timely objections to a magistrate's report as a waiver of the right to review, not only in the district court, but in the court of appeals as well. But our precedents often recognize an exception to waiver rules -- namely, when a reviewing court decides the merits of an issue even though a procedural default relieved it of the duty to do so. See, e. g., *Oklahoma City* v. *Tuttle*, 471 U.S. 800, 815-816 (1985) (reaching merits despite failure to object to jury instruction because Court of Appeals overlooked default); *On Lee* v. *United States*, 343 U.S. 747, 750, n. 3 (1952) ("Though we think the Court of Appeals would have been within its discretion in refusing to consider the point, their having passed on it leads us to treat the merits also"). It is for this reason that we may disregard a procedural default in a state trial court if a state appellate court addresses the federal issue. E. g., *Ulster County Court* v. [*158] *Allen*, 442 U.S. 140, 149 (1979); *Raley* v. *Ohio*, 360 U.S. 423, 436-437 (1959). In such cases, the reasons for relying on the procedural default as a bar to further review are generally, if not always, outweighed by the interest in having the merits of the issue correctly resolved.

A similar exception should be recognized in this case. When the district court elects to exercise its power to review a magistrate's report *de novo* and renders an opinion resolving an issue on the merits, there is no danger of "sandbagging" the district judge. See *ante*, at 148. Moreover, if the district judge has concluded that there is enough merit in a claim to warrant careful consideration and explanation despite the litigant's failure to object before the magistrate, the interest in minimizing the risk of error should prevail over the interest in requiring strict compliance with procedural rules. Because the District Court decided the merits of petitioner's claim in this case, I would hold that she has a right to review in the Court of Appeals. To that admittedly limited extent, I respectfully dissent.

**REFERENCES**

Supreme Court's views as to validity, construction, and application of Federal Magistrates Act (28 USCS 631-639)

21 Am Jur 2d, Criminal Law 360; 32 Am Jur 2d, Federal Practice and Procedure 138; 39 Am Jur 2d, Habeas Corpus 142.5

8 Federal Procedure, L Ed, Criminal Procedure 22:82

7 Federal Procedural Forms, L Ed, Criminal Procedure 20:1107

11 Am Jur Pl & Pr Forms (Rev), Federal Criminal Procedure, Forms 43, 44

USCS, Constitution, Article III and Fifth Amendment 28 USCS 636(b)(1)(C)

US L Ed Digest, Constitutional Law 786; Courts 235.5

L Ed Index to Annos, Courts; Magistrate; Rules of Court

ALR Quick Index, Courts; Magistrate; Rules of Court

Federal Quick Index, Courts; Magistrates ;Rules of Court

Annotation References:

Duty of District Court to hold evidentiary hearing before acting upon magistrate's findings of fact and recommendations submitted pursuant to 28 USCS 636(b)(1)(B). 49 ALR Fed 763.