UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HICHAM AZKOUR,

        Plaintiff,

    -against-      **MEMORANDUM AND ORDER**

JEAN-YVES HAOUZI, FRANCK MAUCORT,   11 Civ. 5780 (RJS)(KNF)
JESSICA COMPERIATI, LITTLE REST
TWELVE, INC., SHELDON SKIP TAYLOR,
LAW OFFICES OF SHELDON SKIP TAYLOR,

        Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    Plaintiff Hicham Azkour, proceeding pro se, brings this action alleging, inter alia, violations of 42 U.S.C. § 1981 ("§ 1981") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq., against defendants Jean-Yves Haouzi, Franck Maucort, Jessica Comperiati and Little Rest Twelve, Inc. Before the Court is the plaintiff's request for permission to file a motion for leave to amend his third-amended complaint, pursuant to Federal Rule of Civil Procedure 15(a).[1] The defendants oppose the request for permission to file the motion.

## BACKGROUND

    The plaintiff filed his third-amended complaint on February 2, 2012, making fourteen claims against the defendants, including discrimination on the basis of race under § 1981, discrimination under the ADA, and retaliation under both § 1981 and the ADA. Thereafter, on November 5, 2012, the plaintiff filed a "Notice of Voluntary Partial Dismissal And Request For

---

[1] On May 1, 2012, the Court directed the parties not to file any motions without first making a written request to the Court for permission to do so.

Leave To Amend The Third Amended Complaint;" a proposed fifth-amended complaint was included as an attachment to the request to file a motion.

On December 3, 2012, the defendants moved to dismiss the third-amended complaint. Thereafter, on August 1, 2013, the assigned district judge adopted the undersigned's recommendation, and granted the defendants' motion with respect to the plaintiff's claims of discrimination under the ADA and retaliation under both the ADA and § 1981, but denied the motion with respect to the plaintiff's claim of discrimination under § 1981.[2]

The plaintiff filed a "Renewed Request For Leave To Amend His Third Amended Complaint" on July 19, 2013. As set forth in his proposed fifth-amended complaint, the plaintiff seeks to amend his earlier pleading to include claims for intentional discrimination in violation of § 1981, intentional discrimination under the ADA, retaliation under § 1981 and the ADA, and "coercion, intimidation, threats, and interference in violation of the [ADA]."

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Leave to amend a pleading "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

In this case, it would be futile to allow the plaintiff to amend his third-amended complaint because the proposed new claims are essentially identical to the corresponding claims

---

[2] By the same order, the assigned district judge gave effect to the plaintiff's notice of voluntary dismissal.

set forth in his third-amended complaint. As noted earlier, each of these claims has been reviewed in the context of an analysis of the defendants' motion to dismiss and, with one exception, has been found to be deficient.

Specifically, the plaintiff's proposed claims for retaliation under § 1981 and the ADA, and for discrimination and coercion under the ADA, were presented in the third-amended complaint and dismissed for failure to state a claim upon which relief can be granted. Hence, it would be futile for these claims to be resurrected in an amended pleading. Since the proposed claim of discrimination under § 1981, which survived the motion to dismiss, is essentially the same as the corresponding claim presented earlier, an amendment of the third-amended complaint in this regard would be similarly without purpose.

## CONCLUSION

For the reasons set forth above, the plaintiff's request for permission to file a motion for leave to amend the third-amended complaint is denied.

Dated: New York, New York
October 7, 2013

SO ORDERED:

*/Kevin Nathaniel Fox/*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Hicham Azkour

3