Hon. Richard J. Sullivan, U.S.D.J,  
Thurgood Marshall  
United States Courthouse  
Room 905  
40 Foley Square  
New York, NY 10007

HICHAM AZKOUR  
93 Pitt Street, Apt. 3B  
New York, New York 10002

Email: hicham.azkour@gmail.com

October 30, 2013

**Hand Delivered**

Re: *Azkour v. Haouzi, et al.*, 11-cv-5780 (RJS)(KNF)



Dear Judge Sullivan:

    The present letter is a **COMPLAINT**. It is not an answer to the Court's Order to Show Cause at Docket Entry No. 133. An answer to the Order to Show Cause will be duly submitted no later than November 4, 2013.

## I – COUNSEL'S FALSE CRIMINAL ACCUSATIONS

    In a letter dated October 21, 2013, *see* letter attached at Docket Entry No. 133, counsel for Defendants falsely reported to this Court that I threatened him. In his letter, counsel stated the following:

> **Plaintiff also ominously suggests that he possesses skills "that require federal security clearance" which to my mind is a not too subtle threat.** *Id.* **at fn. 12.**

Evidently, counsel statement was in reference to my statement in footnote No. 12, page 20, Docket Entry No. 131. In this footnote, I literally stated:

> **Indeed, beside other skills that require federal security clearance, of which counsel may remain ignorant, Plaintiff has additionally extraordinary and exceptional skills as a waiter.**

This statement does not signify or communicate any type of threat, whether subtle or obvious, veiled or unveiled, armed or unarmed, directly or indirectly, intrinsically or extrinsically, implicitly or explicitly. This statement was simply made in a very specific context where I argue

1

that counsel has no knowledge that I possess advanced skills other than the hospitality ones, which counsel seems to demean in his pleading at FLSA Action Docket Entry No. 177.

Upon several occasions in this pleading, counsel referred to my former busboy position in a pejorative way, using tones that convey that busboys are contemptible, unworthy people, with no skills or intelligence:

> **Plaintiff *feels* working as a busboy is *beneath him*, and in truth has not sought to find busboy jobs (emphasis added).**

First of all, counsel has no way to know what I feel and how I feel and, as a licensed attorney, he must mind his own feelings and keep on focused on the laws and facts. Second, I have never, whether in the present matter or the FLSA Action, expressed, whether implicitly or explicitly, that busboy is a belittling, contemptuous, degrading, demeaning, disdainful, disparaging, derogatory, scornful, slighting, or uncomplimentary position. All I unambiguously stated is that I applied for a waiter position with Defendants. Nor did I state, as counsel manipulatively reports in his pleading at FLSA Action Docket Entry No. 177, that I declined busboy or food runner *employment offers* because they offered no more than $400.00 per week. Nothing in my pleading at FLSA Action Docket Entry No. 162 refers to any *employment offer* made by any employer, whether for positions offering $400.00 weekly or more. The statement literally means that the advertised positions offered no more $400.00 per week. Counsel's interpretation of the word "offer" in the first sentence of my statement is manipulative and is immediately undermined by the content of the following sentences:

> **My experience while looking for a busboy or a food runner position did not result in any offer of more than $400.00 per week, including tips. Being hired to fill a position that pays wages comparable to what I was earning - or rather I was supposed to earn - while employed by Defendant is a process that requires preliminary screenings and interviews. Mere reference to my retaliatory termination by Defendant, to this pending litigation, or to my extended length of unemployment discouraged all prospective employers from pursuing or following up with any interview, let alone calling Defendant to verify my previous employment with it.**

This is exactly the context within which I referred to my additional skills. Any manipulation or distortion of my statement is merely an act of professional dishonesty. Personally, working as a busboy, a food runner, a waiter, or a bartender, as reflected by my statement in footnote No. 12,

2

page 20, Docket Entry No. 131, does not matter to me, as long as I am paid and treated properly and I must admit that all the employers that I have worked for, including the famous Brown Palace Hotel and excluding Defendants, paid me generously and treated me respectfully, in a dignified way, for work I suffered.

By stating that I made a threatening communication, counsel is distorting my statement, maliciously making a manipulative interpretation of it, and using such interpretation to deliberately make a false statement to this Court. The Court may note that, immediately after having made his false statement, counsel requested that I be admonished. Therefore, it is undeniable that counsel's false criminal accusations were made for an improper purpose. The Court is aware that § 240.30 of the New York State Penal Law considers the type of threats counsel falsely reported to this Court as acts of harassment in the second degree. Consequently, Counsel's false report that I made threats against him is intended to have me maliciously prosecuted and unfairly punished by this Court for criminal contempt, most likely in accordance with 18 U.S.C. § 402.

My statement and the context in which it was uttered prove that I did not proffer any threats towards counsel, his family, his friends, or his dog. The simple fact that I underwent and passed different types of background checks by national security and law enforcement agencies and, consequently, was issued a federal security clearance to perform jobs for the U.S. Government does not constitute, in any way or fashion, a threat to any person. Moreover, truthfully stating in a court of law that I possessed such clearance does not signify, whether implicitly or explicitly, that I was threatening counsel. To this effect, I am willing to provide this Court with any required documents for *in camera* inspection.

Counsel has been repeatedly requesting from this Court time extensions to file pleadings in the present matter and, as reasons for his repetitive extension requests, provided this Court with *some* trial conflicting dates in California and Florida. Curiously, I am now wondering if counsel felt threatened by the flight attendants, the luggage handlers, the TSA personnel, and the maintenance employees when he supposedly boarded planes to California or Florida. 90% of this

3

workforce is subjected, at least, to one type of a background check and cleared to work in the United States airports.

As this Court has been made aware, evidence presented by Defendants' former counsel, consisting of my testimony during a deposition on February 9, 2011, reflects that I lived in Reston, Virginia, for a substantial period of time. During that time, I was employed by a couple of companies specialized in providing technology and business solutions for the U.S. government. One of these companies was a small firm, the other one was a global, multinational corporation. I was assigned by these two employers to various government sites, whether in the District of Columbia, Virginia, Georgia, or other states. I participated in numerous projects as an Analyst, a Consultant, and a Software Engineer. To perform my job, I used to access secure federal locations, handle sensitive material, and use government equipment. And, as this Court is aware, I acquired my technical skills in France and the United States by attending academic institutions such as Harvard University and Boston University. To this effect, I am willing to provide this Court with any required documents for *in camera* inspection.

While being a U.S. government contractor, I worked with military and civilian federal employees. Some of these employees, with whom I used to work and befriended, died in Iraq or Afghanistan. One day, they were called to the line of duty, they went there, but they never made it back home. Those who came back, they did it with the indelible memory that some part of themselves was still there, somewhere in the desert of Iraq or the mountains of Afghanistan. Some of them were U.S. citizens and some of them aspired to be so. Some of them were high-ranking officers and some of them were just privates. They all had federal security clearances of different categories and classifications. Yet, I don't know a single one of them who used such privilege to threaten people.

Not only are counsel's false accusations unfair and disrespectful to me, but they desecrate the memory of those who fell on the line of duty defending his tranquility and freedom. It is unfortunate that some people in New York associate security clearance with weapons, whether legal or illegal. I tend to believe that some of them readily, unconditionally make such association because they are crooks, criminals, bullies, and individuals with violent dispositions,

4

who grew up in violent, abusive environments. I evidently do not suggest that counsel is one of them. However, I believe that to these people's filthy minds, which are filled with the skunk-smelling concentrate of ignorance, violence is inscribed in their genes and they are the truest threat to the beautifully divine order of this world.

Counsel's allegations are not only false, but they are cowardly, ridiculous, puerile, and tend to be a form of *travesty*, the same inappropriate, insulting, and demeaning term he used in his September 9, 2013 letter, which was addressed to the Hon. Kevin N. Fox, U.S.M.J.. Such language is not only unnecessary, inappropriate, inflammatory, disrespectful, disparaging, but it is also unethical, unprofessional, and unworthy of an attorney licensed to practice law and be an officer of the court. If this Court reviews counsel's letter dated September 9, 2013, it will become evident that counsel's letter does not truly vehicle any legal argument to support his request. His main argument is to insult me and convey to this Court that I am a character in a travesty. Pretending that he only argues his case before the Court, counsel uses his letters and this forum strictly for improper purposes. During this litigation, he produced more letters, mostly filled with inflammatory and insulting language, than memoranda of law setting out the arguments of his defense. Counsel characterized the above-referenced matter, and by extension the Hon. Fox, this Court, and myself, as the protagonists, the actors of a *mockery* and this, I am afraid, lowers the standard of the solemn decorum which this Court intends to maintain high.

I am not surprised that counsel has made false accusations. However, I am appalled and shocked that this Court was carried away and characterized his lies as "possibly threatening comments." The use of the adverb "possibly" in the Court's Order to Show Cause makes counsel's allegations appear as capable of happening, existing, or being true without contradicting proven facts or circumstances. This also gives the appearance that this Court did not review the statements and the allegedly insulting language that counsel identified in his letter. The language used in the Order to Show Cause only gives the appearance that this Court has been conditioned by counsel's prior xenophobic comments, which even the most dedicated and hardened Nazi would not make in the presence of a judge. The Court is reminded that, in a letter addressed to this Court on April 27, 2012, counsel referred to me as a *Koran-quoting lunatic*. This Court did not consider such characterization, made by an officer of the court, as a

5

racial slur, a xenophobic comment, or simply an insult, or even a statement disruptive of the normal standard of decorum that should be maintained by the Court. I don't know, for example, of any Irishman or any U.S. citizen of Irish descent who would accept to be called, in any setting, under any circumstances, whether in a courtroom or in a pub, a drunk, trashed potato or a violent, lunatic mac. This is hoodlums' language. It is totally offensive and disrespectful.

## II – COUNSEL'S VIOLATIONS OF PRIOR ORDER

In addition to this scornful language and behavior, counsel, in his letter dated October 21, 2013, misrepresented to the Court that he had never violated the Court Order prohibiting communication by email. See Docket Entry No. 60. A copy of his email dated July 12, 2013, sent at 1:03 PM to my mailbox clearly proves that he violated the Order. *See* email attached hereto. Moreover, counsel claims that by sending me, on October 17, 2013, the unauthorized email I reported to this Court as EXHIBIT G, Docket Entry No. 131, he did not violate the Court Order prohibiting both parties to communicate by email. This is a false statement. In his letter, counsel misleadingly and, as usual, manipulatively states:

> **In truth, Magistrate Judge Fox's Order (Docket Entry No. 130) *required me to meet or confer with plaintiff*, and thus thought it best to attempt to communicate with him by email. Given *the directive* issued by Magistrate Judge Fox, I respectfully contend that my decision to email plaintiff did not violate the Court's prior Order (emphasis added).**

The Hon. Fox's Order or directive never required counsel to confer with me using email. It required him to confer with me in person or telephone. The Order states:

> **At least five (5) days before the conference, the parties must *meet* or *confer by telephone* to discuss the matters specified in Fed. R. Civ. P. 26(f) and must complete the attached questionnaire (emphasis added).**

*Counsel is a professional provocateur*. He would provoke a litigant, cause this litigant to negatively react to his provocations, and then complain. By sending me his unauthorized email on October 17, 2013, counsel was testing me on how I would react to his absurd request for the

6

production of documents. Counsel was mistakenly expecting me to negatively react to his frustrating absurdities. This did not happen.

Since May 1, 2012, despite the aforementioned Court Order, counsel has been unsuccessfully trying to provoke, harass, and intimidate me by sending unauthorized emails to my private mailbox. As the hereto attached email shows, counsel has always justified his violations by pretexts. In the July 12, 2013 unauthorized email, for example, he represented that he did not receive the electronic notice of my filing in the FLSA Action. As a licensed attorney, counsel has access to PACER and, as such, he could have then downloaded a copy of my filing for a few cents. Moreover, he could have requested a copy from his colleagues, considering the fact that these attorneys who hired him to represent Defendants in both the FLSA Action and the instant matter still receive and have been kept updated to the progress of this litigation.

*****

The evidence points to the fact that counsel has presented his complaint to this Court for the improper purpose to harass me, intimidate me, coerce me, distract me, and cause unnecessary delay. He has deliberately submitted his letter knowing that his factual contentions have no evidentiary support and will certainly have no such evidentiary support even after a reasonable opportunity for this Court's further investigation.

Counsel presented, participated in presenting, and threatened to present criminal charges solely to obtain an advantage in a civil matter. In one sentence, he submitted his letter to cause this Court to *maliciously* prosecute me.

In this instance, not only has counsel violated both Rule 11(b)(1) and Rule 11(b)(3) of the Federal Rules of Civil Procedure, but he has also violated Rule 3.1, Rule 3.2, Rule 3.3, Rule 3.4, and Rule 8.4 of the New York State Rules of Professional Conduct.

**WHEREFORE**, for the reasons set forth above, I respectfully request that this Court, in accordance with Rule 11(c) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and Local Civil Rule 1.5, to sanction counsel for Defendants and his clients.

Respectfully submitted on this 30th day of October, 2013

By:   HICHAM AZKOUR

_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **LETTER/COMPLAINT ADDRESSED TO THE HON. RICHARD J. SULLIVAN** has been served upon the defendants' attorney of record on this 30th day of October 2013, VIA ECF/MAIL:

Andrew S. Hoffmann, Esq.
450 Seventh Avenue, Suite 1400
New York, New York 10123

Dated: October 30, 2013

By: HICHAM AZKOUR, pro se

HICHAM AZKOUR
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com



Hicham Azkour <hicham.azkour@gmail.com>

## Activity in Case 1:10-cv-04132-RJS-KNF Azkour v. Little Rest Twelve, Inc. et al Letter
3 messages

---

**NYSD_ECF_Pool@nysd.uscourts.gov** <NYSD_ECF_Pool@nysd.uscourts.gov>  Fri, Jul 12, 2013 at 11:25 AM
To: CourtMail@nysd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of New York

### Notice of Electronic Filing

The following transaction was entered on 7/12/2013 at 11:25 AM EDT and filed on 7/10/2013
**Case Name:**     Azkour v. Little Rest Twelve, Inc. et al
**Case Number:**   1:10-cv-04132-RJS-KNF
**Filer:**         Hicham Azkour
**Document Number:** 158

**Docket Text:**
LETTER TO THE COURT PURSUANT TO COURT ORDER DATED 6/27/13(See Docket Entry No. 156) from Hicham Azkour dated 7/10/13 re: Plaintiff requests that the Court ascertain his monetary damages by considering the figures related in the attached table, Exhibit C which details Plaintiff's requested damages from 2/8/10 to 7/8/13 etc. Document filed by Hicham Azkour.(sc)


**1:10-cv-04132-RJS-KNF Notice has been electronically mailed to:**

Martin Paul Russo (Terminated) mrusso@gkblaw.com

Andrew Sal Hoffmann Ashlegal@aol.com

Sarah Yeang Khurana (Terminated) skhurana@gkblaw.com

Hicham Azkour hicham.azkour@gmail.com

**1:10-cv-04132-RJS-KNF Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/12/2013] [FileNumber=11702261-0] [9a7898caf3b372fed3ad0ce1b9f24783a67d3b17609c0a98b9548e3006a9933d3da93cf0389f22ab81eb172097c6aa3a75350219c5f48fbc5349218b7cdeabab]]

---

**Andrew Hoffmann** <ashlegal@aol.com>                            Fri, Jul 12, 2013 at 1:03 PM
To: hicham.azkour@gmail.com

Mr. Azkour—I was not able to download your letter to Judge Sullivan from the SDNY system. Could you please email me a copy, with attachments, directly.

Thank you,

Andrew Hoffmann


**Andrew S. Hoffmann, Esq.**
Hoffmann & Associates
450 Seventh Avenue, Suite 1400
New York, New York 10123
212 679-0400 (phone)
212 679-1080 (fax)
917 232-1609 (cell)
ashlegal@aol.com

---

**From:** <NYSD_ECF_Pool@nysd.uscourts.gov>
**Date:** Friday, July 12, 2013 11:25 AM
**To:** <CourtMail@nysd.uscourts.gov>
**Subject:** Activity in Case 1:10-cv-04132-RJS-KNF Azkour v. Little Rest Twelve, Inc. et al Letter

hicham.azkour@gmail.com

---

**Hicham Azkour** <hicham.azkour@gmail.com>                       Fri, Jul 12, 2013 at 3:39 PM
To: Andrew Hoffmann <ashlegal@aol.com>

Please see attached.


[Quoted text hidden]

---

📎 **Letter_damages_process_DE_158.pdf**
1344K



United States District Court
SOUTHERN DISTRICT OF NEW YORK

# ATTENTION PRO SE LITIGANTS
### new Electronic Case Filing (ECF) Rules 9.1 and 9.2, effective July 19, 2013, regarding service of documents by filing on the ECF system

After you mail or deliver a document to the Pro Se Office for filing, the Clerk's Office staff will scan and docket it onto the court's ECF system. The ECF system will then notify by email all other parties who have lawyers that you have filed a document, and those parties will be able to get a copy of the document. This docketing on ECF is deemed to be service under Rule 5(b) of the Federal Rules of Civil Procedure. **Therefore, if your documents are docketed on ECF, you will not have to mail them to any other parties who have lawyers, and you will not have to attach an affirmation of service to those documents.**

So that your documents can be properly docketed on ECF, make sure that they are in the right format – they should have original signatures, a caption, and a title. The court provides form documents, including a form motion, for you to complete.

*****

New ECF Rules of the United States District Court
for the Southern District of New York

Effective July 19, 2013:

ECF Rule 9.1: In cases assigned to the ECF system, service is complete provided all parties receive a Notice of Electronic Filing (NEF), which is sent automatically by email from the Court (see the NEF for a list of who did/did not receive notice electronically). Transmission of the NEF constitutes service upon all Filing and Receiving Users who are listed as recipients of notice by electronic mail. It remains the duty of Filing and Receiving Users to maintain current contact information with the court and to regularly review the docket sheet of the case.

ECF Rule 9.2: Attorneys and *pro se* parties who are not Filing or Receiving Users must be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules. Such paper service must be documented by electronically filing proof of service. Where the Clerk scans and electronically files pleadings and documents on behalf of a *pro se* party, the associated NEF constitutes service.