UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

**HICHAM AZKOUR,**

*Plaintiff,*

v.

**JEAN-YVES HAOUZI, *ET AL.*,**

*Defendants.*

Civil Action No. 11-CV-5780 (RJS)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/31/13

---

**PLAINTIFF'S ANSWER TO ORDER TO SHOW CAUSE**[1]

---

HICHAM AZKOUR, pro se
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com

---

[1] Pursuant to this Court's Order to Show Cause issued on October 25, 2013, I am strictly abiding by the mandated double-spacing standard and the number of pages. However, the Court is respectfully requested not to include this caption or the certificate of service as pages in its computation.

1

On or about October 21, 2013, counsel for the defendants ("counsel") sent a letter to this Court alleging "several insulting and possibly threatening comments" in my objection to the Hon. Kevin N. Fox's Order denying my request for leave to amend my Third Amended Complaint. *See* <u>Docket Entry No. 131</u>. Upon receipt of counsel's letter, the Court Ordered, on October 25, 2013, that I Show Cause why I should not be sanctioned for violating a prior Order, <u>Docket Entry No. 19</u>, prohibiting me from engaging in inappropriate behavior. *See* <u>Docket Entry No. 133.</u>

All the alleged "insulting and possibly threatening comments" of which counsel complained were made within the scope of my objection to the Hon. Fox's Order at <u>Docket Entry No. 127</u>. I categorically deny that I made those allegedly inappropriate comments and presented my pleading for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation for the defendants. I also categorically deny that, in violation of any New York State penal law, I threatened counsel by communicating with him, anonymously or otherwise, by telephone, by telegraph, or by mail, or by transmitting or delivering any other form of written communication, in a manner likely to cause annoyance or alarm. Moreover, I deny counsel's false allegations that, in the aforementioned pleading, I mounted *ad hominem* attacks against him, *and not against his frivolous and inappropriate arguments*, with intent to harass, annoy, threaten or alarm him, because of a belief or perception regarding his race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation.

As I have already stated in my complaint to this Court, *see* Docket Entry No. 134, counsel's allegations are false statements made to this Court for the improper purpose to harass me, intimidate me, coerce me, distract me, and cause unnecessary delay for the resolution of the present matter. Counsel deliberately submitted his letter to the Court knowing that his factual contentions have no evidentiary support and will certainly have no such evidentiary support, even after a reasonable opportunity for this Court's further investigation. Counsel presented criminal charges solely to obtain an advantage in a civil matter. In one sentence, he submitted his letter to cause this Court to maliciously prosecute me and unfairly sanction me. Because of these reasons and the reasons that I will set forth below, I believe that any sanctions are not warranted by any facts or laws.

In his letter, counsel accuses me for threatening him because I made a comment truthfully referring to some of my "skills that require federal security clearance." *See* footnote No. 12, page 20, Docket Entry No. 131. By making such a statement, I solely referred to my past employment as a contractor for U.S. defense and national security agencies where background checks and security clearances are required for all employees and contractors.

Since September 11, 2001, I have been falsely accused of violent threats because of my race and religion. One racist individual even falsely accused me of threatening to blow up his house with explosives. He falsely reported to the Federal Bureau of Investigation, the Immigration and Customs Enforcement, and the Terrorism Joint Task Force that I crossed the Canadian border illegally and had weapons of mass destruction in my possession. Not only has this type of lowly accusations been intimidating, but it has also been traumatizing. People, like

3

counsel, tend to exploit and spitefully use this type of false accusations to harm me or to gain an advantage they otherwise cannot gain through fair competition or other civilized means. As exhibited in my objection, <u>Docket Entry No. 131</u>, several letters from counsel depict me a Koran-quoting and violent lunatic. Counsel's reckless and repeated xenophobic reference to me in a solemn decorum, such as this Court, does not inspire any professional honesty. It is verily the characterization of psychotic dishonesty of which counsel complained to this Court. And I suspect that, given the pattern of their recurrence, counsel's complaints have now become a sort of psychosis, which is a mental state often described as involving a "loss of contact with reality".

In his October 21, 2013 letter, counsel also seems to be offended by the allegedly disparaging and mocking statements made in connection with his characterization of the present matter as a travesty. Indeed, in a letter to the Hon. Fox, dated September 9, 2013, counsel referred to the instant matter as a "legal travesty." Despite the fact that this type of language is inappropriate, unnecessary, inflammatory, unprofessional, unethical, disturbing, distracting, and pretentious, it is also of improper use. Except for general statements, counsel did not support his pernicious characterization with any facts or legal arguments. As I explained in my objection, travesty refers to a literary genre which denotes *cheap mockery* and, as example, I provided the Court with *Don Quixote*[2], a work written by Miguel de Cervantes and published in 1605. By characterizing the present legal action as a travesty, counsel is also characterizing its actors, including this Court and myself, as pretentious caricatures. This is not a complimentary comment

---

[2] A reading of the preface and many paragraphs throughout *Don Quixote*, in the context of the time and situation after the expulsion of Jews and Muslims from Spain, clearly suggests that Cervantes was attacking the Catholic Church, the Spanish Inquisition and the ruling Catholic Spanish nobility. Many critics show how Cervantes points to his Jewish ancestry and to both the Jews' and Muslims plight in Spain and abroad following the expulsions and mass conversions. This comment demonstrates to the Court, considering my origins as juxtaposed to counsel's inappropriate suggestions to the Court, that I am not an anti-Semite.

because a caricature is a description of a person using exaggeration of some characteristics and oversimplification of others. This is exactly the harassing, sarcastic, provocative, and demeaning behavior this Court's Order, <u>Docket Entry No. 19</u>, strictly prohibits.

Within this literary context, while honestly rejecting his inappropriate comments, I made the stark argument that if counsel, without comprehending the debasing use of such a term, pretentiously characterizes the present action as a travesty, he must then understand that he is one of those pretentious protagonists of *his own travesty*. This is the reason why I used metaphors and similes referring to counsel's pretenses as a "big nothing", "all hat, but no cattle", and the "pretentious 7th grade pupil", paraphrasing Cervantes's metaphors depicting the shallowness and pretentions of the Spanish nobility during the Inquisition.

Out of context I did *not* use these metaphors and similes. I did not use them maliciously to attack counsel personally. I used them to show his contradictions, his dishonesty, his unprofessionalism, and his hypocrisy as an attorney. While counsel has been heretofore pretending before this Court that he is acting ethically, his behavior consisting of false statements and gratuitous accusations, of his unsubtle willingness to produce more complaints than memoranda of law, his prominent dishonesty to file the same documents more than 3 times, his indescribable audacity to withhold evidence, and his laughable ways to conceal bad faith, rather point to utter misconduct. All these acts, as a matter of course, were furtively and fairly described only in one page of my objection at <u>Docket Entry No. 131</u>. Yet, within the entire pleading's 25 pages, counsel was not able to see but these between-parentheses comments, rather than any other argument worthy of his attention as an attorney. Without evidence, counsel

pompously states in his letter that his clients "need not respond substantively to this [sic] motion, which is patently frivolous." As I demonstrated in my complaint at Docket Entry No. 134, counsel was not truthful to the Court in his letter dated October 21, 2013, whether regarding my alleged harassing statements or regarding his own, deliberate violations of this Court's Orders at both Docket Entry No. 19 and Docket Entry No. 60. The language I used in my pleading at Docket Entry No. 131 was not intended, in any way or fashion, to disrupt the Court's decorum, proceedings, or even the administration of justice in the instant matter. As I mentioned above, counsel's complaint was presented for the inappropriate purpose of causing this Court to unfairly punish me for alleged contempt. As a matter of law, counsel should know that the United States Supreme Court reversed a *pro se* litigant's conviction of contempt, saying that "'[t]he vehemence of the language used is not alone the measure of the power to punish for contempt. The fires which it kindles must constitute an imminent, not merely a likely, threat to the administration of justice. The danger must not be remote or even probable; it must immediately imperil.'" *In re Little,* 404 U.S. 553, 92 S.Ct. 659, 30 L.Ed.2d 708 (1972), quoting *Craig v. Harney,* 331 U.S. 367, 376, 67 S.Ct. 1249, 1255, 91 L.Ed. 1546 (1947). The test of imminent imperiling of the administration of justice was applied in *Eaton v. City of Tulsa,* 415 U.S. 697, 698, 94 S.Ct. 1228, 1229, 39 L.Ed.2d 693 (1974), which reversed the petitioner's contempt citation for calling his alleged assailant "a chicken shit" during cross-examination.

**WHEREFORE**, for the reasons set forth above, I contend that this Court should not sanction me. Not only sanctions are unfair because of counsel's false statements, but they are not warranted by any facts or laws.

Respectfully submitted on this 31st day of October, 2013


By:   HICHAM AZKOUR

_____

*[signature]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF'S ANSWER TO ORDER TO SHOW CAUSE,** has been served upon the defendants' attorney of record on this 31st day of October 2013, VIA ECF/MAIL:

Andrew S. Hoffmann, Esq.

450 Seventh Avenue, Suite 1400

New York, New York 10123

Dated: October 31, 2013

By: HICHAM AZKOUR, pro se

_____

*[signature]*

HICHAM AZKOUR
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com