**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/13

**HICHAM AZKOUR,**

*Plaintiff,*

*v.*

**Civil Action No. 11-CV-5780 (RJS)(KNF)**

**JEAN-YVES HAOUZI, *ET AL.*,**

*Defendants.*

**PLAINTIFF'S APPEAL FROM THE HON. FOX'S ORDER DENYING HIS REQUEST FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION**

HICHAM AZKOUR, pro se
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Plaintiff timely appeals from the Order of the Hon. Kevin N. Fox, dated October 31, 2013, which denies his request for the issuance of a preliminary injunction prohibiting the defendants ("Defendants") from further denying Plaintiff a post-employment reference letter. Defendants have heretofore refused to issue such a letter in retaliation to Plaintiff's engagement in protected activity.

Rule 72 calls for a written order of the magistrate's disposition to preserve the record and facilitate review. An *oral order* read into the record by the magistrate will satisfy this requirement. *See* 28 U.S.C. § 636(b)(1)(A)[1].

On October 21, 2013, Plaintiff submitted a letter to the Hon. Fox requesting permission to file a motion for injunctive relief in reference to Defendants' continuing refusal to provide him with a post-employment reference letter. *See* Docket Entry No. 132. Because a conference was already scheduled on October 31, 2013, Plaintiff did not articulate any legal arguments upon which the Hon. Fox should grant his request. Plaintiff was expecting that the Hon. Fox would allow him such privilege during the conference.

---

[1] This statutes states :

Notwithstanding any provision of law to the contrary, a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Shockingly, the Hon. Fox, during that morning, did not appear to be enough courteous as to allow Plaintiff a succinct presentation of his arguments. Instead, the Hon. Fox swiftly recited the four-factor standard of a preliminary injunction and inexplicably, without due process, denied Plaintiff's request.

## 1. Legal Standard

A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Res. Del: Council,* 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." *Winter,* 555 U.S. at 20. In the Second Circuit, a plaintiff may satisfy the first element of this inquiry by establishing "either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Salinger v. Coking,* 607 F.3d 68, 79 (2d Cir. 2010). Finally, a plaintiff bears the burden of demonstrating "by a clear showing" that the necessary elements are satisfied. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). Failure to satisfy this burden for any one of the elements is fatal to a preliminary injunction claim. *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006) ("According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief").

**2. Likelihood of Success on the Merits**

To establish a likelihood of success on the merits, a plaintiff "need not show that success is certain, only that the probability of prevailing is 'better than fifty percent.'" *BigStar Entm't, Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185, 191 (S.D.N.Y. 2000)(quoting *Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985)). The Hon. Fox, on or about June 28. 2013, issued a Report & Recommendation, Docket Entry No. 105 or *Azkour v. Haouzi*, 2013 U.S. Dist. LEXIS 91415 (S.D.N.Y., June 28, 2013), recommending that this Court (1) grant Defendants' partial motion to dismiss, Docket Entry No. 95, respecting Plaintiff's ADA claim for intentional discrimination and his § 1981 and ADA retaliation claims; and (2) deny that motion as it relates to his § 1981 intentional discrimination claim. This Court determined that Plaintiff's Third Amended Complaint articulates the § 1981 intentional discrimination claim because he alleged that Defendants refused to provide him with a post-employment reference letter, thus hindering his prospects for future employment. In the Third Amended Complaint, he also alleged that Defendants discriminated against him by unlawfully withholding his wages and gratuities. The Hon. Fox took note of this aspect of discrimination in his Report & Recommendation in the FLSA Action ("FLSA Report"). On March 27, 2012, this Court adopted the Hon. Fox's FLSA Report and determined that Plaintiff prevailed on the merits and granted his motion for partial summary judgment as to his FLSA and NYLL minimum wage and overtime claims, NYLL spread-of-hours claim, FLSA and NYLL retaliation claims, and liquidated damages claims. *See Azkour v. Little Rest Twelve, Inc.*, 2012 U.S. Dist. LEXIS 16039 (S.D.N.Y., Feb. 7, 2012); *see also Azkour v. Little Rest Twelve, Inc.*, 2012 U.S. Dist. LEXIS 42210 (S.D.N.Y., Mar. 27, 2012).

In its Opinion adopting the Hon. Fox's Report at Docket Entry No. 105, *see Azkour v. Haouzi*, 2013 U.S. Dist. LEXIS 109008 (S.D.N.Y., Aug. 1, 2013), this Court also notes that Plaintiff's allegations in the Third Amended Complaint support a plausible inference that Defendants interfered with his efforts to *enforce* his prior employment contract by unlawfully denying his request for full back pay on the basis of his race. *See* Docket Entry No. 40 at ¶¶ 48-53. Considering the fact that this Court already established that Defendants intentionally discriminated against Plaintiff by unlawfully withholding his wages and gratuities, denying him his full back pay, there is more than 100% chance that he will succeed on the merits in the instant matter.

**3. Irreprable Harm**

A finding of "irreparable harm" requires "an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (internal quotation marks omitted). While a "showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)(internal quotation marks omitted), `the decision to grant or to deny a preliminary injunction depends in part on a flexible interplay between the likelihood of success and irreparable harm,'" *XL Specialty Ins. Co. v. Level Global Investors, L.P.*, 874 F. Supp. 2d 263, 270-71 (S.D.N.Y. 2012) (quoting *Packard Instrument Co. v. ANS, Inc.*,416 F.2d 943, 945 (2d Cir. 1969)). Accordingly, a clear likelihood of success on the merits requires a relatively lesser showing of harm.

In the instant matter, it is clear that Plaintiff has heretofore suffered irreparable harm. Any other equitable or legal relief granted by this Court will not repair any harm of continuing, long-term unemployment caused by a lack of a recent employment reference. As this Court is aware, since February 8, 2010, Plaintiff has been unable to obtain comparable, alternative employment because Defendants have so far refused to provide him with a post-employment reference letter. All the employers with which he was able to have interviews inquired about his *last employer*. Each time he was faced with this inquiry, he was unable to prove that he had worked for Defendants. Consequently, all prospective employers declined to extend any *employment offer to him*. Defendants contend that Plaintiff need not be furnished with any reference letter and, instead, suggest that he simply omit referring to his employment with them when seeking employment. *See* FLSA Action Docket Entry No. 165 at ¶ 12 and Docket Entry No.166 at ¶¶ 7-8. Defendants also suggest that Plaintiff misrepresent his past employment experience by denying that he ever worked for Little Rest Twelve, Inc. *Id.* Such unethical suggestions will only cause Plaintiff more irreparable harm. If he were hired by an employer and the latter diligently discovered, after background check, that Plaintiff misrepresented his past employment experience or omitted to include past employers on his application or resume, such employer would definitely terminate him and might eventually initiate further actions against him.

This being said, it is understood that Plaintiff's injury is not remote or speculative. It is actual and imminent. No monetary award can be adequate compensation for this type of harm.

### 4. Balance of the Hardships

"[T]he balance of hardships inquiry asks which of the two parties would suffer most grievously if the preliminary injunction motion were wrongly decided." *Tradescape.com v. Shivaram*, 77 F. Supp. 2d 408, 411 (S.D.N.Y. 1999). Here, the balance of hardships tips in Plaintiff's favor, not Defendants' favor, as a denial of his motion would prevent him and other aggrieved employees from seeking alternative, comparative employment for want of professional references. Moreover, issuing professional reference letters will not constitute any hardship for Defendants as employers. Providing neutral letters of reference to employees is a standard, normal practice, to which all employers adhere.

### 5. The Public Policy

Finally, the Court is aware that Defendants' refusal to provide such a letter is a furtherance of its retaliatory practice, which is prohibited by 42 U.S.C. § 1981. Any preliminary injunctive relief is an efficient remedy, which is clearly mandated by public policies implemented by the Equal Employment Opportunity Commission ("EEOC"). As per 42 U.S.C. § 2000e-14, "[the EEOC] shall have the responsibility for developing and implementing agreements, policies and practices designed to maximize effort, promote efficiency, and eliminate conflict, competition, duplication and inconsistency among the operations, functions and jurisdictions of the various departments, agencies and branches of the Federal Government responsible for the implementation and enforcement of equal employment opportunity legislation, orders, and policies. On or before October 1 of each year, the [EEOC] shall transmit

to the President and to the Congress a report of its activities, together with such recommendations for legislative or administrative changes as it concludes are desirable to further promote the purposes of this section."

**WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests that this Court grant him permission to file a motion for preliminary injunction prohibiting Defendants from further denying him a post-employment reference letter.

Respectfully submitted on this 5th day of November, 2013

By: HICHAM AZKOUR, pro se