# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**HICHAM AZKOUR,**

*Plaintiff,*

*v.*

**Civil Action No. 11-CV-5780 (RJS)(KNF)**

**JEAN-YVES HAOUZI,** *ET AL.,*

*Defendants.*

## MOTION FOR RECONSIDERATION

HICHAM AZKOUR, pro se

93 Pitt Street, Apt. 3B

New York, New York 10002

Email: hicham.azkour@gmail.com

In its Order dated November 1, 2013, the Court rejected Plaintiff's letter complaining of counsel's *actual* false criminal accusations and counsel's *actual* violations of prior Court Order at Docket Entry No. 19. This Court also denied Plaintiff's request that counsel be sanctioned per Fed. R. Civ. P. 11(c), 28 U.S.C. § 1927, and the New York State Rules of Professional Conduct. *See* Docket Entry No. 136.

Without going again through the standard of a motion for reconsideration, Plaintiff respectfully requests that the Court reconsider its decision because of *manifest injustice*. By issuing the above-mentioned Order, without affording counsel the opportunity to show cause as to why he should not be sanctioned, this Court denied Plaintiff his right to due process. This Court, by issuing the Order at Docket Entry No. 136, abused its discretion and acted as defense attorney for counsel. In a motion for sanctions pursuant to Rule 11(c)(2), this Court cannot act as a judge, prosecutor, and defense attorney.

Plaintiff made a motion separately from any other motion and described the specific conduct that had allegedly violates Rule 11(b). The motion was served under Rule 5 and it was filed and presented to the Court because the challenged false accusation, inappropriate behavior, and violations of the Court's prior Order were not withdrawn or appropriately corrected within 21 days after service or within another time the Court has set.

In the aforementioned Order, the Court contends that there is nothing in its prior Order, Docket Entry No. 19, which forbids emails communications. However, the Court paradoxically

2

contends that it previously ordered Defendants *to serve copies of all correspondence on Plaintiff by regular mail. See* <u>Docket Entry No. 60.</u>

Even if there is allegedly nothing in the aforementioned Order that forbids email communications, Plaintiff does not welcome any email communication from counsel to his private email box, whether such communications are mundane or divine. Asserting counsel's right to refuse email communications from Plaintiff and, at the same time, authorizing him to trash Plaintiff's email inbox with hateful, racist slurs is just not fair and reasonable, and should not be permitted by a respectable court of law.

The Court also justifies its decision by the fact that the emails sent to Plaintiff's box are mundane. There is nothing mundane about the emails of an individual who had already engaged in hateful activities, in violation of this Court's prior Order at <u>Docket Entry No. 19</u>. As this Court was reminded, counsel, in a letter emailed to Plaintiff on or about April 27, 2012, referred to him as a **Koran-quoting lunatic**. This does not support the Court's logic that counsel's emails are mundane, serving dully and strictly the routine of a normal litigation.

Most striking is the Court's ostensible efforts to avoid any discussion of the hateful, racist slur made by counsel. The Court just acts - and this not the first time – that such hateful language is not disorderly and disruptive conduct, that it does not obstruct the normal administration of justice, and that it does not lower the standard of the normal level of decorum the Court expects in its courtroom.

With all due respect to this Court, this type of contradictions is not helpful and may have this Court's credibility questioned. They are apparently motivated by this Court's desire to intimidate and silence a vulnerable pro se plaintiff so that he may not further assert his rights, he may not submit more pleadings objecting to the magistrate judge's biased decisions[1], or may protest this Court's automatic adoption of such decisions.

In its Order, the Court also stated and decided, on behalf of counsel, that he did not make any false accusations by reporting to this Court that Plaintiff had threatened him - not too subtly, counsel pompously asserted - because Plaintiff had legitimately, in a legal paper, averred that "[he] possess skills that require security clearance." The Court did not give counsel the opportunity to demonstrate how he was alerted by Plaintiff's alleged threat and if the alert, for example, was red, orange, yellow, blue, or green.

As Plaintiff explained in his complaint and his response to this Court's Order to Show Cause, Docket Entries Nos. 134 and 135, there is not a shred of evidence that supports counsel's false and malicious accusations. Counsel made those ridiculous accusations with the sole purpose to cause malicious prosecution and initiate unfair sanctions against Plaintiff, so that counsel and his clients may unfairly gain advantage in the present matter, which they rather seem to be losing. Counsel's false accusations are violations of § 240.30 of the New York State Penal Laws. They are also meant to harass, annoy, threaten, and alarm Plaintiff, causing him thus more emotional distress. They are also meant to distract this Court and direct its scarce resources towards futilities, which the taxpayer has never intended that this Court entertain.

---

[1] It is strange that the Court is fully concentrated on counsel's shenanigans, rather than Plaintiff's objection to the Hon. Fox's Order denying him leave to amend his Third Amended Complaint.

4

Plaintiff has not opened shop in the business of making false reports, insulting people, and proffering violent threats. Considering his extraordinary skills, Plaintiff would be already dead or in prison if he had used those skills for inappropriate, Machiavellian[2] purposes. Plaintiff is strictly prosecuting a civil matter where he contends that he was denied his compensation, retaliated against, and discriminated against by Defendants. There is nothing more and nothing less than what Plaintiff has said he seeks through the instant matter. Plaintiff is just claiming and asserting a right – a God-given, a universal right, where one must be compensated for work suffered.

**WHEREFORE**, for the reasons set forth above, and with all due respect, Plaintiff respectfully requests that the Court be fair by reconsidering the Order issued on November 1, 2013, *see* Docket Entry No. 136, and issuing an Order to Show Cause so that counsel may defend, in the same manner as Plaintiff did in Docket Entry No. 135, as to why he should not be sanctioned.

---

[2] This adjective is not an insult directed to counsel or his clients. In layman's terms, it is an adjective that means using clever lies and tricks in order to get or achieve something. It is also a widely used negative term to characterize unscrupulous politicians of the sort Niccolò di Bernardo dei Machiavelli (May 3, 1469 – June 21, 1527) described in *The Prince*. Machiavelli was an Italian historian, politician, diplomat, philosopher, humanist and writer based in Florence during the Renaissance.

Respectfully submitted on the 5th day of November, 2013

By:               HICHAM AZKOUR

                  _____