UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| HICHAM AZKOUR,<br><br>*Plaintiff,*<br><br>v.<br><br>JEAN-YVES HAOUZI, *ET AL.,*<br><br>*Defendants.* | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 11/7/13<br><br>Civil Action No. 11-CV-5780 (RJS)(KNF) |

---

**PLAINTIFF'S OBJECTION TO THE HON. FOX'S SCHEDULING ORDER**

---

HICHAM AZKOUR, pro se
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com

1

On November 1, 2013, the Hon. Kevin N. Fox, U.S.M.J., issued a Scheduling Order, <u>Docket Entry No. 137</u>, following a pre-trial conference held on October 31, 2013. In this Order, at ¶ 3, the Hon. Fox set the deadline for any amendment to the pleadings should be November 27, 2013. *See* Fed. R. Civ. P. 16(b)(3)(A).

As this Court is aware, Plaintiff filed an objection to the Hon. Fox's Order, <u>Docket Entry No. 127</u>, denying his request for leave to amend his Third Amended Complaint. *See* <u>Docket Entry No. 131</u>. This objection is still pending before this Court and there is no clear indication when the Court will issue a ruling on such objection, whether before or after the November 27, 2013 deadline.

For this reason, Plaintiff appeals to this Court from the Hon. Fox's Scheduling Order and respectfully requests that it be modified based upon the date when this Court will rule on his objection at <u>Docket Entry No. 131.</u>

*****

As Plaintiff has requested in the aforementioned pleading, <u>Docket Entry No. 131</u>, the Hon. Fox's denial of Plaintiff's request for leave to amend his Third Amended Complaint under Federal Rule of Civil Procedure 15(a) should be reviewed by this Court for abuse of discretion. *Block v. First Blood Assocs.*, <u>988 F.2d 344, 350 (2d Cir.1993)</u>.

Similarly, in the instant objection, the Hon. Fox's Scheduling Order under Federal Rule of Civil Procedure 16(b) should also be reviewed for abuse of discretion. *Parker v. Columbia Pictures Indus.*, <u>204 F.3d 326, 339 (2d Cir.2000).</u>

Where a Scheduling Order has been entered, the lenient standard under Rule 15(a), which provides leave to amend "shall be freely given," must be balanced against the requirement under Rule 16(b) that the Scheduling Order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 15(a), 16(b). A finding of good cause depends on the diligence of the moving party. *Parker*, 204 F.3d at 340 (citing *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir.1999)).

As stated above, on October 31, 2013, the Hon. Fox issued the Scheduling Order setting November 27, 2013 as the deadline for amendments to all pleadings. The pretrial Order was filed on November 1, 2013. Prior to this Order, Plaintiff had moved to amend his Third Amended Complaint twice. The first time Plaintiff filed his first request for leave to amend his Third Amended Complaint, which was arbitrarily terminated by the Hon. Fox's Order at Docket Entry No. 99, was a year ago, that is November 5, 2012. See Docket Entry No. 92. Plaintiff filed his second request on July 19, 2013, Docket Entry No. 110, almost four (4) months before the issuance of the Scheduling Order. Therefore, there is no indication that Plaintiff's requests were brought after the court-ordered deadline for amending the pleadings.

Plaintiff's argument on this point involves the analysis of two of the Federal Rules of Civil Procedure: Rule 15(a), which provides for amendments to the pleadings, and Rule 16(b), which directs district court judges to set scheduling orders limiting the time to make such amendments. Rule 15(a) requires courts to grant leave "freely ... where justice so requires," and the Second Circuit has held repeatedly that "mere delay" is not, of itself, sufficient to justify denial of a Rule 15(a) motion, *see, e.g., Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) (citations and internal quotation marks omitted). However, this

Court is definitely aware that the Second Circuit balances that principle with Rule 16(b)'s requirement that scheduling orders "shall not be modified except upon a showing of good cause," see Fed. R. Civ. P. 16(b).

Several circuits have ruled that the Rule 16(b) "good cause" standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings. As the Eleventh Circuit has noted, "[i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998) (per curiam); ("When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation[,] and its standards may not be short-circuited by an appeal to those of Rule 15."); *Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154-55 (1st Cir.1992) (relying on Rule 16(b) in refusing to allow an amendment after the scheduling order deadline despite the lenient standards of Rule 15(a)). Several district courts in our Circuit have adopted this rule as well. *See Covington v. Kid*, No. 94 Civ. 4234(WHP), 1999 WL 9835, at *3 (S.D.N.Y. Jan.7, 1999) (finding that a movant who fails to comply with a scheduling deadline must satisfy "good cause" requirement of Rule 16(b) as well as standards of Rule 15(a)); *Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 446

4

(W.D.N.Y.1997) (same); *Mayes v. Local 106, Int'l Union of Operating Eng'rs*, No. 86-CV-41, 1992 WL 335964, at *9 (N.D.N.Y. Nov.12, 1992) (same).

It is now clear that if Plaintiff does not object to the Hon. Fox's Scheduling Order, this Court may later join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, this Court will even support its denial by agreeing with these courts that a finding of "good cause" depends on the diligence of the moving party. *See In re Milk Prods.*, 195 F.3d at 437 (finding no good cause where dismissal of the first complaint "should have alerted plaintiffs" to inadequacies in the second complaint); *Sosa*, 133 F.3d at 1419 (finding no good cause where party failed to discover necessary information and was on notice in advance of the deadline that her complaint was inadequate); *Johnson*, 975 F.2d at 609 (refusing to find good cause under Rule 16(a) where party received notice long in advance of the deadline that the complaint did not name all necessary parties).

**WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests that this Court modify the aforementioned Scheduling Order pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure.

Respectfully submitted on this 7th day of November, 2013


By:   HICHAM AZKOUR, pro se

   _____