UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HICHAM AZKOUR

                        **Plaintiffs,**               **Index No.  11-civ-5780**

          **-against-**                   **DECLARATION IN
RESPONSE TO**
JEAN-YVES HAOUZI, FRANCK MAUCORT,    **PLAINTIFF'S ANSWER**
JESSICA COMPERIATI, LITTLE REST       **TO ORDER TO**
TWELVE, INC., SHELDON SKIP TAYLOR, ESQ.  **SHOW CAUSE**
LAW OFFICES OF SHELDON SKIP TAYLOR

                      **Defendants.**
------------------------------------------------------------------------X

      **ANDREW S. HOFFMANN,** an attorney duly admitted to practice before the

Courts of the State of New York hereby affirms under the penalties of perjury as follows:

      1.     I am a member of Hoffmann & Associates, counsel for defendants in the

above-captioned matter.  I submit this declaration in response to plaintiff's answer to the

order to show cause issued by the Court in this action on October 25, 2013.

      2.     The order to show cause was issued by the Court following your declarant's

October 21, 2013 letter advising the Court of plaintiff's violation of the Court's previous

order concerning inappropriate behavior (Docket Entry No. 131).  The letter was prompted

by plaintiff's pleading filed on October 18, 2013 (Docket Entry No. 131) which contained a

number of *ad hominen* personal attacks on your declarant as well as potential threatening

language.  The Court's order required plaintiff to show cause why he should not be

sanctioned on or before November 12, 2013.

      3.     Plaintiff's answer to the order to show cause (Docket Entry No. 135) is

completely devoid of any sense of contrition for his intemperate and threatening language.

Rather than apologize for his offensive writings, plaintiff's answer contains additional inappropriate harassing and threatening passages. For example, plaintiff's answer accuses your declarant of "psychotic dishonesty," "unprofessionalism" and "hyprocisy as an attorney." Id. at pages 4 and 5. Moreover, plaintiff continues to make subtle yet unmistakable threats against your declarant, whose only crime according to plaintiff is that he is representing a client against a lawsuite commenced by plaintiff. To wit, plaintiff's answer (at page 3) advises the Court (and your declarant) that he has been accused of threatening to blow up someone's house with explosives and that he "crossed the Canadian border illegally and had weapons of mass destruction in my possession." Plaintiff's inclusion of this information in his pleading serves no rational purpose whatsoever in connection with *this* lawsuit. Rather, it is obvious, that he included this information to attempt to intimidate your declarant and to make me think twice before continuing to serve as counsel of record for defendants in the actions he commenced. I ask the Court to consider why any lawyer (particularly one with young children) would agree to an assignment representing a client against a *pro se* plaintiff who has already been accused of trying to blow up someone's home or possessing weapons of mass destruction. Such major threats should *not* be tolerated in any Court.

4.     Plaintiff has made a number of other submissions to the Court since his October 18, 2013 pleading which contain additional offensive, harassing and threatening passages and make it clear beyond doubt that he has not gotten the Court's messages, and will not cease his inappropriate conduct until he is sanctioned.

5.     On October 21, 2013, plaintiff submitted a letter to Magistrate Judge Fox (Docket Entry No. 132) which referred to your declarant's "manifest sense of bigotry and

his endless exploitation of plaintiff's purported mental imbalance." He also referred to me as a "Harlequin-turned-lawyer" who engages in "clownish performances."

6.     On October 30, 2013 plaintiff wrote to Your Honor to make a complaint that your declarant made false criminal accusations about him (see Docket Entry No. 134). In that pleading, plaintiff accuses me of "personal dishonesty" and of being a "professional provocateur." Id. at pages 2, 6. He also accuses me of making "xenophobic comments, which even the most dedicated and hardened Nazi would not make in the presence of a Judge." Id. at page 5. Parenthetically, plaintiff's use of the term "Nazi" to describe a Jewish attorney is utterly appalling. He also suggests that I have made false accusations against him which, in his mind, desecrate the memory of those who died on September 11, 2011.

7.     Plaintiff's "complaint" was denied, *sua sponte* by the Court on November 1, 2013. Once again, rather than profess contrition plaintiff has filed a motion for reconsideration of this order (Docket Entry No. 139) which was filed on November 5, 2013. In that motion, plaintiff wrote that he "has not opened shop in the business of insulting people and proffering violent threats.... [c]onsidering his extraordinary skills, plaintiff would already be dead or in prison if he had used those skills for inappropriate Machiavellian purposes." Once again, such language has no relevance at all to the issues in dispute before the Court and can only be interpreted as a veiled threat against your declarant.

8.     In sum, plaintiff has repeatedly and willfully violated the Court's prior order concerning appropriate behavior. Not only are his writings highly offensive and threatening, they have required your declarant to expend substantial time reading and

responding to these inappropriate missives resulting in completely unnecessary legal costs to my client.

9.      Accordingly, defendants respectfully request that the Court impose sanctions against plaintiff requiring, at a minimum, that he be required to reimburse defendants for the legal fees they have incurred as a result of his numerous improper submissions.[1]

Dated: New York New York
       November 7. 2013

                                        _____
                                        Andrew S. Hoffmann, Esq.

---

[1] We do understand that plaintiff is currently destitute and living in a homeless shelter. Nevertheless, he will at some point be entitled to receive monetary damages from defendants as a prevailing party on his claims for unpaid minimum wage and overtime compensation.  Accordingly, any sanctions that might be awarded at this time could be set off against his ultimate award for monetary damages.