The Hon. Richard J. Sullivan, U.S.D.J.  
Thurgood Marshall  
United States Courthouse,  
Room 905  
40 Foley Square  
New York, NY 10007  

HICHAM AZKOUR  
93 Pitt Street,  
Apartment No. 3B  
New York, NY 10002  

Email: hicham.azkour@gmail.com  

November 13, 2013



**Hand Delivered**

Re: *Azkour v. Haouzi, et al.*, 11-cv-5780 (RJS)(KNF)

Dear Judge Sullivan:

      I respectfully request that the Court strike the pleading at Docket Entry No. 142, filed by counsel for Defendants ("counsel") on November 7, 2013. This document, titled "Declaration in Response to Plaintiff's Answer to Order to Show Cause" *is* an insufficient defense, *is* redundant, *is* immaterial, *is* impertinent, and *is* also as scandalous material. I request that counsel's declaration be stricken for the simple reason that it contains outright misrepresentations to this Court, ultimately for inappropriate purposes, based upon counsel's deliberate distortion, misinterpretation, and manipulation of my statements in the pleadings at Docket Entries Nos. 134 and 135. The statements contained in counsel's document constitute perjury in violation of 18 U.S.C. § 1621(b). As the Court is aware, counsel falsely alleges in his declaration, under penalty of perjury as permitted under 28 U.S.C. § 1746, that I made threatening statements. By doing so, he willfully subscribes as true a material matter which he does not believe to be true.

      In his rambling declaration, counsel falsely accuses (emphasis added) at ¶ 3, page 2:

> Moreover, plaintiff continues to make subtle yet unmistakable threats against your declarant, whose only crime according to plaintiff is that he is representing a client against a lawsuit commenced by plaintiff. To wit, plaintiff's answer (at page 3) advises the Court (and your declarant) that he has been accused of threatening to blow up someone's house with explosives and that he "crossed the Canadian border illegally and had weapons of mass destruction in my possession." Plaintiff's inclusion of this information in his pleading serves no rational purpose whatsoever in connection with this lawsuit. Rather, it is obvious, *that he included this information to attempt to intimidate your declarant and to make me think twice before continuing to serve as counsel of record for defendants in the actions he commenced.* I ask the Court to consider why any

1

lawyer (particularly one with young children) would agree to an assignment representing a client against a pro se plaintiff who has already been accused of trying to blow up someone's home or possessing weapons of mass destruction. *Such major threats should not be tolerated in any Court.*

Counsel then scandalously, despicably accuses at (emphasis added) at ¶ 6, page 3:

Parenthetically, plaintiff's use of the term *"Nazi" to describe a Jewish attorney* is utterly appalling.

Having read these insanities, I have no clue when I will be next falsely accused before this Court that I threatened counsel with *nuclear weapons*. Not only this type of statement is ridiculous, inappropriate, and unacceptable, especially by an licensed attorney, but it reflects that his declaration, full of gross and frivolous misrepresentations, does not comply with the requirement set by 28 U.S.C. § 1746(2) where counsel must "declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."

Even though I have never attacked counsel's faith, he has now shown his willingness to use any vile means, including his Jewish faith and the Holocaust, to attack me personally. In the related FLSA matter, counsel sent a letter to this Court, on August 8, 2012. *See* attached. At page 3 of this letter, he wrote:

I have never met Mr. Azkour nor have I ever discussed my background or faith with him, which quite frankly are none of his business.

I don't understand why counsel, who then claimed that his Jewish faith was nobody's business in this litigation, is now changing course and arbitrarily invoking this very faith and the undeniable tragedies of 6 million people to unfairly attack a Muslim, Arab, pro se litigant. Isn't this disgusting? Isn't this the craft of an opportunist? Isn't this a shameful, dishonest act that must not be condoned by this Court?

Counsel is definitely a *frail man*, a mentally frail man, lacking the basic sense of *Menschlichkeit*. However, he deserves the Court's punishment for his scandalous conduct. The principle of imposing a sanction while taking into account an individual's mental frailty has strong and ancient roots. *See, e.g., The Code of Maimonides*, Book XIV, Treatise One: Sanhedrin, chap. 17, para. 1, Mishna Torah, The Book of Judges (Abraham M. Hershman, trans., Yale Univ. Press 1949)(emphasis omitted)("How many stripes are inflicted ... as it is said: to be beaten ... according to the measure of his wickedness ... (Deut.25:6)... But the number is reduced in the case of a frail man ....").

Counsel is making those caricatured, grotesque, delirium-tremens-like statements for the sole purpose to harass me and have this litigation, where he already lost his case, prolonged so that he may further charge his client with exorbitant fees. Counsel, for inappropriate purposes, has knowingly made a false material declaration and distorted statements knowing that such distortion and manipulation may contain a false material declaration. This stands in violation of 18 U.S.C. § 1623 and obstructs the normal course and administration of justice.

Counsel's declaration is not a statement of facts and, as stated above, does not effectuate the purpose of a 28 U.S.C. § 1746 unsworn declaration, which is that a "matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury."

Moreover, Federal Rule of Civil Procedure 12(f) allows a court upon a proper motion or its own initiative to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In particular, "a defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *SEC v. Electronics Warehouse, Inc.*, 689 F.Supp. 53, 73 (D.Conn.1988), aff'd, 891 F.2d 457 (2d Cir.1989), cert. denied, 496 U.S. 942, 110 S.Ct. 3228, 110 L.Ed.2d 674 (1990) (citations omitted). Resolution of a Rule 12(f) motion is left to the district court's discretion. *Fiore v. McDonald's Corp.*, 1996 WL 331090, at *12 (E.D.N.Y. June 12, 1996) (Glasser, J.).

"The general policy is that the pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial." *Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 563 (S.D.N.Y.1989). Therefore, in order to prevail on a motion to strike a defense for legal insufficiency, a plaintiff must show that (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense. *SEC v. McCaskey*, 56 F.Supp.2d 323, 326 (S.D.N.Y.1999).

I meet the three conditions enumerated by *McCaskey* because counsel's declaration does not contain any set of verifiable statements and facts which would allow his defense to succeed. Moreover, counsel does not support with any case law his contentions that my use of figurative language in my pleadings should be sanctioned. Except for his frivolous pseudo-facts and pseudo-statements where he engages in purely syntactic, semantic, and acrobatic distortions, counsel does not quote a single legal authority. Furthermore, all counsel's false accusations and falsehoods will cause me an enormous prejudice if they are considered by this Court as a sufficient defense. Counsel's declaration is not a sufficient defense. It is not even a defense. It is a litany of abusive and provocative utterances which have no place in a courtroom.

Since his first appearance before this Court, counsel has not achieved anything, whether for his client or for himself, as a matter of course. And the more he is frustrated by his monumental shortcomings, the more he engages in unsubstantiated accusations and frivolous complaints. This is not a constructive, professional behavior and, as a pro se litigant, it has so far caused me a tremendous amount of emotional distress and is prohibitively causing me to be distracted and inhibited by counsel's failed acts of intimidation.

As shown above, counsel is now despicably, out of disrespect for his own people and faith, using the *Konzentrationslager Auschwitz* and his Jewish faith to derail the course of this litigation by initiating another set of provocations and lies. Counsel believes that his faith and the persecution of the Jewish people by the Nazis entitle him to abuse people, especially Muslims and Arabs. He believes that he was elected to have both the right and the privilege to call me a *Koran-quoting lunatic*, who sprang from a cesspool, just because he is Jewish and

3

because 6 million European Jews were the victims of a systematic extermination carried out by the German Third Reich. By referring to me as a *Koran-quoting lunatic* does not make counsel better than those who persecuted his people. It is the same behavior that is condemned by the simplest norms and canons of all civilized nations and individuals.

I will not respond any further to counsel's insanities, scandalous accusations, and his innate abuse of being the eternal victim of the Gentiles. This is repulsive, repugnant, and will leave any wise judgment to the sound discretion of this Court.

Respectfully submitted on the 13th day of November, 2013

By:   Hicham Azkour, pro se

**HOFFMANN & ASSOCIATES**
Attorneys at Law
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel. (212) 679-0400
Fax (212) 679-1080

ANDREW S. HOFFMANN*

*Admitted in New York and Ohio

August 8, 2012

**Via Email: sullivannysdchambers@nysd.uscourts.gov**
Hon. Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

Re:  Azkour v. Little Rest Twelve, Inc.
10 Civ. 4132 (RJS)(KNF)

Dear Judge Sullivan,

  We represent defendant Little Rest Twelve, Inc. in the above-captioned matter. We write to the Court in response to two recent submissions made to the Court by plaintiff herein.

  On July 30, 2012 David Stein, counsel for plaintiff, wrote to the Court to express Mr. Azkour's "desire" to have his claims for damages determined by a jury trial.

  We subsequently received a copy of Mr. Azkour's motion (apparently filed on July 27, 2012) seeking to have Mr. Stein terminated as his counsel of record in this proceeding.

  For the reasons set forth below, we vehemently oppose both applications.

  As the Court is aware, Magistrate Judge Fox previously granted plaintiff's motion for summary judgment on his claims for unpaid minimum wage, unpaid overtime compensation and retaliation under New York and federal law.

After the Court affirmed Magistrate Judge Fox's decision, it referred the case back to Magistrate Judge Fox to conduct an inquest on damages. Magistrate Judge Fox then directed plaintiff to submit an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth his proof on any damages he claimed to be entitled to, and gave defendant an opportunity to submit opposing papers, affidavits and proofs.

On June 2, 2012 plaintiff filed an inquest memorandum and supporting affidavits from Mr. Azkour and David Stein setting forth his proof on the issue of damages. In his papers, plaintiff claimed to be entitled to damages on his minimum wage and overtime claims in a total amount of $9,775.22 together with statutory liquidated damages of $5,709.12.

Plaintiff also claimed that he was entitled to "back pay" in the amount of $92,800.00; to "front pay" in the amount of $124,800.00 and to an award of "punitive damages" in an amount at least equal to his actual damages or another amount that the Court deems reasonable.

Finally, plaintiff claimed to be entitled to an award of counsel fees and costs based on the time records of Mr. Stein and his staff in the amount of $32,315.11.

Defendant thereafter submitted a memorandum partially opposing plaintiff's claim for damages, which included supporting affidavits from Jessica Comperiati and Panayiotis Boyiakis.

In our papers, we advised Magistrate Judge Fox that defendant was not going to contest plaintiff's claim for unpaid minimum wage or overtime compensation, for liquidated damages on the amounts claimed by plaintiff or Mr. Stein's application for costs and fees.

Defendant's papers also demonstrated that plaintiff had not articulated a legally cognizable basis for an award of back pay, front pay or punitive damages, and opposed plaintiff's claims for such relief.

Specifically, defendant demonstrated that, as previously found by Magistrate Judge Fox, Azkour resigned from his extremely brief employment with defendant; has not established a factual predicate to support a finding that he was "constructively discharged" from his position as a bus boy and thus under well established legal precedent is not entitled to an award of back pay. Moreover, defendant's papers established that plaintiff made no reasonable effort to search for work following his resignation from defendant and thus failed to attempt to mitigate his lost wages, which as a matter of law precludes him from recovery of back pay. Finally, defendant also pointed out that there is uncontroverted evidence before the Court, including Azkour's own submissions, which establish that he was occupationally disabled by reason of mental illness during the entire period for which he seeks back pay, which of course precludes him from obtaining such relief.

Defendant's memorandum and supporting affidavits from industry experts also demonstrate that plaintiff, who is 47 years old and claims to have prior experience as a waiter in a prominent Manhattan restaurant, can not possibly establish that he has "no reasonable prospect" of obtaining employment comparable to his service as a busboy with defendant, and thus has no entitlement to front pay.

Finally, defendant's memorandum argued that it is not conclusively established in this Circuit that a plaintiff in a Fair Labor Standards Act case is entitled to punitive damages, and that in any event there is no basis whatsoever for such an award in the instant case, where Azkour worked for defendant for only 17 weeks and where all of the acts complained of by plaintiff were allegedly undertaken by two individuals who were also sued by plaintiff and who have no connection whatsoever to the restaurant at the present time.

Having read defendant's memorandum in opposition to his claim for damages and recognizing the legal infirmities in his arguments, Mr. Azkour now seeks to change course and have the entire issue submitted to a jury. Plaintiff made no such argument in his submission to Magistrate Judge Fox.

Defendant contends that it would be most unfair to divest the issue of damages from Magistrate Judge Fox, particularly after the issue has been fully briefed, and where there is agreement as to the amounts that Azkour is actually entitled to. Defendant's opposition to plaintiff's claims for back pay, front pay and punitive damages establishes that plaintiff has not been able to even allege facts which would entitle him to such relief under applicable legal principals, and thus there is no legal basis for submitting those claims to a jury.

Unfortunately, plaintiff has an abiding (and entirely misguided) interest in seeking vengeance after his 17 week stint at Ajna Bar, and is simply emotionally incapable of letting the case finish. Simply put, its time for the case to end.

We subsequently received Mr. Azkour's motion to discharge Mr. Stein as his counsel. His motion rests on the offensive and utterly disgusting contention that Mr. Stein, who is an observant Jew, has essentially pulled his punches and has failed to represent Azkour's interests because he suspects that I am Jewish, and believes that two Jewish lawyers are conspiring in some kind of Jewish cabal to "hurt" his interests.

I have never met Mr. Azkour nor have I ever discussed my background or faith with him, which quite frankly are none of his business. He apparently assumes from my surname that I am a Jew, and then postulates that Mr. Stein would violate his ethical duties to help out a fellow Jew. It is simply outrageous for Azkour to make such an unfounded claim, and he should be punished for his utterly racist screed. Mr. Azkour has a long record in this case and others of abusing his right of access to the Courts in waging battles against innocent parties to redress imaginary or miniscule wrongs amplified by his diseased mind. At some point, he needs to be stopped.

3

Any fair reading of his instant motion will reveal that Azkour's real intention is to deprive Mr. Stein of the fee he legitimately earned in prosecuting his modest claim for unpaid wages.

Moreover, if Mr. Stein were indeed terminated as counsel of record, Azkour would undoubtedly continue the case on a *pro se* basis, which for all of the reasons cited herein would not be a prudent or appropriate result for any of the other litigants or the Court.

Accordingly, we ask the Court to deny Azkour's motion to have his claim for damages submitted to a jury and his motion to terminate Mr. Stein as his counsel.

Respectfully submitted,

Andrew S. Hoffmann

cc: Magistrate Judge Fox
David Stein, Esq.
Hicham Azkour