The Hon. Kevin N. Fox, U.S.M.J.
Thurgood Marshall
United States Courthouse,
Room 228
40 Foley Square
New York, NY 10007

HICHAM AZKOUR
93 Pitt Street,
Apartment No. 3B
New York, NY 10002

Email: hicham.azkour@gmail.com

December 27, 2013

**Hand Delivered**

Re: *Azkour v. Haouzi, et al.*, 11-cv-5780 (RJS)(KNF)



Dear Judge Fox:

On October 21, 2013, about more than sixty days (60) ago, I served the defendants' counsel, via U.S. Postal Service, with my first request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Although I complied with the defendants' discovery requests as mandated by Rule 26 of the aforementioned rules, including the November 26, 2013 deposition, they have not so far complied with my request to produce all the documents.

I respectfully request that the Court intervene and direct counsel for the defendants to provide all documents (no exceptions) requested as indicated in my *request attached hereto and no later than (ten) 10 days from the receipt of this letter via ECF*. I also request that the Court direct counsel to strictly abide by the instructions provided to him and cooperate to the best of his ability and honesty.

Respectfully submitted on the 27th day of December, 2013.

Hicham Azkour, pro se

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

**HICHAM AZKOUR,**

*Plaintiff,*

v.  <u>**Civil Action No. 11-CV-5780 (RJS)(KNF)**</u>

**JEAN-YVES HAOUZI, *ET AL.*,**

*Defendants.*

---

# PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

HICHAM AZKOUR, pro se
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com

Pursuant to Fed. R. Civ. P. 34, HICHAM AZKOUR, Plaintiff, pro se, requests that the defendants ("Defendants") respond in writing to the following requests for production of documents, and produce or make available for inspection and copying the documents and tangible objects identified below. Production is to be made to HICHAM AZKOUR, 93 Pitt Street, Apt. 3B, New York, New York 10002, within thirty (30) days.

## DEFINITIONS AND INSTRUCTIONS

A. These requests are continuing in nature, so as to require you to furnish supplementary answers if additional or supplementary information comes into your knowledge prior to trial, and to do so without benefit of an additional demand from Plaintiff, as provided in the Fed. R. Civ. P. 26(e).

B. These requests are directed to all defendants for their convenience; **however, the requests shall be answered fully with respect to each defendant.** If an answer or objection applies to one defendant but not another, the defendants' responses must identify to which defendant the response applies.

C. The term "Defendants" and the pronoun "you" refer to the corporate and individual defendants <u>and</u> their agents, employees, representatives, and unless privileged, attorneys as well as any entity, agency, or committee formed, controlled by, or otherwise affiliated with Defendants.

D. As used in these requests, the words "document" or "documents" have the broadest possible meaning accorded to it under Fed. R. Civ. P. 34 and include, but are not limited to, any and all documents and information maintained electronically on any computer hard drive, disk, diskette, tape, video, or other information storage format.

E. The word "person" means any natural person and/or any corporation, partnership, association, joint venture, limited partnership, committee, any government and/or

government body, commission, board and/or agencies and/or other business association and/or entity, including both the singular and the plural.

F. The term "company" means any corporation, limited liability company, partnership, limited partnership, sole proprietorship, joint venture, or any other business combination or entity of any kind.

G. The term "communication" means any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, by and to whomever made, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, postings on internet social networking sites, and other understandings between two or more persons.

H. If any document responsive to this request was, but is no longer, in your possession, custody, or control, please identify each such document, including: (a) the type or character of the document (*e.g.,* letter, memorandum, signed statement, notes, etc.); (b) title, if any, of the document; (c) the name and address of the author of the document; (d) the name and address of the recipient of the document, if any; (e) the names and addresses of all recipients of copies of the document, if any; (f) all information contained in each document; (g) the date and circumstances under which each such document ceased to exist or be in your possession, custody, or control; (h) the reasons that each such document was caused to, or happened to, cease or exist; (i) the time period during which each document was maintained; (j) the location of each such document; (k) the person or persons from whom each such document may be obtained.

I. For any request for which you are claiming that you have found no responsive documents, certify that you have conducted a diligent search of your files and have identified no responsive documents.

J. If you are claiming that any document or documents requested herein are privileged, describe each such document so that it may be readily identified, and state the basis of the privilege claim.

3

K. If the requested documents are maintained in a file, please produce the file folder or container with the documents.

L. "Identify," when used in reference to a document, means to set forth its title and date of preparation, number of pages, subject matter and present location, and to identify its author, addressee, and each person to whom copies were sent.

M. "Relating to" or "relate to" means concerning, referring to, received from, addressed to, sent to, alluding to, responding to, announcing, explaining, evaluation, discussing, showing, describing, studying, reflecting, analyzing, or consulting.

N. "And" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the specifications all responses which might otherwise be construed to outside the scope. "Each" shall be construed to include the word "any." "Any" shall be construed to include the word "each." "Including" shall be construed to include the phrase "without limitation."

O. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses which might otherwise be construed to be outside the scope.

P. The use of any singular word includes both the singular and the plural of that word, and vice versa. The use of any masculine or feminine pronoun includes both the masculine and feminine.

Q. If a question does not specify an applicable time period, then it refers to the time period from October 10, 2009 to the present.

R. If, in responding to these requests for production, you encounter an ambiguity in either construing a question or the instructions and definitions contained herein, set forth the matter deemed ambiguous and the instruction you used in that regard in responding.

S. Documents produced in response to these requests are to be organized and /or sorted according to the request(s) to which they are responsive.

**DOCUMENTS REQUESTED**

1. Produce copies of all documents that Defendants identify in their Rule 26 disclosures or in any supplemental disclosures.

2. Produce copies of all documents relating to taxes for Plaintiff, including W-2 forms, W-4 forms, and 1099s issued to Plaintiff, as well as documents filed with the government, such as NYS 45 forms.

3. Produce copies of all documents, including, but not limited to, offer letters, employment contracts, memoranda, emails, correspondence, notes, calendars, diaries, etc., that refer or relate in any way to the job duties, requirements, expectations, or actual performance of Plaintiff.

4. Produce copies of all journals, log books, diaries, calendars, or other documents which record or reflect the job duties or assignments actually performed by Plaintiff.

5. Produce copies of all personnel files relating to Plaintiff, including, but not limited to, job applications, employment histories, resumes, work evaluations, dates of employment and positions held.

6. Produce copies of any documents evidencing the identities and job responsibilities of Plaintiff's direct supervisors and /or every other person with decision-making authority regarding Plaintiff's employment, work schedules and/or compensation at any point during Plaintiff's employment with Defendants.

7. Produce copies of any communications between or among Defendants or employees of Defendants related to oral or written complaints made by Plaintiff.

8. Produce copies of any communications with any third party related to oral or written complaints made by Plaintiff.

9. Produce copies of any communications with Plaintiff related to oral or written complaints he made.

10. Produce copies of all documents that set forth, describe, or discuss Defendants' policies related to discrimination and harassment in the workplace.

11. Produce copies of all employee manuals, handbook, fliers, or other instructions to employees, and/or training or operations manuals used by Defendants.

12. Produce copies of any written records or documents that Defendants or Defendants' attorneys, including attorneys representing or having represented Defendants in other matters, have regarding Plaintiff.

13. Produce copies of all documents that record, set forth, or describe any complaint ( formal, informal, written, and /or oral) or concern from Plaintiff relating to Plaintiff's job duties, tasks, requirements, expectations, compensation, treatment by co-workers and/or supervisors, or work schedule.

14. Produce copies of all documents that record, set forth, or describe any response by Defendants to any of the complaints or concerns recorded, set forth, or described in the previous request.

15. Produce copies of all documents concerning lawsuits and/or administrative investigations where Defendants' employee(s) sued Defendant or complained of Defendants' alleged discriminatory practices.

16. Produce copies of all documents concerning Defendants' interaction with any government agency regarding Defendants' employees' allegations of discrimination and/or harassment.

17. Produce copies of all documents relating to or concerning Plaintiff's application for unemployment insurance compensation upon the termination of his employment with Defendants.

18. Produce copies of all documents relating to or concerning Defendants' reporting to the government Plaintiff's unemployment benefits based upon the unlawfully withheld wages and tips.

19. Produce copies of all audio and/or video recordings of Plaintiff in Defendants' possession.

20. Produce copies of each and every document and thing that refers to or relates to any admission and/or declaration against interest made by any party to this action.

21. Produce copies of each and every document or thing supporting the affirmative defenses raised by Defendants' Answer to Plaintiff's Third Amended Complaint.

22. Produce copies of all documents that set forth or describe any of Defendants' policies, procedures, and practices for retaining documents responsive to any of Plaintiff's document requests, This request is not limited in time.

23. Produce copies of each and every document and thing upon which Defendants will rely at trial.

Dated: October 21, 2013

_____
HICHAM AZKOUR, pro se
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**, has been served upon the defendants' attorney of record on this 21st day of October 2013, VIA ECF/MAIL:

Andrew S. Hoffmann, Esq.
450 Seventh Avenue, Suite 1400
New York, New York 10123

Dated: October 21, 2013

By: HICHAM AZKOUR, pro se

HICHAM AZKOUR
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com