The Hon. Kevin N. Fox, U.S.M.J.
Thurgood Marshall
United States Courthouse,
Room 228
40 Foley Square
New York, NY 10007

HICHAM AZKOUR
93 Pitt Street,
Apt. No. 3B
New York, NY 10002

Email: hicham.azkour@gmail.com

February 19, 2014



**Hand Delivered**

Re: *Azkour v. Haouzi, et al.*, 11-cv-5780 (RJS)(KNF)

Dear Judge Fox:

On February 13, 2014, this Court held a conference to address my complaints concerning Defendants' failure to produce documents and their evasive answers to my requests for admission. Moreover, the Court held said conference to address my complaint about Defendants' failure to renew and supplement their disclosure statement as per Rule 7.1(b)(2) of the Federal Rules of Civil Procedure.

The Court ordered that I file, no later than March 13, 2014, a motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. Consequently, I cancelled a deposition scheduled for February 14, 2014 for the purpose of orally examining defendant Jean-Yves Haouzi as *Chief Executive and Operating Officer of Little Rest Twelve, Inc.*

During the conference, counsel to Defendants objected to the renewal and/or supplementation of the disclosure statement and was quick to request this Court's permission to release defendant Jean-Yves Haouzi. Counsel did not, at any time during the conference, communicate to this Court that defendant Haouzi was not *the actual* Chief Executive and Operating Officer of Little Rest Twelve, Inc. He also declined to inform the Court that defendant Haouzi does not own 15% of Little Rest Twelve, Inc.

As shown by <u>EXHIBIT A</u>, attached hereto, Martin H. Kaplan, Esq., the Managing Partner of the firm Gusrae Kaplan Nusbaum PLLC ("GKN"), which is representing

1

defendant Little Rest Twelve, Inc. in an unrelated matter[1] pending before Justice Marcy S. Friedman of the New York State Supreme Court, affirms, under the penalty of perjury, that pursuant to "the Court's directive during the oral argument on February 6, 2014, enclosed herein is a true and complete copy of the conflict letter executed by LR12's CEO Bogdan Mykhalus which memorializes in writing LR12's waiver of any actual or potential conflict of interest that might arise out of GKN's simultaneous representation of the entity and the third party defendants."

This Court is made aware that GKN also represents the two attorneys who briefly entered their appearance and withdrew it in the FLSA Action, namely Martin Russo, Esq. and Sarah Khurana, Esq.

A few days before the aforementioned conference, I received a letter from counsel to Defendants dated January 16, 2014. This letter does not bear the signature of Andrew Sal Hoffmann, Esq. *See* EXHIBIT B. If the Court compares this letter to the one at EXHIBIT C, which is also dated January 16, 2014[2], **it will become clear that the signature was forged**[3]. My assumption – and this is a high possibility – that Mr. Hoffmann did not want the letter at EXHIBIT B, which confirms the production of defendant Haouzi for deposition, to bear his signature because he had prior knowledge that defendant Haouzi was no more the actual Chief Executive Officer of Little Rest Twelve, Inc. and any reference to him as an officer or owner will constitute perjury. Indeed, Mr. Kaplan, in his letter to Mr. Mykhalus, dated February 11, 2014 (just two days before our conference), *see* EXHIBIT A, refers to a conversation that occurred between him and Mr. Mykhalus, *as Chief Executive Officer of Little Rest Twelve, Inc.*, in the summer of 2013 regarding a possible conflict of interests in his firms' representation of Martin Russo, Esq. and Sarah Khurana, Esq. It is clear that Mr. Hoffmann has always had knowledge of this suspicious management and ownership change.

During the February 13, 2014 conference, I also complained to the Court that the "scraps of paper" provided to me by counsel were *curiously* not certified by the Chief Executive Officer of Little Rest Twelve, Inc., who was to my knowledge defendant Haouzi. It is now clear that they were not certified because counsel to Defendants did not want this Court to acquire any knowledge as to the change in management and ownership.

---

[1] *See Little Rest Twelve, Inc. v. Nina Zajic, et al.*, Index No. 650209/2010.

[2] I received this letter about ten days before the EXHIBIT B letter, which was ante-dated and which also indicates that there was a sort of hesitation as to whether sign it or not. In the end, whoever signed the letter forged the signature of Mr. Hoffmann.

[3] I inspected all the pleadings signed by Mr. Hoffmann and not a single one of them bears the strange signature which was used on the January 16, 2014 letter.

Mr. Hoffmann, the Court is reminded, did not contest my assertion during the conference that defendant Haouzi does not live in New York anymore and is presently living permanently in Paris, France. In fact, during my November 26, 2013 deposition, Mr. Hoffmann stated to me that defendant Haouzi has moved to Paris in the first months of 2013, immediately after the shutdown of Ajna Bar. In addition to this fact, counsel did not contest my assertion to this Court that, according to the New York State Liquor Authority, *see* <u>EXHIBIT D</u>, the Principal's Name in the Liquor License assigned to Little Rest Twelve, Inc. is the name of the new Chief Executive Officer, Mr. Bogdan Mykhalus and Grosvenor Trading House, Ltd[4].

For the reasons set forth above, I respectfully request that this Court schedule a hearing as soon as practicable to inquire as to why counsel to Defendants forged the signature on the letter dated January 16, 2014 and, in bad faith, concealed essential facts to mislead this Court.

I also respectfully request that this Court authorize the issuance of a subpoena *duces tecum* to compel non-party GKN to produce all documents and digitally stored material in their possession and disclose all Defendants' assets in the United States and overseas.

The Court is now aware that there is enough evidence to believe that Mr. Hoffmann, his clients, attorneys from GKN, and Ms. Inna Gudvadze have been engaged in a conspiracy to defraud me of my wages[5]. I now have no other option but to bring another civil action against them all if subpoena is not issued or both FLSA Action and the Civil Rights Action are not promptly resolved.

This Court is informed that I renewed and submitted a mandamus petition to the U.S Court of Appeals for the Second Circuit.

---

[4] Upon information and belief, this company owns 85% of Little Rest Twelve, Inc.

[5] No reasonable person would ever understand why such a simple controversy about wages has been pending for four years now.

3

Respectfully submitted,


By:    HICHAM AZKOUR, pro se
       _____

# EXHIBIT A

GUSRAE KAPLAN NUSBAUM PLLC
120 WALL STREET
NEW YORK, NEW YORK 10005
TEL: (212) 269-1400
FAX: (212) 809-5449
*Attorneys for Plaintiff Little Rest Twelve, Inc. and*
*Third-Party Defendants Russo, Kruzhkov and Khurana*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
LITTLE REST TWELVE, INC.,

|  |  |
|---|---|
| Plaintiff, | Index No. 650209/2010 |
| | Part 60 (Friedman, J.) |
| -against- | |
| NINA ZAJIC, JOESPH KAY, DAVID KAY, JOSEPH GIL AND THOMAS GIGLIO | **AFFIRMATION OF MARTIN H. KAPLAN, ESQ.** |

Defendants.
-------------------------------------------------------------------x
NINA ZAJIC, JOSEPH KAY and DAVID KAY,

Third Party-Plaintiffs,

-against-

MARTIN RUSSO, MARLEN KRUZKHOV, and
SARAH KHURANA

Third Party-Defendants.
-------------------------------------------------------------------x

MARTIN H. KAPLAN, ESQ., an attorney admitted to practice before the Courts of the State of

New York, affirms the following under penalty of perjury:

1.      I am the Managing Partner of the firm Gusrae Kaplan Nusbaum PLLC ("GKN"),

attorneys for plaintiff Little Rest Twelve, Inc. ("LR12") and third party defendants Martin Russo,

Esq., Marlen Kruzkhov, Esq. and Sarah Khurana, Esq.

1

2.      On February 6, 2014, the Court held oral argument with respect to the motions to dismiss in this action (Motion Sequence 003, 004, and 005).

3.      Pursuant to the Court's directive during the oral argument on February 6, 2014, enclosed herein is a true and complete copy of the conflict letter executed by LR12's CEO Bogdan Mykhalus which memorializes in writing LR12's waiver of any actual or potential conflict of interest that might arise out of GKN's simultaneous representation of the entity and the third-party defendants.

Dated:        New York, New York
              February 17, 2014


                                        _____
                                        Martin H. Kaplan, Esq.

# GUSRAE KAPLAN NUSBAUM PLLC

### ATTORNEYS AT LAW

DAVID A. GEHN
SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
MARLEN KRUZHKOV**
LAWRENCE G. NUSBAUM
MARTIN P. RUSSO

** MEMBER NY AND NJ BAR

120 WALL STREET-25TH FLOOR
NEW YORK, NEW YORK 10005
TEL   (212)269-1400
FAX   (212)809-5449

81 MAIN STREET-SUITE 215
WHITE PLAINS, NEW YORK 10601
(914)644-8323

www.gusraekaplan.com

OF COUNSEL
ROBERT L. BLESSEY

February 11, 2014

**By Hand**

Mr. Bogdan Mykhalus
Chief Executive Officer
Little Rest Twelve, Inc.
416 13th Street, Room 1
New York, New York 10014

    RE:   **CONFLICT WAIVER**
          Little Rest Twelve, Inc. v. Nina Zajic, et al., Index No. 650209/2010

Dear Mr. Mykhalus:

        Gusrae Kaplan Nusbaum PLLC ("GKN") represents Little Rest Twelve, Inc. ("LR12") as the plaintiff in the above-referenced action.  As we have discussed since last summer, the Defendants in the action have filed third-party claims against GKN attorneys Martin Russo, Sarah Khurana and Marlen Kruzhkov (the "Named Attorneys").  This letter is to confirm that LR12 requested that GKN continue to represent the company in this action despite the third-party claims, and to formally memorialize the company's waiver of any actual or potential conflict of interest arising out of the simultaneous representation of LR12 and the Named Attorneys.

        LR12 was provided with a copy of the third-party claims directed against the Named Attorneys at the time they were filed, and a representative of LR12 discussed them with GKN.  We have explored with you the facts and theories of liability in this case, including the facts alleged in LR12's claims, the counterclaims against LR12, and the third-party claims against the Named Attorneys.  That discussion included the material risks associated with GKN's simultaneous representation of LR12 and the Named Attorneys in light of the circumstances, and the reasonably available alternatives to such representation. We also discussed the fact that there is no direct or indirect claim between LR12 and the Named Attorneys.  Finally, we have shared with you our opinion that the claims against the Named Attorneys

Bogdan Mykhalus
February 11, 2014
Page 2

have no basis, and that we believe that they were brought tactically in an attempt by the Defendants to
dissuade GKN from prosecuting LR12's claims.

After discussing the matter, you and GKN do not perceive conflicting or differing interests
between or among the clients that would preclude GKN from simultaneously representing LR12 and the
Named Attorneys. GKN has concluded in its professional judgment that the requirements of Disciplinary
Rule 5-105 are satisfied and, consequently, a simultaneous representation is permissible. In performing
its analysis, GKN considered (i) the nature of any conflict, (ii) its ability to ensure that the confidences
and secrets of all involved clients will be preserved, and (iii) its relationship with each of LR12 and the
Named Attorneys. Consistent with Rule 1.7 of the Professional Rules of Conduct, GKN believes that it
can provide competent and diligent representation to both LR12 and the Named Attorneys, and that the
representation is not prohibited by law.

Notwithstanding our current belief, there may come a time when the interests of the clients
diverge. If, during the course of our representation, GKN perceives an actual conflicting or differing
interest between the clients, we will promptly advise LR12 and the Named Attorneys of that fact.
Similarly, you agree to promptly advise us in writing if LR12 learns of a conflicting or differing interest.
In that event, unless the clients can resolve the matter between themselves without our assistance, it may
become necessary for GKN to withdraw its representation of all parties depending on the circumstances.

Because we will represent all of LR12 and the Named Attorneys, LR12 acknowledges that there
can be no confidences between or among the clients as a group regarding the work that GKN does for the
clients. In other words, if we receive information from or about one of the clients that is relevant to the
litigation, we will give the others that information. The one exception is that we will not share any
information that we are legally prohibited from divulging.

**BY SIGNING BELOW, YOU WAIVE ANY AND ALL ACTUAL AND
POTENTIAL CONFLICTS OF INTEREST THAT MIGHT ARISE OUT OF
GUSRAE KAPLAN NUSBAUM PLLC'S SIMULTANEOUS REPRESENTATION
OF LR12, MARTIN RUSSO, SARAH KHURANA AND MARLEN KRUZHKOV IN
THE ABOVE-REFERENCED ACTION.**

Before signing this conflict waiver, we have advised that LR12 consult independent counsel
regarding the advantages and disadvantages of proceeding with a joint representation. You acknowledge
that you have had an opportunity to consult counsel, and are satisfied that you are adequately informed to
execute this waiver.

Very truly yours,

Martin H. Kaplan

Bogdan Mykhalus
February 11, 2014
Page 3


**AGREED AND ACKNOWLEDGED:**

Little Rest Twelve, Inc.

By: _____
        Bogdan Mykhalus, CEO

# EXHIBIT B

**HOFFMANN & ASSOCIATES**
Attorneys at Law
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel. (212) 679-0400
Fax (212) 679-1080

ANDREW S. HOFFMANN*

_____

TRAM D. LOPRESTO

*Admitted in New York and Ohio

January 16, 2014

Mr. Hicham Azkour
93 Pitt Street, Apt 3B
New York, New York 10002

                    Re:     Hicham Azkour v. Jean-Yves
                            Haouzi, Franck Maucort, Jessica
                            Comperiati, Little Rest Twelve, Inc.,
                            Sheldon Skip Taylor, Esq., and The
                            Law Offices Sheldon Skip Taylor

                            Index No. 11 Civ. 5780 (RJS)(KNF)

Dear Mr. Azkour,

    We write to confirm that we will be producing Mr. Jean-Yves Haouzi for deposition on February 14, 2014 at 10:30 a.m. at the courthouse located at 500 Pearl Street, New York, New York 10007.  We expect that you will have a court reporter retained to transcribe the deposition at that time.

                            Very truly yours,

                            Andrew S. Hoffmann

cc:     Kevin Nathaniel Fox, U.S.M.J.

# EXHIBIT C

# HOFFMANN & ASSOCIATES
### Attorneys at Law
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel. (212) 679-0400
Fax (212) 679-1080

ANDREW S. HOFFMANN*

_____

TRAM D. LOPRESTO

*Admitted in New York and Ohio

January 16, 2014

Mr. Hicham Azkour
93 Pitt Street, Apt 3B
New York, New York 10002

> Re:   Hicham Azkour v. Jean-Yves
> Haouzi, Franck Maucort, Jessica
> Comperiati, Little Rest Twelve, Inc.;
> Sheldon Skip Taylor, Esq., and The
> Law Offices Sheldon Skip Taylor
>
> Index No. 11 Civ. 5780 (RJS)(KNF)

Dear Mr. Azkour,

Please find enclosed a copy of all the records that our clients have been able to locate responsive to your document request. We also enclose defendants' responses to your requests for admission.

Very truly yours,

Andrew S. Hoffmann

cc:   Kevin Nathaniel Fox, U.S.M.J.

# EXHIBIT D



New York    State    ≔ State Agencies         + Search all of NY.gov



NEW YORK STATE
**LIQUOR AUTHORITY**
DIVISION OF ALCOHOLIC BEVERAGE CONTROL

Andrew M. Cuomo, Governor
Dennis Rosen, Chairman
Jeanique Greene, Commissioner

Home

Public License Query

Wholesale



Forms Quick-Find:        Wholesale Forms        Retail Forms


Help

### Public Query - Results

**License Information**

Serial Number:  1159274
License Type:   ON-PREMISES LIQUOR
License Status: License is Inactive
Credit Group:   3
Filing Date:    12/08/2004
Effective Date: 04/01/2012
Expiration Date: 03/31/2014

**Premises Information**

                   GROSVENOR TRADING HOUSE, LTD
Principal's Name:  MYKHALUS, BOGDAN
                   MYKHALUS, ROKSOLANA
Premises Name:  LITTLE REST TWELVE INC
Trade Name:     AJNA BAR NYC
Zone:           1
Address:        25 LITTLE W 12 ST AKA 416 W 13
                9TH AVE & WASHINGTON STREET
                NEW YORK, NY 10014
County:         NEW YORK

You can select one of the following links to perform another search:

- Search by Name
- Search by License Number
- Search by Location
- Search by Principal
- Advance Search

Disclaimers | Confidentiality | Privacy | Security
New York State Liquor Authority • 80 S. Swan Street • 9th Floor • Albany, New York • 12210-8002