**MEMO ENDORSED**

The Hon. Kevin N. Fox, U.S.M.J.
Thurgood Marshall
United States Courthouse,
Room 228
40 Foley Square
New York, NY 10007

HICHAM AZKOUR
93 Pitt Street,
Apt. No. 3B
New York, NY 10002

Email: hicham.azkour@gmail.com



February 19, 2014

Hand Delivered

Re: *Azkour v. Haouzi, et al.*, 11-cv-5780 (RJS)(KNF)

Dear Judge Fox:

    On February 13, 2014, this Court held a conference to address my complaints concerning Defendants' failure to produce documents and their evasive answers to my requests for admission. Moreover, the Court held said conference to address my complaint about Defendants' failure to renew and supplement their disclosure statement as per Rule 7.1(b)(2) of the Federal Rules of Civil Procedure.

    The Court ordered that I file, no later than March 13, 2014, a motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. Consequently, I cancelled a deposition scheduled for February 14, 2014 for the purpose of orally examining defendant Jean-Yves Haouzi as *Chief Executive and Operating Officer of Little Rest Twelve, Inc.*

    During the conference, counsel to Defendants objected to the renewal and/or supplementation of the disclosure statement and was quick to request this Court's permission to release defendant Jean-Yves Haouzi. Counsel did not, at any time during the conference, communicate to this Court that defendant Haouzi was not *the actual* Chief Executive and Operating Officer of Little Rest Twelve, Inc. He also declined to inform the Court that defendant Haouzi does not own 15% of Little Rest Twelve, Inc.

    As shown by EXHIBIT A, attached hereto, Martin H. Kaplan, Esq., the Managing Partner of the firm Gusrae Kaplan Nusbaum PLLC ("GKN"), which is representing

1

defendant Little Rest Twelve, Inc. in an unrelated matter[1] pending before Justice Marcy S. Friedman of the New York State Supreme Court, affirms, under the penalty of perjury, that pursuant to "the Court's directive during the oral argument on February 6, 2014, enclosed herein is a true and complete copy of the conflict letter executed by LR12's CEO Bogdan Mykhalus which memorializes in writing LR12's waiver of any actual or potential conflict of interest that might arise out of GKN's simultaneous representation of the entity and the third party defendants."

This Court is made aware that GKN also represents the two attorneys who briefly entered their appearance and withdrew it in the FLSA Action, namely Martin Russo, Esq. and Sarah Khurana, Esq.

A few days before the aforementioned conference, I received a letter from counsel to Defendants dated January 16, 2014. This letter does not bear the signature of Andrew Sal Hoffmann, Esq. *See* EXHIBIT B. If the Court compares this letter to the one at EXHIBIT C, which is also dated January 16, 2014[2], **it will become clear that the signature was forged**[3]. My assumption – and this is a high possibility – that Mr. Hoffmann did not want the letter at EXHIBIT B, which confirms the production of defendant Haouzi for deposition, to bear his signature because he had prior knowledge that defendant Haouzi was no more the actual Chief Executive Officer of Little Rest Twelve, Inc. and any reference to him as an officer or owner will constitute perjury. Indeed, Mr. Kaplan, in his letter to Mr. Mykhalus, dated February 11, 2014 (just two days before our conference), *see* EXHIBIT A, refers to a conversation that occurred between him and Mr. Mykhalus, *as Chief Executive Officer of Little Rest Twelve, Inc.*, in the summer of 2013 regarding a possible conflict of interests in his firms' representation of Martin Russo, Esq. and Sarah Khurana, Esq. It is clear that Mr. Hoffmann has always had knowledge of this suspicious management and ownership change.

During the February 13, 2014 conference, I also complained to the Court that the "scraps of paper" provided to me by counsel were *curiously* not certified by the Chief Executive Officer of Little Rest Twelve, Inc., who was to my knowledge defendant Haouzi. It is now clear that they were not certified because counsel to Defendants did not want this Court to acquire any knowledge as to the change in management and ownership.

---

[1] *See Little Rest Twelve, Inc. v. Nina Zajic, et al.*, Index No. 650209/2010.

[2] I received this letter about ten days before the EXHIBIT B letter, which was ante-dated and which also indicates that there was a sort of hesitation as to whether sign it or not. In the end, whoever signed the letter forged the signature of Mr. Hoffmann.

[3] I inspected all the pleadings signed by Mr. Hoffmann and not a single one of them bears the strange signature which was used on the January 16, 2014 letter.

2

Mr. Hoffmann, the Court is reminded, did not contest my assertion during the conference that defendant Haouzi does not live in New York anymore and is presently living permanently in Paris, France. In fact, during my November 26, 2013 deposition, Mr. Hoffmann stated to me that defendant Haouzi has moved to Paris in the first months of 2013, immediately after the shutdown of Ajna Bar. In addition to this fact, counsel did not contest my assertion to this Court that, according to the New York State Liquor Authority, see EXHIBIT D, the Principal's Name in the Liquor License assigned to Little Rest Twelve, Inc. is the name of the new Chief Executive Officer, Mr. Bogdan Mykhalus and Grosvenor Trading House, Ltd[4].

For the reasons set forth above, I respectfully request that this Court schedule a hearing as soon as practicable to inquire as to why counsel to Defendants forged the signature on the letter dated January 16, 2014 and, in bad faith, concealed essential facts to mislead this Court.

I also respectfully request that this Court authorize the issuance of a subpoena *duces tecum* to compel non-party GKN to produce all documents and digitally stored material in their possession and disclose all Defendants' assets in the United States and overseas.

The Court is now aware that there is enough evidence to believe that Mr. Hoffmann, his clients, attorneys from GKN, and Ms. Inna Gudvadze have been engaged in a conspiracy to defraud me of my wages[5]. I now have no other option but to bring another civil action against them all if subpoena is not issued or both FLSA Action and the Civil Rights Action are not promptly resolved.

This Court is informed that I renewed and submitted a mandamus petition to the U.S Court of Appeals for the Second Circuit.

3/3/14

*[Handwritten order]:* The plaintiff's request for a hearing regarding the legitimacy of a signature on a letter(s) he received from counsel to the defendants, is denied. Almost two weeks have elapsed, since the plaintiff surmised that the true signature of the defendants' counsel does not appear on a letter(s) he received. However, since that time, the defendants' counsel has not confirmed the plaintiff's suspicion that counsel's signature has been forged on a document sent to the plaintiff, nor disavowed anything communicated to the plaintiff in either of the subject writings. Therefore, no hearing appears to be warranted.

The plaintiff's request that the "Court authorize the issuance of a subpoena duces tecum" is also denied. Court authorization for the issuance of a subpoena is not needed. The plaintiff may obtain a subpoena from the Pro Se Office, in accordance with Rule 45(a)(3) of the Federal Rules of Civil Procedure.

SO ORDERED:
Kevin Nathaniel Fox, U.S.M.J.

---

[4] Upon information and belief, this company owns 85% of Little Rest Twelve, Inc.

[5] No reasonable person would ever understand why such a simple controversy about wages has been pending for four years now.

3

Respectfully submitted,

By:   HICHAM AZKOUR, pro se
    _____

4