D

The Hon. Richard J. Sullivan, U.S.M.J.  
Thurgood Marshall  
United States Courthouse,  
Room 905  
40 Foley Square  
New York, NY 10007

HICHAM AZKOUR  
93 Pitt Street,  
Apt. No. 3B  
New York, NY 10002

Email: hicham.azkour@gmail.com

March 7, 2014



**Hand Delivered**

Re: *Azkour v. Haouzi, et al.*, 11-cv-5780 (RJS)(KNF)

Dear Judge Sullivan:

    On October 18, 2013, I filed an a memorandum of law, Docket Entry No. 131, in support of my Rule 72 objection to the Hon. Kevin N. Fox's Order denying me leave to amend my Third Amended Complaint, Docket Entry No. 127, as proposed by the amendment at Docket Entry No. 92.

    In my request for leave to amend my Third Amended Complaint, I informed the Court that my amendment sprang from the fact that the defendants, in violation of the Americans with Disability Act of 1990 ("ADA"), regard me as a disabled individual and refused to reinstate me to my former employment position for the same reason.

    For the reasons set forth in my objection, my ADA claim is valid, this Court should now rule that amendment is warranted, and the Hon. Fox's Order at Docket Entry No. 127 is erroneous[1].

---

[1] The Hon. Fox is an excellent magistrate judge and is aware that his denial of my request to amend is *unfair*. Yet, it appears that he had to rule that amendment is futile for *administrative reasons*.

1

Because I sincerely believe that Your Honor is an impartial, competent, and excellent judge, I am sure that You will rule in my favor and reverse the Hon. Fox's Order. Just recently, on February 27, 2014, in *Sacks v. Gandhi Engineering, Inc.*, No. 11 Civ. 5778 (DAB)(DCF), 2014 U.S. Dist. LEXIS 25503 (S.D.N.Y., Feb. 27, 2014), the Hon. Deborah A. Batts, United States District Judge, upon the recommendation of the Hon. Debra C. Freeman, United States Magistrate Judge, opined:

> When a plaintiff brings a claim on the basis of that his employer regarded him as disabled, "the decisive issue is the employer's perception of his or her employee's alleged impairment." *Giordano v. City of New York*, 274 F.3d 740, 748 (2d Cir. 2001). A plaintiff therefore must "show not only that the defendants 'regarded [him] as somehow disabled,' but that they 'regarded [him] as disabled within the meaning of the ADA.'" *Id.* (citation omitted). When Congress passed the ADA Amendment Act ("ADAAA") of 2008, it created a more lenient definition of "regarded as" disabled or perceived disability:
>
>> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
>
> 42 U.S.C. § 12102(3)(A); 29 C.F.R. § 1630.2(1)(1).

If the Court reviews my arguments at Docket Entry No. 98 as to my disability claims, it will become clear that I used the same argument as the court in *Sacks*. Therefore, there is not a shred of futility in my amendment at Docket Entry No. 92. This Court should note that plaintiff Farrell Sacks, like myself in the above-referenced matter, was acting pro se.

This Court should also note that, by entirely adopting the Hon. Freeman's Report & Recommendation, *see Sacks v. Gandhi Engineering, Inc.*, No. 11 Civ. 5778 (DAB)(DCF), 2013

2

U.S. Dist. LEXIS 185571 (S.D.N.Y., Aug. 23, 2013), *see* EXHIBIT A, the Hon. Batts referred to the pending FLSA matter as she denied the defendants a de novo review:

> These arguments are not entitled to de novo review. *See Azkour v. Little Rest Twelve, Inc.*, No. 10 Civ. 4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) ("[C]ourts generally do not consider new evidence raised in objections ... absent a compelling justification for failure to present such evidence to the magistrate judge." (citation omitted)). Moreover, arguments that relitigate issues or factual matters are entitled to review only for clear error, and the Court finds none. *See IndyMac Bank, F.S.B.*, 2008 WL 4810043, at *1.
>
> Accordingly, the Court ADOPTS the Report's recommendation to deny Defendant's Motion for Summary Judgment as to Plaintiff's disability discrimination claim.

Instead of sending a message of deliverance, this Court, with an unparalleled headstrongness, appears to insist upon making the horizon look gloomier. "So from the top to bottom the place is simply a seething cauldron of jealousies and hatreds; there is no loyalty or decency anywhere about it, there is no place in it where a man counted for anything against a dollar."[2]

For the reasons set forth above, we pray this Court to appeal to reason and rule on my pending objections.

Respectfully submitted,


Hicham Azkour, pro se

*[signature]*

---

[2] Upton Sinclair, *The Jungle* (1906).

# EXHIBIT A

Case 1:11-cv-05780-RJS-KNF Document 154 Filed 03/07/14 Page 4 of 9

1 of 2 DOCUMENTS

FARRELL SACKS, Plaintiff, v. GANDHI ENGINEERING, INC., Respondent.

11 Civ. 5778 (DAB)(DCF)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2014 U.S. Dist. LEXIS 25503

February 27, 2014, Decided
February 27, 2014, Filed

**PRIOR HISTORY:** Sacks v. Gandhi Eng'g, Inc., 2013 U.S. Dist. LEXIS 185571 (S.D.N.Y., Aug. 23, 2013)

**CORE TERMS:** disability, agility, recommendation, prima facie case, termination, impairment, summary judgment, discrimination claims, clear error, physiological, citation omitted, sufficient evidence, disabled, bending, unable to perform, de novo, physical impairment, musculoskeletal, suffering, climbing, walking, religion, evidence suggesting, inability to perform, accommodation, conducting, performing, pretextual, correctly, speculates

**COUNSEL:** [*1] Farrell Sacks, Plaintiff, Pro se, Flushing, NY.

For City of New York, Movant: Melanie Calandra Teresa Ash, New York City Law Department, New York, NY.

For Gandhi Engineering, Inc., Defendant: Keith J Frank, LEAD ATTORNEY, Perez, Furey & Varvaro, Uniondale, NY.

**JUDGES:** Deborah A. Batts, United States District Judge.

**OPINION BY:** Deborah A. Batts

**OPINION**

ADOPTION OF REPORT AND RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

On August 23, 2013, United States Magistrate Judge Debra C. Freeman issued a Report and Recommendation ("Report"), recommending that Defendant's Motion for Summary Judgment be granted in part and denied in part. (Report at 1, 26.) Defendant filed timely Objections to the Report. Pro se Plaintiff did not respond to Defendant's Objections.

For the reasons set forth below, after conducting the appropriate levels of review following Defendant's Objections, the Report and Recommendation of Magistrate Judge Freeman dated August 23, 2013 shall be ADOPTED in its entirety. Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment as to Plaintiff's claims of discrimination based on age and religion but DENIES Defendant's Motion for Summary Judgment as to Plaintiff's claim that Defendant [*2] discriminated against him in violation of the Americans with Disability Act of 1990 ("ADA").

**I. BACKGROUND**

The Report sets forth the factual background in great detail in the Report. Parties' familiarity with the Report and underlying facts is assumed, and this Order recounts the facts only to the extent necessary for the resolution of Defendant's Objections

thereto.

The City of New York Department of Transportation ("DOT") hired Defendant to oversee bridge construction projects. (Def. 56.1 Stmt. ¶ 8.) Defendant employed Plaintiff from September 7, 2010 to October 22, 2010 as a Senior Inspector for one of DOT's bridge construction projects. (Id. ¶ 7.) Among his Inspector duties, Plaintiff submitted daily work reports, measured "Quantities," climbed ladders, measured and photographed installations, walked on rebar mat, and performed various concrete tests. (Id. ¶ 24; Pl. 56.1 Stmt. ¶ 24.) The Parties dispute whether Plaintiff sufficiently performed his duties. (Def. 56.1. Stmt. ¶ 25; Pl. 56.1 Stmt. ¶ 25.) Defendant claims that Kirti Gandhi ("Gandhi"), the owner of Gandhi Engineering Inc., and DOT engineers witnessed Plaintiff not performing adequately his job duties. (Frank Decl. Ex. E [*3] ¶¶ 6-7.) Therefore, Defendant asserts, he was "terminated due to performance." (Id. Ex. F ¶¶ 4, 9.) Plaintiff, however, claims that his supervisor, Godfrey Passaro ("Passaro"), told him he was fired becuase DOT was unhappy with his "agility." (Pl.'s Add'l Points ¶ 5.) He claims that, although Gandhi told Plaintiff that he was "unable to perform his duties as Inspector," nothing in his personnel record indicates poor performance. (Pl.'s Add'l Points ¶¶ 6, 8.)

Plaintiff does not have a disability, nor has he been told by a medical provider that he has one or that he has any problems with his agility. (Def. 56.1 Stmt. 19, 21 ; Sacks Dep. 75:6-9.) He also never informed Defendant that he had a disability or needed an accommodation. (Def. 56.1 Stmt. 18, 20.) While Defendant has seen a medical practitioner since the beginning of this action, it was unrelated to any mobility or agility concerns. (Sacks Dep. 130:22-131:15.)

## II. DISCUSSION

### A. Standard of Review for a Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." [*4] Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865, 2008 U.S. Dist. LEXIS 92267, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

### B. Legal Standard for Disability Discrimination

Disability discrimination claims alleged under the ADA are examined using the three-step burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Ben-Levy v. Bloomberg, 518 F. App'x 17, 19 (2d Cir. 2013). [*5] To establish a prima facie case of disparate treatment, a plaintiff must demonstrate that

> (1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability.

Capobianco v. City of New York, 422 F.3d 47, 56 (2d Cir. 2005). A plaintiff's burden to establish a prima facie case is de minimis. Katz v. Adecco USA, Inc., 845 F. Supp. 2d 539, 548 (S.D.N.Y. 2012).

When a plaintiff brings a claim on the basis of that his employer regarded him as disabled, "the decisive issue is the employer's perception of his or her employee's alleged impairment." Giordano v. City of New York, 274 F.3d 740, 748 (2d Cir. 2001). A plaintiff therefore must "show not only that the defendants 'regarded [him] as somehow disabled,' but that they 'regarded [him] as disabled within the meaning of the ADA.'" Id. (citation omitted). When Congress passed the ADA Amendment Act ("ADAAA") of 2008, it created a more lenient definition [*6] of "regarded as" disabled or perceived disability:

> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. § 12102(3)(A); 29 C.F.R. § 1630.2(l)(1).[1] Accordingly, to survive summary judgment, a plaintiff is required to raise a genuine issue of material fact as to whether the employer "regarded him as having a mental or physical impairment." Hilton, 673 F.3d at 128. A physical impairment includes, inter alia, a "physiological disorder or condition . . . affecting . . . [the] musculoskeletal" system. 29 C.F.R. § 1630.2(h)(1). The impairment only constitutes a disability under the ADA

> if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.[2]

29 C.F.R. § 1630.2(j)(1)(ii). [*7] Major life activities include walking and bending. 29 C.F.R. § 1630.2(i)(1)(i).

---

[1] Prior to the ADAAA, a plaintiff . . . seeking to avail himself of the 'regarded as' prong of the definition of 'disability' needed to show that he was perceived as both 'impaired' and 'substantially limited in one or more major life activity.'" Hilton v. Wright, 673 F.3d 120, 128 (2d Cir. 2012) (citation omitted).

[2] While the ADA does not set define what constitutes a substantial limitation, "post-enactment of the ADAAA, it is clear that the standard 'is not meant to be [ ] demanding.'" Graham v. Three Village Cent. Sch. Dist., No. 11 Civ. 5182, 2013 U.S. Dist. LEXIS 143264, 2013 WL 5445736, at *12 (E.D.N.Y. Sept. 30, 2013) (quoting 29 C.F.R. § 1630.2(j)(1)(i)).

---

After a plaintiff sustains the prima facie burden, a defendant must then "proffer a legitimate, nondiscriminatory reason for the complained of action." Ben-Levy, 518 F. App'x at 19 (citing Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000)). If the employer meets that burden, "[t]his rebuts the presumption raised by the prima facie case, at which point 'the burden shifts back to the plaintiff to prove, by a preponderance of the evidence, that the real reason for the adverse [*8] employment decision was discrimination.'" Kemp v. Metro-North R.R., 316 F. App'x 25, 27 (2d Cir. 2009) (citation omitted).

### C. Defendant's Objections

Magistrate Judge Freeman recommended that this Court dismiss Plaintiff's religion and age discrimination claims because he could not establish a prima facie case of discrimination under the McDonnell Douglas framework. (Report 14-20.) However, the Report recommended to deny Defendant's Motion for Summary Judgment as to Plaintiff's disability discrimination claims because he made out his prima facie case of disability discrimination and there was a triable issue of fact as to whether Defendant's explanation for his termination was pretextual. (Report 20-26.)

Defendant objects to the Report's findings that (1) agility is a physiological condition that can be perceived as a disability under the ADA, (2) there was an inference of discrimination based upon perceived disability, (3) Defendant did not put forth a legitimate non-discriminatory basis for its termination decision, and (4) Plaintiff produced sufficient evidence to demonstrate pretext. The Court has reviewed for clear error the portions of the Report to which no objections have been [*9] made and finds none.

Defendant's first Objection relates to the Report's finding that Plaintiff set forth sufficient evidence to establish the second part of Plaintiff's prima facie case. The Report explained that the statements that Plaintiff was terminated due to his lack of agility and his inability to perform his job tasks, where his job involved walking, climbing, and bending, "give rise to an inference that Defendant believed that Plaintiff had a physiological condition, most likely involving the musculoskeletal system." (Report 23.) Defendant contends that, even under the ADAAA standard, agility cannot constitute a disability. Defendant also asserts the Report erred in finding that Defendant believed Plaintiff had a disability.

As an initial matter, the Report correctly determined that the ADAAA "regarded as" standard and not the pre-2008 Amendment standard applies. In applying pre-ADAAA law, the Second Circuit held that evidence suggesting that the employee "lacked the physical strength and agility necessary . . . was insufficient to establish that [he] was considered substantially limited in the major life activity of 'working.'" Cardo v. Arligton Central School District, 473 Fed. Appx. 21, 23-24 (2d Cir. 2012). [*10] Defendant now speculates that the Second Circuit in Cardo would have determined that agility was not a disability if the Circuit had applied the ADAAA. Such speculation is not entitled to de novo review, especially given that the Report expressly considered Cardo. Moreover, Magistrate Judge Freeman never determined that lack of agility is a perceived disability and instead noted that the agility comment was evidence of Defendant's perception of Plaintiff's physical limitations. The Court finds no error in Magistrate Judge Freeman's well-reasoned analysis.

Defendant's second Objection is the Report erred in finding Plaintiff produced sufficient evidence to demonstrate that Defendant perceived him as having a disability and therefore his termination could not be a result of disability discrimination. Under the ADAAA's more lenient perceived disability standard, Plaintiff is "'not required to show that the disability [s]he is perceived as suffering from is one that actually limits, or is perceived to limit, a major life activity.'" Harris v. NYU Langone Med. Ctr., No. 12 Civ. 454, 2013 U.S. Dist. LEXIS 99328, 2013 WL 3487032, at *17 (S.D.N.Y. July 9, 2013) (quoting Davis v. New York City Dep't of Educ., No. 10 Civ. 3812, 2012 U.S. Dist. LEXIS 5633, 2012 WL 139255, at *5 (E.D.N.Y. Jan. 18, 2012)). [*11] Nonetheless, a plaintiff is still required to provide evidence suggesting that the employer perceived the employee as having an impairment. See Hilton, 673 F.3d at 128; see also Risco v. McHugh, 868 F. Supp. 2d 75, 108-09 (S.D.N.Y. 2012).

In making its Objection, Defendant contends the Report erred in finding that, given Plaintiff's job involved walking, climbing, and bending, the two statements--namely, Passaro saying the DOT was unhappy with Plaintiff's agility and Gandhi noting that Plaintiff was unable to perform his duties as Inspector--gave rise to an inference that Defendant believed Plaintiff had a physiological condition, most likely involving the musculoskeletal system. However, Defendant's argument merely rehashes the same factual assertions it made before the Magistrate. The only novel argument propounded by Defendant is its citation to Sibilla v. Follett Corp., No. 10 Civ. 1457, 2012 U.S. Dist. LEXIS 46255, 2012 WL 1077655, at *7 (E.D.N.Y. Mar. 30, 2012). Although Defendant contends that the court found that the inability to perform work functions such as bending, lifting, and climbing is not a basis for determining that the plaintiff had a physiological condition, the court made no such determination. [*12] Rather, the court explained, "The fact that an employer regards an employee as obese or overweight does not necessarily mean that the employer regards the employee as suffering a physical impairment." Sibilla, 2012 U.S. Dist. LEXIS 46255, 2012 WL 1077655, at *7 (emphasis added). Here, the Report correctly determined that, viewing the evidence in the light most favorable to Plaintiff, he established a prima facie case of discrimination on the basis of perceived disability.

Defendant's third Objection lacks merit as it misstates the Report's finding. Because the Report found that Defendant proffered a legitimate non-discriminatory basis for its termination decision, the Report continued to the third step of the McDonnell Douglas framework. Thus, Defendant's Objection is entitled to only clear error review, and the Court finds none.

Defendant's fourth Objection asserts that Plaintiff did not produce sufficient evidence to demonstrate that its legitimate reason was pretextual. Defendant claims that the Report erred in finding that Gandhi and Passaro's inconsistent statements regarding Plaintiff's termination demonstrated pretext. In making its arguments, Defendant points to Gandhi's deposition explaining the reason [*13] for Plaintiff's termination during which Ganhi answered, "I told Mr. Sacks that we cannot use his services as he is unable to perform his duties." (Obj. 8.) Defendant then speculates as to the meaning of "unable" and attempts to explain away the other inconsistencies in the record regarding the reason for Plaintiff's termination. These arguments are not entitled to de novo review. See Azkour v. Little Rest Twelve, Inc., No. 10 Civ. 4132, 2012 U.S. Dist. LEXIS 42210, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) ("[C]ourts generally do not consider new evidence raised in objections ... absent a compelling justification for failure to present such evidence to the magistrate judge." (citation omitted)). Moreover, arguments that relitigate issues or factual matters are entitled to review only for clear error, and the Court finds none. See IndyMac Bank, F.S.B., 2008 U.S. Dist. LEXIS 92267, 2008 WL 4810043, at *1.

Accordingly, the Court ADOPTS the Report's recommendation to deny Defendant's Motion for Summary Judgment as to Plaintiff's disability discrimination claim.

### III. Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Debra C. Freeman, dated August 23, 2013, this Court [*14] APPROVES, ADOPTS, and RATIFIES the Report in its entirety. Defendant's Motion for Summary Judgment is GRANTED with respect to Plaintiff's religion and age discrimination claims but DENIED as to Plaintiff's disability discrimination claim.

The Court hereby sets the following schedule for pre-trial submissions:

Proposed Requests to Charge and Proposed Voir Dire shall be submitted by April 28, 2014. A Joint Pre-trial Statement ("JPTS") shall be submitted by April 28, 2014. The JPTS shall conform to the Court's Individual Practices and Supplemental Trial Procedure Rules.

Memoranda of Law addressing those issues raised in the JPTS shall be submitted by April 28, 2014. Responses to the Memoranda shall be submitted by May 12, 2014. There shall be no replies.

SO ORDERED.

Dated: New York, New York

February 27, 2014

/s/ Deborah A. Batts

Deborah A. Batts

United States District Judge