USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-2-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HICHAM AZKOUR,

                Plaintiff,

-v-

JEAN-YVES HAOUZI, *et al.*,

                Defendants.

No. 11 Civ. 5780 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court are (1) Plaintiff's objections to (a) an order by the Honorable Kevin Nathaniel Fox, Magistrate Judge, denying Plaintiff leave to amend his complaint for a fourth time (Doc. Nos. 40, 127, 131); (b) Judge Fox's order denying Plaintiff leave to file a motion for judgment on the pleadings (Doc. Nos. 132, 140); and (c) Judge Fox's scheduling order (Doc. Nos. 137, 141); (2) Plaintiff's appeal from Judge Fox's order denying Plaintiff's motion for a preliminary injunction (Doc. No. 138); and (3) Plaintiff's motion for reconsideration of the Court's November 1, 2013 Order denying Plaintiff's motion for sanctions (Doc. Nos. 136, 139). For the reasons set forth below, all of Plaintiff's objections are denied, his appeal is denied, and his motion for reconsideration is denied.

I. PLAINTIFF'S OBJECTIONS AND APPEALS

A. Legal Standard

Federal law distinguishes between two types of pre-trial motions: nondispositive and dispositive. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If a district court refers a nondispositive motion to a magistrate judge, the magistrate judge may hear and decide the motion. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A party may seek review in the district court of a

magistrate judge's decision on a nondispositive motion, but the district court's review is limited: the district court may "modify or set aside" a part of the magistrate judge's decision only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* § 636(b)(1)(A). "An order is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *MacNamara v. City of New York*, No. 04 Civ. 9216 (RJS) (JCF), 2008 WL 186181, at *2 (S.D.N.Y. Jan. 18, 2008) (internal quotation marks omitted). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* "Therefore, . . . a magistrate judge's orders on [nondispositive] matters are entitled to substantial deference." *Id.*

If a district court refers a dispositive motion to a magistrate judge, the situation is different. A magistrate judge may not finally decide a dispositive motion. Instead, the magistrate judge must conduct any required hearings or proceedings and then "submit to [the district court] proposed findings of fact and recommendations for the disposition" of the motion, § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1), commonly called a "report and recommendation," *see Berbick v. Precinct 42*, No. 11 Civ. 5292 (RJS), 2013 WL 5510764, at *3 (S.D.N.Y. Sept. 27, 2013). If any party objects to the report and recommendation, the district court must decide the issues raised in the objections de novo. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Absent objection, the district court may review the report and recommendation de novo, may accept the report and recommendation without any review, or may apply an intermediate standard of review. *Thomas v. Arn*, 474 U.S. 140, 150–51, 154 (1985). The usual practice, however, is to accept a report and recommendation that is not clearly erroneous. *See Kingvision Pay-Per-View Ltd. v. Zalazar*, 653 F. Supp. 2d 335, 337 (S.D.N.Y. 2009).

2

B. Application

1. Order Denying Leave to Amend

Although some district courts in the Second Circuit disagree over whether a motion to amend a pleading is a dispositive or nondispositive motion, *see Schiller v. City of New York*, No. 04 Civ. 7922 (RJS), 2009 WL 497580, at *2 (S.D.N.Y. Feb. 27, 2009) (describing the disagreement), the majority position is that such motions are nondispositive, *see Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 410 (S.D.N.Y. 2008) ("[T]he weight of opinion appears to favor treating [rulings denying motions to amend pleadings] as nondispositive."). This majority position is supported by two Second Circuit opinions. One, *Fielding v. Tollaksen*, notes in dicta that a motion to amend a pleading is nondispositive. 510 F.3d 175, 178 (2d Cir. 2007) ("[A] district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent."). The other, an unpublished opinion, *Kilcullen v. New York State Department of Transportation*, applied a rule for nondispositive motions – that a party cannot appeal a nondispositive matter that was referred to a magistrate judge unless the party objected to the magistrate judge's decision – to a decision denying a motion to amend a pleading. 55 F. App'x 583, 584–85 (2d Cir. 2003). Under this weight of authority, the Court holds that a motion seeking leave to amend is a nondispositive matter.

Applying the deferential standard for nondispositive motions, the Court determines that Judge Fox's order was neither clearly erroneous nor contrary to law. Under Federal Rule of Civil Procedure 15(a), a "court should freely give leave [to amend pleadings] when justice so requires." A court should not deny leave to amend "unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). "[L]eave to amend will be denied as futile only if the proposed new

3

claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Id.* As Judge

Fox explained in his order, every new claim in Plaintiff's proposed Fifth Amended Complaint is

an attempt to replead a previously dismissed claim. Because these claims were previously

dismissed, they are futile unless Plaintiff has cured the flaws that the Court previously identified.

He has not. Accordingly, the Court denies Plaintiff's objections to Judge Fox's order denying

Plaintiff leave to amend.

### 2. Order Denying Leave to Submit a Motion for Judgment on the Pleadings

In a letter to Judge Fox, dated October 21, 2013, Plaintiff sought leave to make a motion

for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). At a

conference held on October 31, 2013, Judge Fox denied Plaintiff leave to make his motion until

after discovery had closed. (Doc. No. 157 ("Tr.") at 8:11–9:10.) Because this ruling affects only

the timing of Plaintiff's motion, it is not "dispositive of a claim or defense" and is therefore

reviewed under the deferential Rule 72(a) standard. *See* Fed. R. Civ. P. 72(a), (b).

Before ruling, Judge Fox heard arguments on Plaintiff's request. (Tr. at 4:4–8:25.) In his

arguments, Plaintiff claimed that he intended to rely on several documents outside the pleadings

(Tr. at 6:18–8:10), which means his motion would properly be treated as a motion for summary

judgment under Rule 56 rather than a motion for judgment on the pleadings pursuant to Rule

12(c). *See* Fed. R. Civ. P. 12(d). As such, Judge Fox's had ample discretion to "determin[e] the

appropriateness and timing" of such a motion, Fed. R. Civ. P. 16(c)(2)(E), and his decision was

not contrary to law. Accordingly, the Court denies Plaintiff's objections to Judge Fox's order

denying him leave to file a motion for judgment on the pleadings.

### 3. Scheduling Order

A scheduling order is not "dispositive of a claim or defense" and is therefore reviewed

under the deferential Rule 72(a) standard. *See* Fed. R. Civ. P. 72(a), (b). Moreover, because

courts are explicitly required to set a deadline for amending pleadings, Fed. R. Civ. P. 16(b)(3)(A), Judge Fox's decision to do so was not contrary to law. To the extent Plaintiff believes that he could not have satisfied those deadlines, he may argue to Judge Fox that the schedule should be modified for "good cause," Fed. R. Civ. P. 16(b)(4), and to the extent his arguments are rebuffed, he may object to Judge Fox's decision at that time. Accordingly, for the reasons set forth at the October 31, 2013 conference before Judge Fox, the Court denies Plaintiff's objections to Judge Fox's scheduling order.

4. Order Denying Plaintiff's Motion for a Preliminary Injunction

An order denying a preliminary injunction is a dispositive matter and is therefore reviewed under Rule 72(b). *See Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002). After Judge Fox denied Plaintiff's motion for a preliminary injunction, Plaintiff made a motion for a preliminary injunction in his FLSA case, No. 10 Civ. 4132, seeking the same relief. (*Azkour v. Little Rest Twelve, Inc.*, No. 10 Civ. 4132 (RJS), Doc. No. 181.) The Court has now denied that motion on the merits. (*Id.* Doc. No. 187.) Accordingly, the Court finds no error in Judge Fox's decision denying the same preliminary injunction in this case.

II. PLAINTIFF'S MOTION FOR RECONSIDERATION

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and the decision is within the sound discretion of the district court." *Vencedor Shipping Ltd. v. Ingosstakh Ins. Co., Ltd.*, No. 09 Civ. 4779 (RJS), 2009 WL 2338031, at *1 (S.D.N.Y. July 29, 2009) (internal quotation marks omitted).

Plaintiff argues that the Court committed a manifest injustice by denying Plaintiff's motion for sanctions without giving Defendant an opportunity to respond. (Doc. No. 139.) There is no merit to this claim. Where a motion is patently frivolous, as Plaintiff's motion for sanctions was, a court can save everyone time by rejecting the motion outright without further briefing. Plaintiff further argues that the Court did not address alleged slurs that Defendant's counsel made in prior emails. (*Id.*) Nevertheless, Plaintiff's motion for sanctions did not argue that Defendant should be sanctioned for any such slurs, and instead sought sanctions for "false criminal accusations" and "violations of prior orders." (Doc. No. 134.) Finally, Plaintiff argues that Defendant accused him of making threats without any evidence. (Doc. No. 139.) This argument was considered and rejected in the Court's November 1, 2013 Order and is not a ground for reconsideration. As such, the Court denies Plaintiff's motion for reconsideration.

III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT all of Plaintiff's appeals and objections are DENIED. IT IS FURTHER ORDERED THAT Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 139.

SO ORDERED.

Dated:     April 2, 2014
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order has been sent by e-mail to:

Hicham Azkour
hicham.azkour@gmail.com