UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HICHAM AZKOUR,                                    :
                                                  :
                    Plaintiff,                    :
                                                  :
        -against-                                 :
                                                  :          **MEMORANDUM AND ORDER**
JEAN-YVES HAOUZI, FRANCK MACOURT,                 :
JESSICA COMPERIATI , LITTLE REST                  :          11-CV-5780 (RJS)(KNF)
TWELVE, INC., SHELDON SKIP TAYLOR,                :
LAW OFFICES OF SHELDON SKIP TAYLOR,               :
                                                  :
                    Defendants.                   :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

        Plaintiff Hicham Azkour, proceeding pro se, brings this action against defendants Jean

Yves Haouzi ("Haouzi"), Franck Macourt ("Macourt"), Jessica Comperiati ("Comperiati") and

Little Rest Twelve, Inc. ("LRT") alleging a violation of 42 U.S.C. § 1981.  Before the Court is

the plaintiff's motion: (1) to compel the defendants to produce documents, pursuant to Rule 37

of the Federal Rules of Civil Procedure; and (2) for a determination of the sufficiency of the

defendants' answers to the plaintiff's requests for admissions, pursuant to Rule 36 of the Federal

Rules of Civil Procedure.  The defendants oppose the motion.

## BACKGROUND

        LRT operated a restaurant and bar in Manhattan known as Ajna Bar.  The plaintiff

worked for LRT from October 2009 until February 2010.[1]  In his declaration submitted in

support of the instant motion, the plaintiff states that his employment application, which was

---

[1]After his employment with LRT ended, the plaintiff commenced a civil action, in this
court, against it pursuant to, inter alia, the Fair Labor Standards Act of 1938 ("FLSA"), 29
U.S.C. § 201 et seq.  See Azkour v. Little Rest Twelve, Inc., No. 10-CV-4132.

signed and dated October 10, 2009, reflects that he applied and was hired by LRT as a waiter. Plaintiff avers that he was later told that he would instead be trained as a busboy and food runner.  According to the plaintiff, after his employment by LRT was terminated on February 9, 2010, he requested, on several occasions, a post-employment letter of reference; however, LRT's management ignored his request.  On February 19, 2010, the plaintiff visited Ajna Bar and met with Jessica Rosa ("Rosa"), then director of human resources for LRT.  According to the plaintiff, "[t]he conversation took place in her office and was about my withheld wages and gratuities."  Plaintiff avers that "[d]uring that day, I also inspected my personnel file in Ms. Rosa's office, which was located in the basement of Ajna Bar. . . .  All documents, including my employment application, were stored in a large armoire in her office.  Many other employees' files were stored inside that same office furniture."

On or about March 30, 2010, the defendants in this action became the new owners and managers of Ajna Bar.  Thereafter, according to the plaintiff, Haouzi, along with twenty or thirty armed men, invaded the premises of Ajna Bar and may have taken possession of financial statements and other business documents.  However, the accounts of the incident provided by the plaintiff indicate that the facts of the matter are in dispute.  For example, the plaintiff states that "after an alleged armed raid by the current managers and their attorneys, on or about March 30, 2010, evidence was allegedly destroyed."  The plaintiff also states that "[f]or about 4 years, endless accusations of evidence spoliation have been exchanged in different fora by attorneys for the two management teams."  Additionally, according to the plaintiff, it has been alleged that "the former managers refused to disclose the documents . . . requested" and that the attorney representing the former managers "who are the defendants in [a state court action] accuses the

current managers of having destroyed the evidence when they assumed control of defendant [LRT]."

On or about April 1, 2010, the plaintiff requested from Macourt, the new general manager of Ajna Bar, that the defendants provide him with a reference letter. The plaintiff avers that "[d]efendants categorically refused to provide me with such a document because, according to them, they had not hired me and I had never worked for them."

Previously, in January 2010, Azkour had filed: (1) a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that LRT's previous owners and managers discriminated and retaliated against him; and (2) a complaint with the United States Department of Labor ("DOL"), alleging that LRT's previous owners and managers violated the FLSA.

On December 20, 2013, in connection with the plaintiff's related FLSA action, LRT wrote to the Court and the plaintiff and offered to provide the plaintiff with a letter of reference on condition that the offer was without prejudice to the defendants' claim that they had no legal obligation to provide such a letter. The plaintiff refused the offer.

The plaintiff filed a third-amended complaint on February 2, 2012, alleging, inter alia, discrimination on the basis of race under 42 U.S.C. § 1981.[2] The defendants filed their answer on October 7, 2013.[3] On or about October 21, 2013, the defendants served on the plaintiff a

---

[2]By a report dated June 28, 2013, the Court recommended that the defendants' motion to dismiss the plaintiff's claims, brought pursuant to the Americans with Disabilities Act ("ADA") and his § 1981 retaliation claim, be granted. Thereafter, on August 1, 2013, the assigned district judge adopted the Court's recommendation.

[3]On October 11, 2013, the defendants re-filed their answer and annexed to it the affidavit of Kristal Mallookis; the affidavit appears to have been prepared for submission in support of the defendants' motion for summary judgment in the related FLSA action.

document entitled "Defendants' Initial Disclosure Pursuant to FRCP Rule 26(a)."  This
document identifies Haouzi, Macourt and Comperiati as individuals "likely to have discoverable
information that the Defendants may use as defenses to Plaintiff's claims."  The address
provided for each of these individuals is that of defendants' counsel.  Thereafter, by an order
dated November 1, 2013, the Court, inter alia, set a discovery deadline of February 28, 2014.

On December 27, 2013, the plaintiff wrote to the undersigned stating that he had served
his first request for production of documents on defendants' counsel on October 21, 2013, but
the defendants "have not so far complied with my request to produce all the documents."
(Docket Entry No. 144).  Attached to the plaintiff's letter was a copy of the request, entitled
"Plaintiff's First Request for Production of Documents," which sets forth twenty-three such
requests.[4]

The plaintiff wrote to the undersigned again on January 15, 2014; attached to the
plaintiff's letter was a document dated December 27, 2013, and entitled "Plaintiff's Requests for
Admission," which sets forth fifteen such requests.  According to the plaintiff, the defendants
"have so far refused to answer my requests for admission and provide me with *all* the documents
I requested."  (Docket Entry No. 147).

On January 16, 2014, the defendants' counsel wrote to the plaintiff advising him, inter
alia, that he was enclosing "a copy of all the records that our clients have been able to locate

---

[4]In a second letter, also dated December 27, 2013, and addressed both to the undersigned
and to the district judge assigned to this case, the plaintiff requested, inter alia, that the Court
"compel the defendants . . . to abide by all discovery requests and rules as mandated by Rule 26
of the Federal Rules of Civil Procedure."  (Docket Entry No. 145).

responsive to your document request." Annexed, improperly, as an exhibit to the plaintiff's

memorandum of law in support of the instant motion is a set of documents which appears to

constitute the defendants' production. The documents provided include: (i) a letter dated

February 9, 2010, from Rosa, the former director of human resources for LRT, to the plaintiff

advising him, among other things, of his suspension with pay pending an investigation into his

EEOC complaint; (ii) an e-mail message dated February 14, 2012, from the plaintiff to an

employee of LRT advising of the plaintiff's resignation from employment; (iii) an undated

statement by LRT's employee responding to the complaints made by the plaintiff concerning the

circumstances of his termination from employment; (iv) a Federal Insurance Contributions Act

("FICA") Tip Credit Report for LRT for the periods March 1, 2009, to February 28, 2010, and

April 1, 2009, to March 31, 2010; (v) two documents entitled "Payroll Journal" for LRT for the

periods December 28, 2009, to January 3, 2010, and January 4, 2010, to January 10, 2010; (vi)

six documents entitled "Payroll" prepared on a weekly basis for "25 Little West 12 St" for the

period January 4, 2010, through February 14, 2010; (vii) a document entitled "Labor" prepared

for "25 Little West 12th Street" for the period February 1, 2010, to February 7, 2010; (viii) three

documents entitled "FOH Payroll"; (ix) e-mail correspondence between employees of LRT

concerning payments made to the plaintiff, among others; and (x) an Accident/Incident Report

dated February 19, 2010, apparently prepared by security personnel concerning the plaintiff's

visit to Ajna Bar on that date and his alleged forced removal from the premises. The defendants'

responses to the plaintiff's requests for admission were also provided to the plaintiff on January

16, 2014.

      The plaintiff wrote to the Court on January 22, 2014, acknowledging that the defendants'

counsel had produced documents in response to his requests but characterized the production as

"scraps of paper, which he purports [sic] to be the documents I requested." (Docket Entry No. 148).

By an order dated February 18, 2014, the Court directed the plaintiff to serve and file any motion to compel on or before March 13, 2014. The plaintiff complied with the Court's order and filed the instant motion timely. In support of his motion, the plaintiff submitted a memorandum of law, including exhibits annexed thereto improperly, see Local Civil Rule 7.1(a)(3) of this court, and a declaration.

PLAINTIFF'S CONTENTIONS

The plaintiff, through his motion, contends that the defendants have failed to comply fully with his request for the production of documents, have refused to make the initial disclosures mandated by Rule 26(a) of the Federal Rules of Civil Procedure and have "answered evasively" his requests for admission.

A.   Production of Documents

The plaintiff contends that the defendants failed to produce certain elements of his personnel file, including his employment application, resume and "signed W-4 forms" and documents related to, among other things, an investigation conducted by the Department of Labor. As previously noted, according to the plaintiff, when he visited the defendants' bar on February 19, 2010, "all documents pertaining to his employment were stored and preserved at [that location] [17 Little West 12th Street, New York, New York]." However, "after an alleged armed raid by the current managers and their attorneys . . . evidence was allegedly destroyed." The plaintiff contends that, notwithstanding the alleged destruction of his employment records, "the current managers and owners are the ones liable for the preservation of any evidence and the production of the herein requested documents." He states: "Defendants are under the

obligation to preserve employment records, especially when they became aware that Plaintiff

twice complained to the EEOC regarding Defendants' violation of [Title VII] and the Americans

with Disabilities Act."

     B.     Rule 26(a) Disclosure

     The plaintiff contends that the defendants have failed to provide him with the name,

address and telephone number of each individual likely to have discoverable information, as well

as other information, in accordance with Federal Rule of Civil Procedure 26(a)(1)(A).

In this connection, the plaintiff notes that the defendants' counsel failed to provide him with "the

address and telephone number of a witness, namely, Kristal Mallookis, who testified for

Defendants in the instant matter."

     As noted earlier, the defendants served on the plaintiff their initial disclosure pursuant to

Fed. R. Civ. P. 26(a) on or about October 21, 2013. That document identified Haouzi, Macourt

and Comperiati as individuals "likely to have discoverable information that the Defendants may

use as defenses to Plaintiff's claims" and provided as contact information for them their

counsel's business address.

     C.     Requests for Admission

     The plaintiff contends that the defendants "answered evasively" his requests for

admission. Specifically, the plaintiff challenges five of the defendants' responses to his requests

for admission. These requests, and the defendants' answers to them, are as follows:

Request No. 1:

     Admit that on December 20, 2013, you offered to provide Plaintiff with a post-

employment letter of professional reference ("reference letter") if he agreed that said letter be

not used as evidence against you in the present matter and in <u>Azkour v. Little Rest Twelve, Inc.</u>, <u>et al.</u>, 10-cv-4132 (RJS) (KNF) ("FLSA Action"), which is still pending before this Court.

Answer:

DENIED, but admit that defendants offered to provide plaintiff with a reference letter on the conditions detailed in letters to the plaintiff.

Request No. 2:

Admit that you have direct knowledge that Plaintiff has been requesting the reference letter in his complaint since the initiation of the instant matter on or about August 8, 2011.

Answer:

DENIED.

Request No. 3:

Admit that you have no direct knowledge whether Plaintiff requested a reference letter from the former managers of Little Rest Twelve, Inc.

Answer:

OBJECTION.  We do not understand your request.

Request No. 6:

Admit that, since April 23, 2010, you have been aware that Plaintiff twice complained to the U.S. Equal Employment Opportunity Commission, New York District Office, ("EEOC"), of violations of Title VII of the Civil Rights Act of 1964 and the American[s] with Disabilities Act ("ADA").

Answer:

DENIED.

Request No. 15:

Admit that all similarly situated employees of a different protected class other than

Plaintiff's were paid their full wages and gratuities.

Answer:

DENIED.

The plaintiff objects to the defendants' responses on the following grounds.  Regarding

Request No.1, the plaintiff asserts: "Defendants *untruthfully and ambiguously* deny that they

offered to provide Plaintiff a reference letter with conditions prohibiting him from using it as

evidence against them in the FLSA Action, despite the striking evidence." (Emphasis in the

original).  According to the plaintiff, the letter in question "does not reflect the least ambiguity

. . . as to their demand that Plaintiff relinquish the use of such a letter as a relevant piece of

evidence proving the furtherance of their discriminatory and retaliatory practices" in the matters

now before the court.

Regarding Request No. 2, the plaintiff asserts that the defendants' response is not

truthful.  According to the plaintiff, a "simple, even a diagonally furtive review of Plaintiff's

complaint and Third Amended Complaint reveal that he complained to this Court of Defendants'

denial of said letter."

Regarding Request No. 3, the plaintiff contends that the defendants' "objection is an

absurdity, because they object to a request they purportedly did not understand."

Regarding Request No. 6, the plaintiff states: "Defendants deny that they have ever been

aware that Plaintiff twice complained to the [EEOC] . . . [d]espite the irrefutable fact that

Defendants . . . received copies of two notices from the EEOC . . . and (2) their former attorney

9

. . . provided Plaintiff's former attorney . . . with copies of such notices, including the envelopes in which they were mailed."

Regarding Request No. 15, the plaintiff objects that "they deny that they have ever paid back wages to employees of *a different protected class* other than Plaintiff's, despite clear evidence that, following an investigation, they were compelled to enter into an agreement with the U.S. Department of Labor enjoining them to abide by the provisions of the Fair Labor Standards Act."

DEFENDANTS' OPPOSITION

In opposition to the plaintiff's motion, the defendants submitted the declaration of their attorney, Andrew S. Hoffman ("Hoffman"). The Court notes that the defendants' submission fails to comply with Local Civil Rule 7.1 of this court, which requires a party opposing a motion to submit a memorandum of law, setting forth, inter alia, the cases and other authorities relied upon, as well as supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion. The defendants' submission is therefore deficient. Furthermore, for the reasons discussed below, some of the statements contained in Hoffman's declaration are hearsay and not probative.

In response to the plaintiff's motion to compel the production of documents, Hoffman states: "Plaintiff previously interposed a demand for the production of documents. Defendants have responded and provided all of the responsive documents they were able to locate. Defendant [sic] is not refusing to produce any of the requested documents."

With respect to the alleged failure by the defendants to comply with Rule 26(a), Hoffman states: "[p]laintiff complains that we have not provided him with addresses and telephone numbers for 'a number of witnesses, namely Kristal Mallookis,' a non-party who supplied an

affidavit about the New York City labor market for busboys." According to Hoffman, the plaintiff is correct about this and he has "no intention of providing [the plaintiff] with contact information for any of defendants' witnesses, each of whom can be produced, if necessary, through my office."

As for the plaintiff's claims regarding his requests for admission, Hoffman states: "[P]laintiff appears not to be happy with defendants' responses to his requests for admissions. Simply put, the responses are the responses. Once again, this is not an appropriate basis to proceed with a motion to compel discovery." Hoffman further declares: "In sum, defendants have provided plaintiff with the documents and information available to them. I am now advised that defendant [LRT] has sold Ajna Bar restaurant and has ceased doing business. Thus there is no opportunity to even attempt to search for additional documents, none of which have any relevance to the single and very narrow cause of action sustained by the Court in this case."

PLAINTIFF'S REPLY

The plaintiff has submitted a reply to the defendants' opposition to his motion. In his reply papers, the plaintiff requests that the Court sanction the defendants for, inter alia, their failure to provide him with discovery material related to his employment by rendering a default judgment against them, see Fed. R. Civ. P. 37(b)(2), or by issuing a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

**DISCUSSION**

Motion to Compel

Rule 37 of the Federal Rules of Civil Procedure provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good

11

faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Id.  "Motions to compel, pursuant to Rule 37 of the Federal Rules of Civil Procedure, are left to the sound discretion of the district court." Debellis v. Bize, No. 11 Civ. 7113, 2013 WL 935764, at *1 (S.D.N.Y. Mar. 11, 2013) (quoting Alli v. Steward-Bowden, No. 11 Civ. 4952, 2012 WL 6041045, at *5 (S.D.N.Y.  Nov. 29, 2012)) (internal quotation marks omitted).

The plaintiff's memorandum of law submitted in support of the instant motion states that he has "conferred in good faith with counsel to the Defendants in an effort to obtain complete discovery disclosure without this Court's action."

Production of Documents

The plaintiff contends that the defendants have withheld or failed to produce certain documents which were part of his personnel file and which he saw during a visit to Ajna Bar on February 19, 2010.  None of the defendants has provided evidence, via an affidavit or otherwise, in response to the plaintiff's contention.  Rather, counsel to the defendants stated in a declaration submitted in opposition to the instant motion that the defendants have "provided all of the responsive documents they were able to locate [and are] not refusing to produce any of the requested documents."

Typically, a person "may testify to a matter only if evidence is introduced sufficient to support a finding that the [person] has personal knowledge of the matter." Fed. R. Evid. 602. Here, no evidence has been introduced to show that Hoffman has personal knowledge concerning documents in the defendants' possession responsive to the plaintiff's requests. Consequently, the statements in Hoffman's declaration about such documents are hearsay and not probative.

At the same time, however, the plaintiff has acknowledged that the documents he seeks may have been destroyed at the time of the "armed raid" of the defendants' premises.  If the documents were destroyed, whether they were destroyed by the current or former owners of LRT remains a matter in dispute.  On the other hand, if the documents were not destroyed, whether they are currently in the possession, custody, or control of one or more of the owners of LRT or some other entity is a matter which, on the motion record, is not free from doubt.  Under the circumstances, the plaintiff cannot meet his burden of establishing that the defendants have custody or control of the documents he seeks. Therefore, the defendants cannot be required to produce those documents.  See Alexander Interactive, Inc. v. Adorama, Inc., No. 12 Civ. 6608, 2014 WL 61472, at *3 (S.D.N.Y. Jan. 6, 2014) ("Where control is contested, the party seeking production of documents bears the burden of establishing the opposing party's control over those documents.") (citation omitted); 8B Charles Alan Wright, et al., Federal Practice & Procedure, § 2210 (3rd ed. 2010) ("[A] party cannot be required to permit inspection of documents or things that it does not have and does not control.").

The plaintiff contends, however, that, notwithstanding the alleged destruction of documents during the "armed raid" of the defendants' premises, they were under an obligation to take steps to preserve his employment records, especially when they became aware that he had complained to the EEOC regarding the defendants' alleged violation of Title VII and the ADA. According to the plaintiff, the defendants were made aware of his EEOC complaint through the February 9, 2010 suspension letter from a representative of the former owners, which makes reference to that complaint, and through a Notice of Right to Sue from the EEOC, which the defendants received on April 23, 2010.  The plaintiff contends that, under the circumstances,

"any documents found by defendant Haouzi and the attorney-raiders in conjunction with Plaintiff's employment records should have been minutely preserved."

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). "[A] district court may impose sanctions for spoliation, exercising its inherent power to control litigation." Id. (citations omitted). "Outright dismissal of a lawsuit . . . is within the court's discretion. Dismissal is appropriate if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party." Id. (citations and internal quotation marks omitted). In addition, where "the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction, including the discretion to delay the start of a trial . . . to declare a mistrial . . . or to proceed with a trial and give an adverse inference instruction." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (citation omitted). See also Port Auth. Police Asian Jade Soc'y of New York & New Jersey Inc. v. Port Auth. of New York & New Jersey, 601 F. Supp. 2d 566, 569 (S.D.N.Y. 2009) ("Among the permissible sanctions for spoliation is 'an inference that the evidence would have been unfavorable to the party responsible for its destruction.'") (quoting Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998)).

In this case, the plaintiff has not requested that the court give an adverse inference jury instruction in the event that the case goes to trial but has instead asked the Court to order the defendants "to comply with discovery and disclosure requests and eventually impose sanctions." At the same time, however, the plaintiff devotes considerable space in his motion papers to a

discussion of the conditions that must be met in order to demonstrate that an adverse inference jury instruction is warranted.  Therefore, a discussion of this type of sanction is appropriate.

"[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Residential Funding Corp., 306 F.3d at 107 (citing Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 107-12 (2d Cir. 2001)).  Further, "[t]he 'culpable state of mind' factor is satisfied by a showing that the evidence was destroyed 'knowingly, even if without intent to [breach a duty to preserve it], or *negligently*.'" Id. at 108 (quoting Byrnie, 243 F.3d at 109) (emphasis in the original).

A review of the record reveals that: (a) an adverse inference jury instruction is not warranted in this case; and (b) the plaintiff has not shown that the sanction of dismissal of the lawsuit is appropriate.

As noted, the first requirement for an adverse inference jury instruction is a showing that the party having control over evidence had an obligation to preserve the evidence.  In this case, the plaintiff has shown that the defendants had notice of their obligation to preserve relevant evidence as of the date on which they took possession of Ajna Bar, that is, on or about March 30, 2010.  By that date, the February 9, 2010 suspension letter referring to the plaintiff's EEOC complaint had been issued and, since the letter was included as part of the defendants' document production, clearly it was not destroyed and came into the defendants' hands.  Moreover, since the defendants had taken control of Ajna Bar on or about March 30, 2010, it is reasonable to conclude that they received the April 23, 2010 notice from the EEOC in the regular course of

business.[5]  However, for the reasons discussed earlier, it cannot be determined, on the motion

record, whether the defendants have control over the documents the plaintiff seeks and,

therefore, whether they had an obligation to preserve them.  Since the plaintiff cannot establish

the first requirement for an adverse inference jury instruction – the obligation to preserve the

evidence – such an instruction is not warranted here.

Similarly, in the absence of a showing that the defendants have control of the requested

documents, the plaintiff cannot demonstrate willfulness, bad faith or fault on their part with

respect to the preservation of the documents.  Thus, since no basis exists for concluding that the

defendants' failure to meet their obligation to preserve documents exhibited willfulness or bad

faith, the Court finds that the harsh sanction of dismissing the lawsuit would not be appropriate

in this case.  Under the circumstances, the plaintiff has not provided a basis for his request that

the defendants be compelled to produce additional documents in response to his document

requests or for the imposition of sanctions. Therefore, the plaintiff's motion to compel, pursuant

to Rule 37, is denied.

Rule 26(a) Disclosure

Rule 26(a) provides, in pertinent part, that a party must provide to the other parties "the

name and, if known, the address and telephone number of each individual likely to have

discoverable information – along with the subjects of that information– that the disclosing party

---

[5]In light of the evidence presented by the plaintiff in connection with this motion, which
was not presented at the time he filed his Third Amended Complaint, it may be appropriate to
revisit the plaintiff's allegation of retaliation pursuant to § 1981, and his motion(s) for
reconsideration of the court's order dated August 1, 2013, adopting this Court's Report and
Recommendation with respect to the defendants' motion to dismiss.

may use to support its claims or defenses, unless the use would be solely for impeachment."
Fed. R. Civ. P. 26(a)(1)(A)(i).

As noted earlier, the defendants served their initial disclosure on the plaintiff on or about
October 21, 2013.  At that time, the defendants identified Haouzi, Macourt and Comperiati as
individuals "likely to have discoverable information that the defendants may use as defenses to
the plaintiff's claims."  The plaintiff objects that the defendants failed to provide him with the
address and telephone number of the named defendants, or of Kristal Mallookis, who testified
previously for the defendants in a related matter.  In response, the defendants' counsel
acknowledges the failure to provide contact information for these potential witnesses, but insists
that they can be contacted through his office.

The defendants have cited no authority in support of the proposition that they are not
required to comply with Rule 26(a) by providing the contact information mandated by that rule
for the individuals in question.  Therefore, the defendants are directed to comply with the
requirements of Rule 26(a)(1)(A)(i) by providing to the plaintiff, within seven (7) days from the
date of this order, the necessary information.  Furthermore, the defendants are admonished for
their improper conduct in disregarding the requirements of Rule 26(a)(1)(A)(i).

<u>Requests for Admission</u>

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions.  Rule
36(a) permits a party to serve on another party "a written request to admit, for purposes of the
pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any
described documents."  Fed. R. Civ. P. 36(a)(1).  Rule 36(a) also provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

A responding party may also object to a request for admission but not "solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). Additionally, Rule 36 expressly permits the requesting party to move a court to determine the sufficiency of an answer or objection to a request for admission.  See Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served." Id.  If the court finds that an answer does not comply with the Rule, it "may order either that the matter is admitted or that an amended answer be served." Id.

"The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested." United Coal Companies v. Powell Constr. Co., 839 F.2d 958, 967 (3rd Cir. 1988) (citing United States v. Watchmakers of Switzerland Info. Ctr., Inc., 25 F.R.D. 197, 201 (S.D.N.Y. 1959)).  "Where . . . issues in dispute are requested to be admitted, a denial is a perfectly reasonable response.  Furthermore, the use of only the word 'denied' is often sufficient under the rule." Id. (citation omitted).  Additionally, "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." Id. at 968 (citation omitted).

With respect to Request No. 1, the Court does not find that the defendants' denial of the request stated therein is either untruthful or ambiguous, as the plaintiff contends.  As the

accompanying admission makes clear, the defendants do not deny that they offered to provide to the plaintiff a letter of reference but only the terms of their offer, as characterized by the plaintiff. Additionally, the defendants have complied with Rule 36 by specifying "the part admitted."

With respect to Request No. 2, the plaintiff argues that the defendants' denial that they have "direct knowledge" that plaintiff has been requesting a letter of reference since the initiation of this action is not truthful. Based on this argument, it appears that the plaintiff is asking the Court to ascertain the truth or falsity of the defendants' denial. However, at this juncture, prior to trial, the Court is not authorized to address the substantive accuracy of a denial in the context of a request for admission. See Chase v. Nova Southeastern Univ., Inc., No. 11-61290-CIV, 2012 WL 1309238, at *3 (S.D. Fla. Apr. 16, 2012). Rather, "in determining the sufficiency of a request for admission, the court's role is to ensure the formalities of [Rule 36(a)] are observed. As long as a responding party's answer is adequate to satisfy the technical requirements of Rule 36, the court is not empowered to compel [the responding party] to change an answer to conform to the 'truth' or to any particular theory or other evidence." Id. (citation and internal quotation marks omitted). Therefore, notwithstanding the plaintiff's objection, the Court finds that the defendants' answer to Request No. 2 complies with the Rule.

With respect to Request No. 3, the Court finds that the defendants' objection is justified, and the basis for it, namely, that they do not understand the request, is not unreasonable. The request, which asks the defendants to admit that they have "no direct knowledge" concerning the plaintiff's actions with respect to the former managers of LRT, is not phrased so that it can be admitted or denied without explanation. Therefore, the request warrants the objection the defendants provided. With respect to Requests No. 6 and 15, the Court finds that, as these

19

requests concern issues in dispute in this action, the defendants' denials are permissible. Additionally, as with Request No. 2, the plaintiff's objection to the defendants' answers to these requests turns on whether they are true, a matter which is not properly addressed in this context.

## **CONCLUSION**

For the reasons set forth above, the plaintiff's motion to compel, Docket Entry No. 155, is granted, in part, and denied, in part.

Dated: New York, New York
         September 9, 2014

SO ORDERED:

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Hicham Azkour

20