The Hon. Kevin N. Fox, U.S.M.J.
Thurgood Marshall
United States Courthouse,
Room 228
40 Foley Square
New York, NY 10007

HICHAM AZKOUR
93 Pitt Street,
Apt 3B
New York, NY 10002


Telephone: (917) 859-6550

Email: hicham.azkour@gmail.com


October 29, 2014

**Via ECF**



Re: *Azkour v. Haouzi, et al.*, 11-CV-5780 (RJS)(KNF)

Dear Judge Fox:

On March 25, 2014, counsel to the defendants in the above-referenced matter submitted a declaration, *see* Docket Entry No. 160, in opposition to the plaintiff's motion (1) to compel the defendants to produce documents, pursuant to Rule 37of the Federal Rules of Civil Procedure; and (2) for a determination of the sufficiency of the defendants' answers to the plaintiff's requests for admissions, pursuant to Rule 36 of the Federal Rules of Civil Procedure. *See* Docket Entries Nos. 155 and170.

In this declaration, counsel represented to the Court that he had been informed by his client that defendant Little Rest Twelve, Inc. sold Ajna Bar Restaurant to a third party. *See* Docket Entry No. 160 at ¶ 6. The declaration did not elaborate on the specifics of the alleged sale.

1

Evidence, such as the letter attached hereto, shows that the restaurant was not sold to a third party and that defendant Jean-Yves Haouzi, who used to own 15% of defendant Little Rest Twelve, Inc., entered into a settlement agreement with for Grosvenor Trading House Limited, a foreign corporation which owns 85% of defendant Little Rest Twelve, Inc. Apparently, after the execution of such agreement defendant Little Rest Twelve, Inc. allegedly ceased its business activity by allegedly shutting down Ajna Bar Restaurant. There is no competent, admissible evidence that supports the alleged cessation of business activity.

The attached letter, which is dated May 16, 2014 and which was sent by the former managers' counsel to the Honorable Marcy S. Friedman, J.S.C., of the New York State Supreme Court, New York County, clearly indicates that, regardless of the parties' eternal disputes concerning legal representation, a settlement agreement was executed after November 7, 2011, under some obscure circumstances and undisclosed terms, between defendant Haouzi and Grosvenor Trading House Limited.

Therefore, it is undeniable that a sale did not actually occur, as represented by counsel to the defendants, and any information conveyed to counsel by his client was fraudulent. This fraudulent act was definitely made with the purpose to confuse and deny the plaintiff his full monetary damages.

As this Court is aware, defendant Franck Maucort and defendant Jessica Comperiati, without direct knowledge and for inappropriate reasons, falsely testified during trial in the related FLSA Action that Ajna Bar Restaurant closed on March 15, 2013, more than a year prior to the date of the letter attached hereto.

WHEREFORE, for the reasons set forth above, the plaintiff respectfully requests that this Court schedule a hearing and

1. Order the defendants, including defendant Haouzi, to show cause why they misrepresented to the Court, and assumingly to their counsel, that Ajna Bar Restaurant was sold to a third party.

2. Order the defendants to promptly update and supplement their disclosure statement pursuant to Rule 7.1(b)(2) of the Federal Rules of Civil Procedure.

3. Order defendant Haouzi to present admissible evidence that he entered into a settlement agreement with Grosvenor Trading House Limited and that he no longer owns 15% of defendant Little Rest Twelve, Inc.

Respectfully submitted,

X _____

HICHAM AZKOUR, pro se

3



**STERNIK & ZELTSER**
**ATTORNEYS AT LAW**

Writer: Emanuel Zeltser [0452]

1562 First Avenue # 205-1817
New York, NY 10028-4004
tel/fax: +1.212.656.1810
email: lawmail@mail.ru

May 16, 2014

Hon. Marcy S. Friedman, JSC
Supreme Court of New York County
60 Centre Street
New York, NY 10007

RE: Little Rest Twelve, Inc. v.Visan, et al.,
Index No. 600676/2007 (letter pursuant to
Court's Order [CEF # 370]) _ _ _ _ _

Honorable Justice Friedman,

This letter is respectfully submitted pursuant to Your Honor's Order of May 8, 2014, directing that counsel for Grosvenor Trading House Limited confer with counsel for Jean-Yves Haouzi and advise the Court in writing "as to whether Grosvenor shall consent to allow Haouzi to withdraw 3rd party action against Grosvenor"; and "if Grosvenor does not consent, letter shall state reasons therefore". The undersigned respectfully advises the Court that for the reasons set forth below I may not properly or ethically provide the consent on behalf of Grosvenor, and respectfully seek Your Honor's guidance in this matter.

At the status conference held on May 8, 2014, Alexander Perchekly, Esq., counsel for defendant Haouzi, informed Your Honor's Law Secretary and the undersigned that Mr. Haouzi ostensibly entered into a "settlement agreement" with Grosvenor whereby Haouzi transferred to Grosvenor his 15% share in Little Rest Twelve ("LR12") in exchange for a general release from Grosvenor. Based on this alleged settlement, Mr. Perchekly requested that the undersigned, as a record counsel for Grosvenor, consent to discontinuing Haouzi's claims against Grosvenor.

However, the undersigned has never before been aware of this purported settlement. Nor is it reflected in the Court's Docket. My individual clients (Grosvenor's original principals defendants Joseph Kay, David Kay and Nina Zajic) advised that they likewise are not aware of any "settlement agreement" between Mr. Perchekly or his client and Grosvenor, or about Grosvenor's receiving any of LR12's shares, as ostensible consideration for the settlement.

As the Court instructed, I conferred with Mr. Perchekly and requested to review the documents of the purported Grosvenor/Haouzi settlement agreement. Most surprisingly, Mr. Perchekly responded that he does not have these documents either and was not even personally involved in the "settlement transaction". Mr. Perchekly stated though that he understood my concern and promised to obtain these documents. This however has not materialized to this day. Consequently, although I would certainly welcome the dismissal of claims against Grosvenor, I may not take any position as to such dismissal based on an ostensible "settlement agreement" because this may be deemed as Grosvenor's acquiescence to the the terms of a transaction this counsel has never seen.

As reflected in the Court's Docket, Grosvenor was impleaded as a party on October 2, 2008, by Marlen Kruzhkov, Esq. (currently a member of Gusrae Kaplan and a Third-Party Defendant in the related action LR12 v. Zajic) — against Grosvenor, LR12 and their individual principals (Zajic, J. Kay and D. Kay) (CEF ##20-21). Mr. Kruzhkov's complaint alleges, inter alia, that Grosvenor and Haouzi own 85% and 15% of LR12 respectively (see Haouzi 3rd party compl. ¶¶ 9; 28); and that "Joseph Kay, Nina Zajic and David Kay are the shareholders in Grosvenor" (Id. ¶¶5; 7; 8; 11; 12). The above named principals of Grosvenor retained me to defend Messrs. Kruzhkov's and Haouzi's