The Hon. Kevin N. Fox, U.S.M.J.  
Thurgood Marshall  
United States Courthouse,  
Room 228  
40 Foley Square  
New York, NY 10007

HICHAM AZKOUR  
93 Pitt Street,  
Apt 3B  
New York, NY 10002

Telephone: (917) 859-6550

Email: hicham.azkour@gmail.com



October 29, 2014

**Via ECF**

Re: *Azkour v. Haouzi, et al.*, 11-CV-5780 (RJS)(KNF)

Dear Judge Fox:

On September 9, 2014, this Court issued a Memorandum and Order resolving the plaintiff's motion: (1) to compel the defendants to produce documents, pursuant to Rule 37of the Federal Rules of Civil Procedure; and (2) for a determination of the sufficiency of the defendants' answers to the plaintiff's requests for admissions, pursuant to Rule 36 of the Federal Rules of Civil Procedure. See Docket Entries Nos. 155 and170.

On September 23, 2014, the defendants submitted a confusing letter frivolously requesting that the Court reconsider said Order and issue partial judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. See Docket Entry No. 172.

The plaintiff respectfully made this Court aware that the defendants' requests are, *in essence*, frivolous, dilatory, and have no other purpose but to send the wrong signal to this

1

Court and the Honorable Richard J. Sullivan, U.S.D.J., that the above-referenced matter should be simultaneously resolved in conjunction with the FLSA Action for "judicial economy". See Docket Entries Nos. 173 and 174.

The plaintiff sincerely believes that said signal has been scrambled from its source and should be rejected by the Court.

In an email dated October 15, 2014, counsel to the defendants informed the plaintiff that he would file a motion for summary judgment on their behalf. However, in an attempt to further abuse due process and further protract this matter, counsel did not specify the date of their contemplated filing and, in all candor, the plaintiff does not believe that their motion will be granted in light of the disputed facts, their indiscreet pretexts, and their failure to produce the most essential documents supporting any reasonable defense.

For the reasons set forth below, the plaintiff protests the defendants' abuse of due process and rightly believes that this case must normally, timely, and efficiently proceed towards its closure:

1. This matter was filed on August 8, 2011, more than three years ago. Any progress that has been made in this matter was primarily the result of the plaintiff's diligent efforts. The defendants' so-called prosecution has consisted of frustrating the efforts and derailing the litigation for inappropriate purposes.

2. This Court already issued a Scheduling Order directing the parties to file dispositive motions. See Docket Entry No. 137. The defendants have not shown their good faith by spontaneously submitting their contemplated

    motion for summary judgment. Therefore, the aforementioned Scheduling Order should be amended to reflect a reasonably and practically immediate date by which the defendants must file their motion for summary judgment.

3.  If the defendants do not wish to file a motion for summary judgment or any other dispositive motion, they should inform the Court so that this case may promptly proceed towards a resolution by a panel of selected jurors.

4.  Whether the defendants wish to have this case resolved by summary judgment or jury trial, they should fairly defend while abstaining from using foul pretexts - such as the plaintiff's alleged mental health issue, for instance - to justify their discriminatory employment practices[1] and legitimize their ill will in resolving this action. Any defense of a frivolous nature will be used by the plaintiff to further assert that this Court unfairly denied the plaintiff's legitimate request to amend his Third Amended Complaint.

---

[1] The Court is well aware that the defendants discriminated against the plaintiff by refusing to reinstate him based on what they wrongly perceive as his mental disability and his violent disposition. Upon numerous occasions, the defendants alleged that an eventual reinstatement of the plaintiff to his former employment position would substantially expose their employees to harm. Evidently, this is a pretext to justify their discriminatory practice, whether on the basis of race or disability. The record in the FLSA Action, especially the trial transcript, is replete with instances where they surreally assert their false and discriminatory pretexts. Obviously, they have never been able to present any admissible evidence to support their allegations.

WHEREFORE, the plaintiff respectfully requests that this Court:

1. Amend the Scheduling Order at <u>Docket Entry No. 137</u> by setting a deadline for the parties to file dispositive motions; or

2. In the alternative,

    (a) Set a date for jury trial;
    (b) Direct the parties to submit to the Court for its approval a Joint Pretrial Order that includes the information required by Federal Rule of Civil Procedure 26(a)(3);
    (c) Set a deadline for the parties filings; and
    (d) Set a date for the pre-trial conference.

Respectfully submitted,

X _____
HICHAM AZKOUR, pro se