UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HICHAM AZKOUR,

Plaintiff,

-v-

JEAN-YVES HAOUZI, *et al.*,

Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-17-14

No. 11-cv-5780 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a letter from Plaintiff, dated September 11, 2014 (Doc. No. 171), requesting leave to file a motion for relief from the Court's April 2, 2014 Order (Doc. No. 163 (the "April 2 Order")), which denied Plaintiff's motion to amend the Third Amended Complaint (Doc. No. 110). For the reasons set forth below, Plaintiff's request is denied.

    The facts relevant to the instant motion are briefly summarized as follows. After initiating this action by filing a complaint on August 8, 2011 (Doc. No. 1), Plaintiff filed the currently operative Third Amended Complaint on February 2, 2012 (Doc. No. 40). After Defendants moved to dismiss the Third Amended Complaint, Magistrate Judge Kevin Nathaniel Fox, to whom the case has been referred for general pretrial matters, issued a Report and Recommendation proposing that the Court grant in part and deny in part Defendants' motion. (Doc. No. 105.) On August 1, 2013, the Court adopted the Report and Recommendation and dismissed Plaintiff's claims under the Americans with Disabilities Act ("ADA"), on the ground that the alleged adverse employment action – Plaintiff's termination – pre-dated any allegations demonstrating that Defendants had knowledge of Plaintiff's disability. (Doc. No. 112.) On July 19, 2014, Plaintiff moved to amend the Complaint (Doc. No. 110), and on October 7, 2013, Judge Fox denied Plaintiff's motion to

amend, finding that Plaintiff's proposed amended complaint failed to cure the deficiencies identified in the Report and Recommendation and the Court's August 1, 2013 Order. (*See* Doc. No. 127.) On April 2, 2014, the Court rejected Plaintiff's appeal of Judge Fox's denial of the motion to amend, concluding that the denial was not clearly erroneous or contrary to law. (April 2 Order.) On September 11, 2014, Plaintiff filed the present request for relief from the April 2 Order.

Although Plaintiff styled his request as one for leave to file a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60, Rule 60 only governs where there has been a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The Court's denial of Plaintiff's motion to amend was not a final judgment or order, and so Rule 60 does not apply here. *See Abdell v. City of New York*, 759 F. Supp. 2d 450, 454 (S.D.N.Y. 2010). Rather, the Court interprets Plaintiff's request as a renewed motion to amend the Complaint pursuant to Rule 15.

Rule 15 provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Thus, "[l]eave to amend, though liberally granted, may properly be denied for: undue delay, bad faith [or] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (citation and internal quotation marks omitted). The futility of an amendment is assessed under the standard for a Rule 12(b)(6) motion to dismiss. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). A

plaintiff must therefore provide some indication of the substance of the contemplated amendment before a court may entertain the request. *See In re World Com, Inc. Sec. Litig.*, 303 F. Supp. 2d 385, 391 (S.D.N.Y. 2004) ("In the absence of any identification of how a further amendment would improve upon the [c]omplaint, leave to amend must be denied as futile."). As to the substance of his proposed amendment, Plaintiff has not attached a proposed amended complaint to his motion request as required by the Court's Individual Practices Rule 2.A. Nevertheless, because Plaintiff arguably incorporates by reference his previously-denied Proposed Fifth Amended Complaint (*see* Doc. No. 171 (requesting leave to "amend his Third Amended Complaint *as proposed by the Fifth Amended Complaint*" (emphasis added))), the Court will treat the Proposed Fifth Amended Complaint as the operative complaint for purposes of the Rule 15 analysis.

Turning to the merits of Plaintiff's request, the Court finds that the request must be denied for the simple reason that the deficiencies in the Proposed Fifth Amended Complaint have not been cured. Although Plaintiff argues that evidence adduced at trial in the related action, *Azkour v. Little Rest Twelve, Inc., et al.*, No. 10-cv-4132 (RJS) (S.D.N.Y.) (the "FLSA Action"), demonstrated Defendants' awareness of Plaintiff's alleged disability so as to cure the deficiencies found by the Court, these new facts are nowhere found in the Proposed Fifth Amended Complaint, which was submitted almost two years before the trial at which Defendants allegedly acknowledged that they refused to rehire him based on his mental illness (*see* FLSA Action, Trial Transcript dated July 21–22, 2014, Doc. Nos. 293, 295 (S.D.N.Y. July 21–22, 2014) ("FLSA Action Trial Trancript")). As a result, the Proposed Fifth Amended Complaint does not incorporate any of the supposedly new facts Defendant cites, and therefore cannot cure the infirmities previously identified by the Court and Judge Fox. (Doc. Nos. 105, 112); *see DiPace v. Goord*, 308 F. Supp. 2d 274, 278 (S.D.N.Y. 2004) ("Normally, a motion to amend is adjudicated

3

without resort to any outside evidence.") (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)

("On a motion to dismiss, the district court must limit itself to a consideration of the facts alleged

on the face of the complaint and to any documents attached as exhibits or incorporated by

reference.")).

In any event, Plaintiff mischaracterizes the testimony and arguments Defendants made at

trial in the FLSA Action. Plaintiff's primary basis for seeking leave to amend is his assertion that

Defendants conceded at trial that they refused to rehire him because of his alleged mental illness.

(Doc. No. 171.) Although Plaintiff cites to the transcript of the two-day trial in the FLSA Action

generally and *in toto* in support of his belief as to Defendants' arguments in that case, Plaintiff has

not cited specifically to any part of the transcript in which Defendants actually make the statements

or arguments he claims they made. Indeed, contrary to Plaintiff's assertions, the Court finds that

Defendants in the related case did *not* take the position that they refused to rehire him on the basis

of his mental illness. *See generally* FLSA Action Trial Transcript. Rather, with respect to

Plaintiff's alleged disability, Defendants merely argued that *if* Plaintiff was unable, due to mental

illness, to gain other employment after being fired, Defendants were not liable for the period of

unemployment caused by the mental illness. *See, e.g., id.* at 194–95. The mere fact that

Defendants at some point obtained knowledge of Plaintiff's disability – through Plaintiff's *own*

statements to the Court in the course of litigating the FLSA Action and the present action, in which

he asserted that he was not competent to litigate and required the appointment of a guardian ad

litem (*see* Doc. No. 24) – does not, in the face of the conclusory nature of the Proposed Fifth

Amended Complaint, automatically entitle him to an inference that Defendants terminated or

refused to rehire him *because of* his disability. *See Idlisan v. New York City Health & Hospitals

Corp.*, No. 12-cv-9163 (PAE), 2013 WL 6049076, at *4 (S.D.N.Y. Nov. 15, 2013) ("[T]he *sine*

4

*qua non* of an ADA discriminatory action claim is that the discrimination must be *because of* the

employee's protected status." (emphasis added) (internal quotation marks omitted)).

Finally, as noted above, by Order dated September 22, 2011 this matter was referred to

Judge Fox for general pretrial purposes and dispositive motions. (Doc. No. 9.) Accordingly, any

new motion to amend should properly be directed to Judge Fox. Further, to the extent that the

parties are required to obtain Judge Fox's permission before filing a motion (*see* Doc. No. 99),

Plaintiff must comply with that requirement.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's motion to amend the Third

Amended Complaint is deemed made and DENIED. The Clerk of the Court is respectfully directed

to close the request pending at docket entry number 171.

SO ORDERED.

Dated:      November 17, 2014
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order has been sent by e-mail to:

Hicham Azkour
hicham.azkour@gmail.com

5