```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HICHAM AZKOUR,                                              :
                                                            :
                Plaintiff,                                  :
                                                            :
        -against-                                           :
                                                            :      MEMORANDUM AND ORDER
JEAN-YVES HAOUZI, FRANCK MACOURT,                           :      11 Civ. 5780 (RJS)(KNF)
JESSICA COMPERIATI, LITTLE REST                             :
TWELVE, INC., SHELDON SKIP TAYLOR,                          :
LAW OFFICES OF SHELDON SKIP TAYLOR,                         :
                                                            :
                Defendants.                                 :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is a request by the defendants that the Court reconsider its September 9, 2014 Memorandum and Order, Docket Entry No. 170, pursuant to Local Civil Rule 6.3 of this court.[1] The defendants request that the Court "reconsider its decision requiring defendants to provide plaintiff with the personal address and telephone number of Jean Yves Haouzi, Franck Maucourt, Jessica Comperiati and Krystal Mallookis pursuant to FRCP 26(a)(1)(A)(i)." The defendants, through their counsel, contend that: (1) "discovery in this case closed on February 24, 2014 [and] plaintiff can no longer depose or otherwise seek discovery from these individuals, and thus has no good faith basis for seeking their personal information;" (2) "to the extent plaintiff wishes to issue trial subpoenas to any of these individuals, I have already informed him and the Court that I will accept service of such a subpoena on behalf of each of these individuals;" (3) the individuals who are the subject of the Court's order do not wish the plaintiff to have their personal contact information; and (4) "there is case law from this Circuit standing

---

[1] The defendants cite Fed. R. Civ. P. 54(b), improperly, as the basis for their request.

1

for the proposition that even under Rule 26(a), a party still needs to establish a good faith basis for seeking personal contact information about other parties or witnesses." The defendants ask that the Court reconsider and "revise its prior Order to eliminate any obligation on the part of defendants to provide personal contact information for the witnesses at issue." The plaintiff opposes the motion.

**Legal Standard**

Local Civil Rule 6.3 of this court provides for a motion for reconsideration or reargument, requiring the movant to set forth, in a memorandum of law, "concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3.

> The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked– matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Thus, a motion to reconsider should not be granted where the moving party is solely attempting to relitigate an issue that has already been decided. Id. "To be entitled to [reconsideration] under Local [Civil] Rule [6.3, the movant] must demonstrate that the court overlooked controlling decisions or factual matters that were put before the court on the underlying motion." Ashley Meadows Farm, Inc. v. Am. Horse Shows Ass'n, Inc., 624 F. Supp. 856, 857 (S.D.N.Y. 1985).

**Application of Legal Standard**

The defendants have failed to identify any controlling factual or legal matter that was brought to the Court's attention on the underlying motion that the Court overlooked. In his opposition to the plaintiff's motion to compel, the defendants' counsel stated, with respect to the allegation that the defendants failed to comply with Fed. R. Civ. P. 26(a), that "[g]iven plaintiff's

2

continued improper behavior, I have no intention of providing him with contact information for any of defendants' witnesses, each of whom can be produced, if necessary, through my office." The defendants' counsel did not provide any additional basis or reason for opposing this branch of the plaintiff's motion to compel, and the Court did not fail to overlook the defendants' assertion in reaching its conclusion.  To the extent that the defendants purport to make a new argument or seek new relief, their application is not properly brought as a motion for reconsideration.

The defendants do not contend explicitly that the Court overlooked any controlling decisions put before it in their opposition to the plaintiff's motion to compel.[2]  However, they contend that "there is case law" that supports their position, namely, <u>Caraveo v. Nielsen Media Research, Inc., et al.</u>, No. 01 Civ. 9609, 2003 U.S. Dist. LEXIS 7126 (S.D.N.Y. Apr. 24, 2003). However, <u>Caraveo</u> concerns, primarily, a request by the plaintiff for contact information of individuals who are not parties to the lawsuit, a request which the Court determined was an improper use of Fed. R. Civ. P. 26(a), and therefore is not applicable here.  Moreover, even if the case were applicable, it could not serve as a basis for granting the defendants' motion for reconsideration because it is not a controlling decision.

**Conclusion**

For the reasons set forth above, the defendants' motion for reconsideration of the Court's

---

[2]Such an assertion would be without basis, in any case.  As the Court noted in its September 9, 2014 Memorandum and Order, "the defendants have cited no authority in support of their proposition that they are not required to comply with Rule 26(a) by providing the contact information mandated by that rule for the individuals in question."

September 9, 2014 Memorandum and Order, Docket Entry No. 172, is denied.

Dated: New York, New York
      November 19, 2014      SO ORDERED:

                                              */s/ Kevin Nathaniel Fox*
                                          KEVIN NATHANIEL FOX
                                          UNITED STATES MAGISTRATE JUDGE