UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HICHAM AZKOUR,

           Plaintiff,

-v-

JEAN-YVES HAOUZI, *et al.*,

           Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-3-14
```

No. 11-cv-5780 (RJS)
<u>ORDER</u>

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a letter from Defendants, dated December 1, 2014 (Doc. No. 185), objecting to the Memorandum and Order issued by Magistrate Judge Fox on November 19, 2014 (Doc. No. 179 (the "November 19 Order")), which denied defendants' motion to reconsider a portion of Judge Fox's September 9, 2014 Order (Doc. No. 170 (the "September 9 Order")). The objections request that the Court reverse the November 19 Order. For the reasons set forth below, Plaintiff's request is denied.

    Federal law distinguishes between two types of pre-trial motions: nondispositive and dispositive. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If a district court refers a nondispositive motion to a magistrate judge, the magistrate judge may hear and decide the motion. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A party may seek review in the district court of a magistrate judge's decision on a nondispositive motion, but the district court's review is limited: the district court may "modify or set aside" a part of the magistrate judge's decision only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* § 636(b)(1)(A). "An order is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *MacNamara v. City of New York*, No. 04 Civ. 9216 (RJS) (JCF), 2008 WL

186181, at *2 (S.D.N.Y. Jan. 18, 2008) (internal quotation marks omitted). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* "Therefore, . . . a magistrate judge's orders on [nondispositive] matters are entitled to substantial deference." *Id.*

Here, the September 9 Order, *inter alia*, granted Plaintiff's motion to compel Defendants to produce the contact information of certain people with discoverable information pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i). Defendants subsequently filed a motion to Judge Fox requesting reconsideration of that section of the September 9 Order, which Judge Fox denied because the September 9 Order did not overlook any controlling decisions, the case Defendants cited in support of their position that they did not need to produce the relevant information was inapposite, and Defendants' new arguments were not properly brought as a motion for reconsideration. (November 19 Order.) The Court has little difficulty concluding that the November 19 Order – undisputedly nondispositive in nature – is neither clearly erroneous nor contrary to the law. Accordingly, IT IS HEREBY ORDERED THAT Defendants' request for the Court to reverse the November 19 Order is DENIED.

SO ORDERED.

Dated:   December 3, 2014
         New York, New York

                                            RICHARD J. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE

<u>A copy of this Order has been sent by e-mail to:</u>

Hicham Azkour
hicham.azkour@gmail.com