The Hon. Richard J. Sullivan, U.S.D.J.          Hicham Azkour
Thurgood Marshall                               93 Pitt Street
United States Courthouse                        Apt 3B
Courtroom 905                                   New York New York 10002
40 Foley Square
New York, NY 10007


                                                (917) 859-6555
                                                hicham.azkour@gmail.com



                                        December 16, 2016

Via ECF

Re: *Azkour v. Haouzi, et al.*, 11-cv-5780 (RJS)


Dear Judge Sullivan:

      On July 24, 2015, the Honorable Kevin N. Fox, U.S.M.J., submitted a
Report & Recommendation to this Court in the above-referenced matter. *See*
Docket Entry No. 200. This has been a long time and this Court has not yet
ruled on Judge Fox's Report & Recommendation.

      The plaintiff has recently conferred with the defendants' counsel
regarding the amicable resolution of the present matter. His clients, however,
have expressed their determination, at whatever cost, to pursue the matter to
its final disposition and have it decided on the merits. For this reason, the
plaintiff believes that this Court should not delay any further the resolution
of this matter inasmuch as there is no evidence that the outcome of this
matter would be affected by the disposition of the FLSA matter, which is
pending in the Supreme Court of the United States. The latter, anyway, will
deny the plaintiff's petition and any petition bringing similar questions. *See*
attached petitions.

      For these reasons, the plaintiff respectfully requests that this Court
rule on the pending Report & Recommendation to expedite the
administration of justice.


Respectfully submitted,


      Hicham Azkour, *pro se*

No. 16-322

IN THE

# Supreme Court of the United States

HICHAM AZKOUR,

*Petitioner,*

—v.—

LITTLE REST TWELVE, INC.,

*Respondent.*

ON PETITION FOR A WRIT OF CERTIORARI TO THE UNITED STATES
COURT OF APPEALS FOR THE SECOND CIRCUIT

## PETITION FOR REHEARING

HICHAM AZKOUR
93 Pitt Street
New York, New York 10002
(917) 859-6550
hicham.azkour@gmail.com

*Petitioner Pro Se*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................ii

PETITION FOR REHEARING.............................1

REASONS FOR GRANTING THE PETITION.........5

    A.  In Light of its Recent Decisions
        in *Tolan*, *Teva*
        and *Lighting Ballast Control*,
        the Court Should Grant Certiorari,
        Vacate the Judgment Below,
        and Remand the Present Matter
        for Further Proceedings.........................5

    B.  The Decisions of the Courts Below
        Conflict with this Court's Decision
        in *New Hampshire v. Maine* Relative
        to Issue Preclusion...............................10

CONCLUSION...................................................12

ADDENDUM

Notice of Denial of Writ of Certiorari
Dated October 31, 2016..............................................1a

CERTIFICATION OF PETITIONER

(i)

ii

## TABLE OF AUTHORITIES

### CASES

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986)............................................................ 5

*Ashe v. Swenson,*
  397 U.S. 436 (1970)........................................................ 11

*Azkour v. Haouzi, et al.,*
  11-CV-5780 (RJS)........................................................... 3

*B&B Hardware, Inc. v. Hargis Ind., Inc.,*
  135 S. Ct. 1293 (2015) ................................................... 12

*Barrentine v. Arkansas-Best Freight System,*
  450 U.S. 728 (1981)........................................................ 2

*Chambers v. Mississippi,*
  410 U.S. 284 (1973)........................................................ 8

*Dowling v. United States,*
  493 U.S. 342 (1990)........................................................ 8

*Lighting Ballast Control LLC
v. Universal Lighting Technologies, Inc.,*
  135 S.Ct. 1173 (2015) ........................................ 1, 3, 5, 10

*New Hampshire v. Maine,*
  532 U.S. 742 (2001).................................................. 10, 11

*Pavon v. Swift Transp. Co., Inc.,*
  192 F.3d 902 (9th Cir. 1999)......................................... 11

iii

*Proctor v. LeClaire,*
  715 F.3d 402 (2d Cir.2013)..............................................11

*Pullman-Standard v. Swint,*
  456 U.S. 273 (1982)........................................................9

*Rand v. Rowland,*
  154 F.3d 952 (9th Cir. 1998) (en banc).........................7

*Teva Pharms. USA, Inc. v. Sandoz, Inc.,*
  135 S. Ct. 831 (2015) ....................................1, 2, 3, 5, 8, 10

*Tolan v. Cotton,*
  134 S. Ct. 1861 (2014) ...............................................1, 3, 5

## STATUTES

28 U.S.C. § 1292(b) ........................................................6

28 U.S.C. § 2106 ...........................................................12

29 U.S.C. § 216(b)...........................................................2

42 U.S.C. § 12102(3)(A)....................................................4

## OTHER AUTHORITIES

Americans with Disabilities Act ........................................9

Social Security Act.........................................................9

## RULES

Fed. R. Civ. P. 50(b)........................................................6

Fed. R. Civ. P. 52(a).......................................................7, 8

iv

Fed. R. Civ. P. 52(a)(6) .......................................................... 6

Fed. R. Civ. P. 56(c)(1)(A) ..................................................... 5

Fed. R. Civ. P. 56(c)(4) .......................................................... 5

Fed. R. Evid. 801(d)(2) ........................................................... 8

Fed. R. Evid. 803(4) ................................................................ 8

Fed. R. Evid. 803(6) ................................................................ 8

Fed. R. Evid. 805 .................................................................... 8

Sup. Ct. Rule 44.2 .................................................................. 1

1

## PETITION FOR REHEARING

Pursuant to Sup. Ct. Rule 44.2, Petitioner respectfully petitions this Court for rehearing of the October 31, 2016 order, appended hereto, denying his September 6, 2016 petition for writ of certiorari ("Cert. Pet.").

In addition to the questions raised by the latter, Cert. Pet. i-iii – questions upon which the circuits are starkly split – Petitioner's case also presents distinctly erroneous apprehensions of summary judgment standards by the courts below. The judgment below failed to address such reversible legal errors and should, thus, be summarily reversed. Although this Court is not equipped to correct every error coming from the lower courts, it recently issued an opinion vacating a judgment from a court below because said judgment reflected a clear misapprehension of summary judgment standards in light of this Court's precedents. *See Tolan v. Cotton*, 134 S. Ct. 1861 (2014).

Moreover, in his petition for a writ of certiorari, Petitioner regrettably failed to bring to this Court's attention that, on February 27, 2015, it issued a judgment granting certiorari, vacating judgment of a court below, and remanding a matter that presented a similar issue, i.e. post-trial appellate review of denial of summary judgment. *See Lighting Ballast Control LLC v. Universal Lighting Technologies, Inc.*, 135 S.Ct. 1173 (2015). The summary decision in *Lighting Ballast Control* is based upon this Court's opinion in *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831 (2015), where the question answered by the Court is:

2

Whether a district court's factual finding in support of its construction of a patent claim term may be reviewed *de novo*, as the Federal Circuit requires (and as the panel explicitly did in this case), or only for clear error, as Rule 52(a) requires.

In *Teva*, the Court reached the conclusion that claim construction is *a matter of law*, which should be reviewed *de novo*, but underlying factual findings by the district court should be reviewed for *clear error*. *Teva* at 837-38. Notwithstanding that Petitioner's case is an individual action arising out of Respondent's willful violations of the Fair Labor Standards Act[1], the same laws apply to both cases. And inasmuch as the judgment below tends to invoke a mixed question of fact and law, with respect to the issue of Petitioner's alleged disability for purposes of mitigation and recovery of lost wages, *see* 29 U.S.C. § 216(b), application of the *Teva* two-tier construction is valid. After all, this Court has recognized that "FLSA claims typically involve complex mixed questions of fact and law." *Barrentine v. Arkansas-Best Freight System,* 450 U.S. 728, 743 (1981).

A two-tier construction is valid because whereas the judgment below concludes that the issue of alleged disability is *a fact-based issue*, App. 2a-3a, it nevertheless quickly asserts, *at the same time*, that Petitioner's challenge to the admissibility of the evidence presented to determine disability is *a matter of law*. App. 4a. Yet, in each scenario, the court declined appellate review of denial of summary judgment. It denied appellate review under the

---

[1] A detailed statement of the case is at Cert. Pet. 4-15.

3

"*clearly erroneous*" standard as to the factual finding of disability, but it also denied a *de novo* review as to issue preclusion or as to the permissibility of fact finding in summary judgment. No doubt, both are pure questions of law.

Now, against this legal backdrop, petitions for rehearing of an order denying certiorari are generally granted in two instances: if a petitioner can demonstrate "intervening circumstances of a substantial or controlling effect"; or if a petitioner raises "other substantial grounds not previously presented." Rule 44.2. The recent decisions of this Court in *Tolan*, *Teva* and *Lighting Ballast Control* articulate "intervening circumstances of a substantial or controlling effect" that warrant rehearing. These decisions also give rise to "other substantial grounds not previously presented" in the petition for a writ of certiorari.

Additionally, a related civil action, which is still pending before the same district judge, *Azkour v. Haouzi, et al.*, 11-CV-5780 (RJS) ("Civil Rights Action")[2], is undoubtedly another circumstance of "substantial and controlling effect" that this Court may also consider to grant rehearing. Clearly, Petitioner is now within both categories of Rule 44.2. His pursuit of remedies in the Civil Rights Action, where he was adjudicated by the district court as an individual who is *not mentally disabled*, contrary to what Respondent has been maliciously peddling throughout the present matter ("FLSA Action"), constitutes indeed *the* intervening circumstance of "a

---

[2] Respondent Little Rest Twelve, Inc. is a defendant in this action.

4

substantial or controlling effect". The district court's decision in the Civil Rights Action is now contingent upon the conclusion of the FLSA Action, where there is no evidence that the judgment below was based upon *an independent review of a materially complete record.*

Review of the sealed, unsealed and, subsequently, resealed hearsay material presented to the district court in the Civil Rights Action and used at trial in the FLSA Action – material, which was immediately rejected by the magistrate judge as inadmissible – led to the outright dismissal of Respondent's claim that Petitioner was mentally impaired, disabled, or incompetent. Moreover, in the Civil Rights Action, the district court dismissed, albeit incorrectly, Petitioner's claim of discrimination based on his being *misperceived* by Respondent as a disabled individual. *See* 42 U.S.C. § 12102(3)(A). This will have a tremendous controlling effect on the outcome of both matters. But it will also raise a red flag as to the inconsistency, if not the absurdity, of two different rulings on the same issue by the same court. And this is where *issue preclusion, as a matter of law,* should have compelled the court below to conduct a *de novo* review of the erratic denial of summary judgment.

If two decisions are inconsistent, as it is strongly the case here, one of them must be wrong. Without more, however, the evil does not lie in the inconsistency; it lies in the erroneous decision. It is sometimes argued that, when inconsistency reveals the occurrence of error, that manifestation of fallibility saps public confidence in the adjudicatory process and that inconsistency is thus harmful simply because of its signal.

5

## REASONS FOR GRANTING THE PETITION

### A.     In Light of its Recent Decisions in *Tolan*, *Teva* and *Lighting Ballast Control*, the Court Should Grant Certiorari, Vacate the Judgment Below, and Remand the Present Matter for Further Proceedings

In his petition for certiorari, Petitioner correctly argues that the district court made *an error of law* by making a factual finding, i.e. the determination of alleged mental disability, while adjudicating the parties' cross-motions for summary judgment. Cert. Pet. 15-24. Petitioner supports his argument by this Court's holding that "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *See Tolan* at 1866 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Cert. Pet. 18. Petitioner also argues that the district court erred, *as a matter of law*, by (1) admitting inadmissible material into evidence to make said factual finding[3]; and (2) by incorrectly identifying a material issue of fact outside the substantive laws that usually govern the determination of disability. In other words, Petitioner contends that in the absence of any admissible evidence proving his alleged mental impairment or any substantive law determining disability, there was not a *material* issue of fact that could preclude entry of summary judgment in his favor. "As to materiality," this Court held, "the

---

[3] Both Fed. R. Civ. P. 56(c)(1)(A) and Fed. R. Civ. P. 56(c)(4) prohibit a district court from admitting into evidence inadmissible material and hearsay statements.

6

substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson* at 248.

Assuming that, in a summary judgment context, the trial of a factual dispute is not an error of law and that the district judge properly made a factual finding, such finding, in deference to the court of appeals reasoning, should have been reviewed under the "clearly erroneous" standard. It should have been set aside pursuant to Fed. R. Civ. P. 52(a)(6). This was not the case, however. And although the court of appeals declined to review denial of summary judgment based on its representation that identification of mental disability was a strictly fact-based issue, it also declined to examine the sufficiency of the sealed evidence used at trial as a matter of law – evidence that the district court withheld and did not timely transmit upon appeal and which made the court of appeals' review unreliable.

So, whereas the court below justifies denial of review based on its determination that disability is an issue of fact, it paradoxically concludes that Petitioner's challenge to the admissibility of Respondent's evidence, as to this very specific issue of fact, is a question of law that is best addressed in the context of post-verdict motions. App. 4a. This argument is specious. Cert. Pet. 21. First, Petitioner preserved the aforementioned legal errors by immediately seeking a 28 U.S.C. § 1292(b) certification. Second, he timely challenged them in a post-verdict motion pursuant to Fed. R. Civ. P. 50(b). If the court of appeals' argument tends to assert

7

anything, it only asserts that the district court, on summary judgment, was correctly authorized to make a factual finding as to Petitioner's alleged mental disability and that such finding should not be disturbed.

This untenable position cannot lead any reasonable mind anywhere but to inquire whether the district court and the court of appeals are so naïve as to confuse fact finding with identification of genuine factual disputes. They are not. But if it is the case, the Ninth Circuit, in this very respect, pertinently notes:

> Even trial and appellate judges have been known to misunderstand Rule 56.
>
> A district court does not, of course, make "findings of fact" in ruling on a summary judgment motion. Findings of fact are made on the basis of evidentiary hearings and usually involve credibility determinations, which explains why they are reviewed deferentially under the clearly erroneous standard. *See* Fed. R. Civ. P. 52(a).

*See Rand v. Rowland*, 154 F.3d 952, 957 n.4 (9th Cir. 1998) (en banc).

In any event, the court of appeals failed to review the sufficiency of the evidence presented by Respondent during trial because, as the appellate record shows, the district court withheld, did not unseal, and did not timely transmit the trial exhibits to the circuit clerk prior to the issuance of the judgment below. Not a single record or out-of-court statement introduced by Respondent, whether

8

during summary judgment or at trial, is admissible as per Fed. R. Evid. 801(d)(2), Fed. R. Evid. 803(4), Fed. R. Evid. 803(6), and Fed. R. Evid. 805. Cert. Pet. 24-28. The arbitrary decisions of both courts militate against the fact that Petitioner was afforded, as guaranteed by the Seventh Amendment, his right to a trial, where facts are fully *examined* by jurors. The egregious nature of the errors embedded in the district court's evidentiary rulings and their cumulative effect rendered the July 21-22, 2014 trial unfair and partial. It is contrary to the clearly established law in *Chambers v. Mississippi*, 410 U.S. 284 (1973) and *Dowling v. United States*, 493 U.S. 342 (1990).

The *material incompleteness of the appellate record* alone warrants a review under the clearly erroneous standard. On the other hand, the purely legal errors, such as the admissibility of Respondent's evidence or issue preclusion, as raised and preserved by Petitioner, warrant a *de novo* review of the district court's denial of summary judgment. In either case, the court of appeals should have granted Petitioner's request for review. And even if, *arguendo*, said court *explicitly* and *unambiguously* ruled that Petitioner's request for appellate review involved *a mixed question of fact and law*, it should have diligently conducted such a review and reached the same conclusion as this Court recently did in *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 837-838 (2015).

The vexing nature of the distinction between questions of fact and questions of law should not have deterred the court of appeals from conducting review. Assuming that the district judge, in good faith, mistakenly applied Fed. R. Civ. P. 52(a) in

9

summary judgment, this rule does not furnish particular guidance with respect to distinguishing law from fact. There is not a known rule or principle that will unerringly distinguish a factual finding from a legal conclusion. However, in this particular case, it is undisputed that no single piece of evidence presented by Respondent, for the purpose of supporting his alleged disability defense, meets the statutory standards of the Americans with Disabilities Act or the Social Security Act. And, quite surprisingly, the court of appeals did not ascertain whether the rule of law as applied to the alleged facts was or was not violated. Cert. P. 28-32. So, in this very situation, where fact and law interweave, this Court long held that mixed questions of fact and law are "questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated." *Pullman-Standard v. Swint,* 456 U.S. 273, 290 n. 19 (1982). The court of appeals should have applied the *Pullman-Standard* test.

This being said, Petitioner is confident that trying a factual dispute in summary judgment is an error of law. He is also confident that considering hearsay evidence, whether on summary judgment or at trial, is an error of law. Relitigating an issue of fact or law that has already been settled in a prior proceeding, whether by a tribunal or an administrative agency, is indisputably an error of law. Therefore, regardless of whether trial took place or not, trial does not change the fact that these purely legal errors, which have been preserved by Petitioner, warrant a *de novo* post-trial review of

10

denial of summary judgment. As a matter of fact, a trial would have been unnecessary absent these errors of law. Aside from factual findings, both *Teva* and *Lighting Ballast Control* reached the conclusion that denial of summary judgment is subject to the *de novo* standard of review:

> Because the skilled artisan inquiry in claim construction more closely resembles determinations categorized as "conclusions of law" than determinations categorized as "findings of fact," I would hold that it falls outside the scope of Rule 52(a)(6) and is subject to *de novo* review.

*Teva* at 849.

### B.   The Decisions of the Courts Below Conflict with this Court's Decision in *New Hampshire v. Maine* Relative to Issue Preclusion

A noticeable error of law, which Petitioner raised in his appellate briefs, but failed to extensively discuss in his petition for a writ of certiorari, is *issue preclusion* or *collateral estoppel*. Under New York law, issue preclusion "bars litigation of an issue when[:]

> (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final

11

judgment on the merits."

*See Proctor v. LeClaire,* 715 F.3d 402, 414 (2d Cir.2013). The district court's decision to allow relitigation of Petitioner's alleged mental disability, both in summary judgment (March 26, 2014) and at trial (July 21-22, 2014), is in conflict with this Court's precedent. *See, e.g., New Hampshire v. Maine,* 532 U.S. 742, 748-49 (2001). And although the present matter is not a criminal case, relitigation of the same issue implicitly constitutes a contemptuous disregard for a *constitutional protection*, be it in a civil case. As a matter of fact, this Court held that the Double Jeopardy Clause incorporates the doctrine of collateral estoppel in criminal proceedings. *Ashe v. Swenson,* 397 U.S. 436, 449 (1970).

Issue preclusion is a question of law separate from the sufficiency of the evidence. Therefore, granting appellate review of denial of summary judgment based on this question of law is not the 'pointless academic exercise' of deciding whether a factual issue was disputed after it has been decided. *Pavon v. Swift Transp. Co., Inc.*, 192 F.3d 902, 906 (9th Cir. 1999). The court of appeals declined to apply a *de novo* standard of review and apply issue preclusion principles by inquiring whether the alleged mental disability, under New York law, was actually litigated and decided in the rendering court and administrative agency. Although the court of appeals was aware that the New York State Office of Temporary and Disability Assistance had determined that Petitioner is not disabled, *see* App. 5a-6a and Cert. Pet. 8, it nonetheless sidestepped this administrative agency's finding, which is supported by *substantial evidence*, and stated that Petitioner is

12

mentally disabled because trial record allegedly "included [his] own repeated admissions that a serious mental impairment prevented him from working or prosecuting his civil case." Drafting this petition is further evidence that the court of appeals' conclusion is unsupported. The trial record shows that Petitioner objected to those alleged "repeated admissions" as hearsay, *see* App. 110a-114a, which are precluded by the magistrate judge's August 23, 2012 decision in the Civil Rights Action. Under issue preclusion principles, the decision of the magistrate judge or the New York State Office of Temporary and Disability Assistance are "conclusive in a subsequent action between the parties, whether on the same or a different claim." *B&B Hardware, Inc. v. Hargis Ind., Inc.*, 135 S. Ct. 1293, 1305 (2015).

## CONCLUSION

For the reasons set forth above, Petitioner prays this Court to grant him rehearing and, pursuant to 28 U.S.C. § 2106, vacate judgment of the court below and remand the present matter for further proceedings.

13

Respectfully submitted,

Hicham Azkour
93 Pitt Street
Apt. 3B
New York, New York 10002

(917) 859-6550
hicham.azkour@icloud.com

Petitioner, *pro se*

November 21, 2016

**ADDENDUM**

1a

**Supreme Court of the United States**
**Office of the Clerk**
**Washington, DC 20543-0001**

Scott S. Harris
Clerk of the Court
(202) 479-3011

October 31, 2016

Mr. Hicham Azkour
93 Pitt Street
New York, NY 10002

Re:    Hicham Azkour
       v. Little Rest Twelve, Inc.
       No. 16-322

Dear Mr. Azkour:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

S/ Scott S. Harris

**Scott S. Harris**, Clerk

## CERTIFICATION OF PETITIONER

Pursuant to Supreme Court Rule 44.2, I hereby certify that this petition for rehearing is presented in good faith and not for delay.



_____

Hicham Azkour
93 Pitt Street
Apt. 3B
New York, New York 10002


Petitioner, *pro se*

No. 16-551

In The

### Supreme Court of the United States

EON Corp. IP Holdings LLC,

*Petitioner,*

v.

Silver Spring Networks, Inc.,

*Respondent.*

On Petition for a Writ of Certiorari
to the United States Court of Appeals
for the Federal Circuit

**REPLY BRIEF FOR THE PETITIONER**

Daniel R. Scardino
Raymond W. Mort, III
C. Bentley Harris
Matthew Murrell
Reed & Scardino LLP
301 Congress Ave.
Suite 1250
Austin, TX 78701

Kevin K. Russell
  *Counsel of Record*
Thomas C. Goldstein
Eric F. Citron
Goldstein &
  Russell, P.C.
7475 Wisconsin Ave.
Suite 850
Bethesda, MD 20814
(202) 362-0636
*kr@goldsteinrussell.com*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ii

REPLY BRIEF FOR THE PETITIONER................... 1

I. This Case Presents The Question Left Open In *Ortiz*, Over Which The Circuits Are Admittedly In Conflict........................................... 1

II. The *Ortiz* Question Is Particularly Important In The Claim Construction Context. ................... 5

III. Respondent's Vehicle Objections Are Meritless. ............................................... 7

IV. Respondent's Arguments On The Merits Provide No Basis To Allow The Conflict To Persist... ............................................... 10

CONCLUSION........................................... 12

ii

## TABLE OF AUTHORITIES

### Cases

*Boyle v. United Techs. Corp.*,
  487 U.S. 500 (1988) ................................................ 11

*Duro-Last, Inc. v. Custom Seal, Inc.*,
  321 F.3d 1098 (Fed. Cir. 2003) ................................ 7

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*,
  64 F.3d 1553 (Fed. Cir. 1995) .................................. 4

*Jones ex rel. United States v. Mass. Gen. Hosp.*,
  780 F.3d 479 (1st Cir. 2015).................................... 5

*Jurgens v. McKasy*,
  927 F.2d 1552 (Fed. Cir. 1991) ................................ 4

*McCann v. Texas City Ref., Inc.*,
  984 F.2d 667 (5th Cir. 1993) ................................... 8

*Ortiz v. Jordan*,
  562 U.S. 180 (2011) ........................................ passim

*Perdoni Bros., Inc. v. Concrete Sys., Inc.*,
  35 F.3d 1 (1st Cir. 1994)......................................... 8

*Unitherm Food Systems, Inc. v. Swift-Eckrich*,
  546 U.S. 394 (2006) ............................................... 7

*Vazquez-Valentin v. Santiago-Diaz*,
  459 F.3d 144 (1st Cir. 2006)............................... 2, 10

*Wi-Lan, Inc. v. Apple Inc.*,
  811 F.3d 455 (Fed. Cir. 2016) ................................. 8

### Constitutional Provisions

U.S. Const. am. VII.................................................... 11

### Rules

Fed. R. Civ. P. 50................................................. passim

Fed. R. Civ. P. 50(a) ............................................... 4, 8

Fed. R. Civ. P. 50(a)(2).......................................... 7, 11

iii

Fed. R. Civ. P. 50(b) ............................................. 2, 3, 4

Fed. R. Civ. P.  50, advisory committee's note to
     1991 amendment ...................................................... 8

**Other Authorities**

Mitchell G. Stockwell, *Limiting Claim
     Construction Challenges After* Ortiz v. Jordan,
     39 AIPLA Q.J. 225 (2011) ....................................... 5

## REPLY BRIEF FOR THE PETITIONER

Respondent acknowledges that in the Federal Circuit, an appellate panel is permitted to order entry of judgment as a matter of law (JMOL) on the basis of its own construction of a patent claim even it that construction was never advanced at trial or preserved in a Rule 50 motion. BIO 16, 18. The justification for that rule – that claim construction is a pure question of law – is the same justification offered by several other circuits for entertaining other purely legal grounds for JMOL on appeal, even though they were not raised in a Rule 50 motion. Respondent admits, however, that other circuits reject this "purely legal" issue exception to Rule 50, *see* BIO 7-8, creating a circuit conflict this Court acknowledged but left unresolved in *Ortiz v. Jordan*, 562 U.S. 180 (2011).

Respondent further does not dispute that this Court should resolve that conflict in an appropriate case. But respondent argues that the decision below does not implicate the conflict and otherwise presents a poor vehicle for resolving it. Those claims, as well as respondents' attempts to defend the Federal Circuit's practice, are meritless.

## I. This Case Presents The Question Left Open In *Ortiz*, Over Which The Circuits Are Admittedly In Conflict.

1. Respondent starts its opposition by badly mischaracterizing the Question Presented, claiming it asks whether "every discrete legal issue must be relitigated *ad nauseam* at every stage of the case through postverdict motions in order to be eligible for consideration on appeal." BIO 7.

2

In fact, the Question Presented concerns only courts' authority to order a particular form of extraordinary relief (JMOL) that completely reverses a jury verdict and ends the case. *See* Pet. i. Petitioner does not contest, for example, that courts may consider the correctness of a jury instruction or admission of evidence regardless of whether the objection was restated in a Rule 50 motion because those errors do not result in JMOL. *Contra* BIO 7; *see, e.g.*, *Vazquez-Valentin v. Santiago-Diaz*, 459 F.3d 144, 147-48, 154 (1st Cir. 2006) (discussed at BIO 13, explaining that absent Rule 50 motion court could not order JMOL and was limited, instead, to considering evidentiary objections and ordering a new trial). Nor does petitioner argue that the Federal Circuit is always limited to the parties' proposals when construing patent claims. *Contra* BIO 14. Rule 50 has nothing to say, for example, about whether a claim construction error may be remedied by a new trial when it results in erroneous jury instructions. *See* BIO 7. Instead, we argue that the court may not order *JMOL* as a remedy for any perceived claim construction error unless it was asserted in a proper Rule 50 motion. Respondent's failure to acknowledge this distinction infects much of its opposition.

2. Respondent next contends that the circuit conflict left unresolved by *Ortiz* is "over whether an appellate court may review the district court's *denial of summary judgment* if the basis for the original request was 'purely legal' and is not restated in a motion under Rule 50(b)." BIO 7. That assertion mischaracterizes *Ortiz* and the conflicting lower court decisions.

3

a. As the petition explained, and respondent just ignores, *Ortiz* held unambiguously that the denial of summary judgment may *never* be appealed after trial, regardless of the nature of the issues:

> We granted review to decide a threshold question on which the Circuits are split: May a party, as the Sixth Circuit believed, appeal an order denying summary judgment after a full trial on the merits? *Our answer is **no***. The order retains its interlocutory character as simply a step along the route to final judgment.

562 U.S. at 183-84 (emphasis added, footnote & citation omitted); *see also id.* at 188. The interlocutory character of a summary judgment order arises from its timing, not the nature of the issues it decides.

The Court then addressed whether a defendant nonetheless may seek equivalent relief by asking the court of appeals to order *JMOL* on the ground that the evidence *at trial* was insufficient under the proper legal standards. 562 U.S. at 185; *see also* Pet. 6-7. In the context of *that* question, the prior summary judgment briefing was relevant only because it "preserved [the legal objection] for appeal." 562 U.S. at 189. The Court then went on to consider whether simple preservation is enough, or whether Rule 50 requires more. *Id.* at 189-92.

Accordingly, the question left open in *Ortiz* was whether a defendant, having preserved a purely legal objection *somewhere* in the lower court record, is nonetheless "obliged to raise that sufficiency-of-the-evidence issue by postverdict motion for judgment as a matter of law under Rule 50(b)." *Id.* at 191-92.

4

That is the question over which the circuits are divided and which is presented by this petition.

b.   To be sure, that question arises most commonly when a defendant has raised its legal issue at summary judgment.[1] But the Question Presented can also arise when a defendant raised a purely legal argument at some other point in the proceedings, but not in a Rule 50 motion.

For example, in *Jurgens v. McKasy*, 927 F.2d 1552 (Fed. Cir. 1991), the court considered a purely legal question (whether a patent was invalid as obvious) that was presented for the first time in a Rule 50(b) motion. *Id.* at 1556. The Federal Circuit acknowledged that the failure to raise the objection in a prior Rule 50(a) motion ordinarily would mean that "the sufficiency of the evidence underlying presumed jury findings cannot be challenged through a JNOV motion or on appeal." *Id.* at 1557. But it applied the exception for purely legal issues, explaining that "[n]onobviousness is a conclusion of law." *Id.* at 1558; *see also id.* at 1557.[2]

---

[1] To the extent some courts continue to characterize the question in such cases as whether the defendant is permitted to appeal the denial of summary judgment, that is simply an understandable shorthand with no real significance. *Ortiz*, 562 U.S. at 185 (explaining that court of appeals "erred, but not fatally, by incorrectly placing its ruling under the summary-judgment headline").

[2] Respondent's claim that the Federal Circuit does not apply the "purely legal" exception (BIO 14) is thus incorrect. *See also* Pet. 21-22. In so claiming, respondent also ignores the *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 64 F.3d 1553 (Fed. Cir. 1995), line of cases at the heart of this petition.

5

Conversely, the First Circuit, which is on the other side of the circuit conflict, has rejected attempts to litigate purely legal issues not raised in a Rule 50 motion whether the issue was raised in a summary judgment brief *or* through other "pertinent references" in the record, such as a "Joint Pretrial Memorandum, proposed jury instructions, objections to jury instructions, and closing argument." *Jones ex rel. United States v. Mass. Gen. Hosp.*, 780 F.3d 479, 489 (1st Cir. 2015) (brackets omitted).

3. The Federal Circuit's acknowledged practice of granting JMOL on the basis of its own claim construction directly implicates the circuit conflict and resolving its legality would eliminate the split. That is, the only justification for the Federal Circuit's practice is that claim construction presents a purely legal question for the court. *See* Pet. 31. Deciding whether there is an exception to Rule 50 for purely legal claims would resolve both the legality of the Federal Circuit's claim construction practice and whether defendants may seek JMOL on appeal on the basis of other purely legal claims raised at summary judgment but not reiterated in their Rule 50 motions.

## II. The *Ortiz* Question Is Particularly Important In The Claim Construction Context.

Although respondent defends the Federal Circuit's current practice, it does not dispute that the lawfulness of that practice is a question of recurring importance to the patent bar. *See, e.g.*, Mitchell G. Stockwell, *Limiting Claim Construction Challenges After* Ortiz v. Jordan, 39 AIPLA Q.J. 225 (2011). Indeed, respondent admits that the Federal Circuit's

6

rule can lead to serious unfairness when JMOL is issued on a ground the losing party never had an opportunity to address with evidence at trial. BIO 22. Whether patent litigants are protected against that unfairness by the strict preservation requirements of Rule 50 or left to the discretion of particular appellate panels (as respodnent argues, *id.*) is a question this Court should resolve.

Respondent also has no answer to our showing that the Federal Circuit's current precedents in this area are incoherent. Pet. 26-27. Respondent does not dispute that those precedents preclude *parties* from seeking JMOL in the district court or on appeal on the basis of a new claim construction; they prohibit the *district court* from entering JMOL on the basis of a new claim construction; but they allow *the court of appeals* to reverse the district court's constrained ruling if the panel thinks the defendant's untimely construction was in fact correct (even if the defendant was prohibited from raising it in the district court, the district court was precluded from considering it, and the defendant was barred from suggesting it on appeal), or if the panel comes up with its own construction never even suggested below. *Id.*

This makes "perfect sense," respondent claims, BIO 19, even though it means that the court of appeals will adopt its independent constructions without the benefit of the views of the district court or briefing from the parties. (Why it makes perfect sense for the court of appeals to have this latitude, but not the district court, respondent does not say).

7

## III. Respondent's   Vehicle   Objections   Are   Meritless.

Respondent also claims that this case is a poor vehicle for resolving any conflict, for three reasons, none of which has merit.

1.   Respondent first argues that the Question Presented is not implicated because respondent did "all that Rule 50 and *Unitherm* require" by asserting in its Rule 50 motions that the patent was not infringed "under the *correct* construction" of the patent terms.   BIO 9 (emphasis added).   Even if respondent did not advance "the correct" construction in its motion, the argument goes, all Rule 50 requires is that the motion raise "the ultimate issue of infringement." *Id*. 14.

As an initial matter, it is important to note that the Federal Circuit had no need to decide any preservation issue because, as petitioner puts it, under  Circuit  precedent  the  question  was "irrelevant." BIO 20.   Certiorari would be warranted to correct that misimpression, and resolve the circuit conflict, even if the Federal Circuit might reach the same  result  after  applying  the  correct  legal standards.

In any event, respondent's claim that Rule 50 requires only the preservation of an "issue" (like "infringement") is wrong.   Rule 50 requires the movant to "specify the  .  .  . law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). "The requirement for specificity is not simply the rule-drafter's choice of phrasing." *Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1107 (Fed. Cir. 2003).   It is essential to ensuring "the responding party an opportunity to cure any deficiency in that

8

party's proof that may have been overlooked until called to the party's attention by a late motion for judgment." Fed. R. Civ. P. 50, advisory committee's note to 1991 amendment. That purpose is flouted if a defendant offers one claim construction at trial but a panel applies another one on appeal.

Accordingly, courts uniformly hold that under Rule 50 "appellate review may be obtained only on the *specific ground* stated in the motion." *Perdoni Bros., Inc. v. Concrete Sys., Inc.*, 35 F.3d 1, 4 (1st Cir. 1994) (citation & brackets omitted); *accord McCann v. Texas City Ref., Inc.*, 984 F.2d 667, 672 (5th Cir. 1993) ("Rule 50(a) requires a motion for a directed verdict to state the *specific grounds* for granting the motion.") (emphasis in original, footnote omitted).[3]

Consistent with this precedent, the Federal Circuit has held that it "is too late at the JMOL stage to argue for or adopt a new and more detailed interpretation of the claim language and test the jury verdict by that new and more detailed interpretation." *Wi-Lan, Inc. v. Apple Inc.*, 811 F.3d 455, 464-65 (Fed. Cir. 2016) (citation omitted). There is no reason to think the court would adopt a radically less demanding test for preservation for appeal, if the Circuit believed that such preservation was actually required.

2. Respondent also makes a limited attempt to suggest that the Federal Circuit may have applied respondent's claim construction without acknowledging it. BIO 20. But respondent's lack of

---

[3] The allegedly contrary cases cited at BIO 10 do not even cite Rule 50.

9

enthusiasm for that argument is telling – the most it is willing to say is that Judge Bryson "assumed" that the majority had adopted respondent's construction "without explicitly saying so" and that this conclusion "was certainly warranted." *Id.* Respondent is then quick to argue that the question is, in any event, "irrelevant." *Id.*

In fact, respondent can point to nothing in the panel opinion to substantiate its claim that the majority adopted its construction. *See* Pet. 14 & n.3. As we explained in the petition, the majority specifically denied Judge Bryson's allegation that it had applied respondent's claim construction. Pet. 14. Respondent does not even attempt a response. *See* BIO 20. Respondent likewise presents no answer to our showing that the panel instead likely adopted a construction respondent specifically abandoned at trial and disavowed on appeal. Pet. 14 & n.3.

In the end, any ambiguity on this score is no reason to bypass an opportunity to resolve the *Ortiz* conflict: it would be open to the Court to simply answer the Question Presented and remand for the Federal Circuit to decide in the first instance whether respondent had preserved a viable basis for JMOL in its Rule 50 motion.

3. Respondent says that such a remand would be pointless because the Federal Circuit (or the district court) would just apply the panel's original construction again and reach the same result. BIO 20-21, 23-24. This odd claim is also meritless.

If this Court rejected the "purely legal" exception to Rule 50, it would vacate the Federal Circuit's decision, including its claim construction. On remand, the court of appeals would be limited to

10

deciding whether respondent is entitled to JMOL on either of the two claim constructions respondent preserved in its Rule 50 motions. If, as it appears, the court believed that neither construction was correct, it manifestly would *not* be free to then enter JMOL on the basis of its own alternative construction, given that this would be precisely what this Court had held impermissible under Rule 50.

Instead, as often happens when a defendant has failed to raise a potentially meritorious argument in its Rule 50 motions, the court would be compelled to affirm the jury verdict despite its misgivings or consider other grounds for providing different relief. *See, e.g.*, *Vazquez-Valentin*, 459 F.3d at 147-48; Pet. App. 7a-11a (addressing alternative ground for new trial). To be sure, in any retrial ordered on another ground, respondent might attempt to adjust its claim construction. But petitioner would then have a fair opportunity to respond to that new construction with evidence and arguments in the trial court, an opportunity not afforded when a court of appeals orders JMOL on the basis of a claim construction never presented in the Rule 50 motions below.

**IV. Respondent's Arguments On The Merits Provide No Basis To Allow The Conflict To Persist.**

Respondent's full-throated defense of the Federal Circuit's practice is a reason to grant certiorari, not deny it – the Court is assured of a thorough airing of this important question. But a few points warrant immediate response.

1.  Respondent argues that purely legal arguments "do not constitute challenges to the sufficiency of the evidence" and "are thus not within

11

the ambit of Rule 50." BIO 11. As we have explained, however, that is not true when the defendant seeks *JMOL* on the basis of a purely legal argument. A request for a *new trial* based on the court's misconstruction of a claim in the jury instructions may present a purely legal question entirely apart from the sufficiency of the evidence – a finding of error can result in a new trial without any need to examin the evidence. But to order JMOL, the court must not only decide the abstract legal question, but must *also* compare the evidence against the correct legal standard. *See* Pet. 28; Pet. App. 15a-16a (doing exactly that in this case). That is why Rule 50 expressly requires the movant to "specify" the "law *and* facts" supporting JMOL. Fed. R. Civ. P. 50(a)(2) (emphasis added).

2. Respondent also claims that this Court already resolved the Question Presented in *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988). *See* BIO 12. But in that case, the Court confronted no Rule 50 issue, only the claim that "since the formulation of the [federal military contractor] defense adopted by the Court of Appeals differed from the *instructions* given by the District Court *to the jury*, the *Seventh Amendment* guarantee of jury trial required a remand for trial on the new theory." 487 U.S. at 513 (emphasis added).

Respondent's reliance (BIO 12) on *Neely v. Martin K. Eby Constr. Co.*, 386 U.S. 317 (1967), is likewise inapt, as the defendant in that case preserved his objection in a proper Rule 50 motion. *See id.* at 319.

3. Finally, respondent argues at length that courts are not limited to the parties' competing interpretations of legal documents like patents and

12

contracts. BIO 16-17. But in the very next breath respondent acknowledges that courts' freedom to declare the meaning of legal documents is constrained by preservation and waiver rules. BIO 17. Respondent thus simply begs the question presented by the petition -- what is required to preserve a JMOL request for appeal? This Court should grant the petition and answer that question.

## CONCLUSION

For the foregoing reasons, the petition for a writ of certiorari should be granted.

Respectfully submitted,

Daniel R. Scardino
Raymond W. Mort, III
C. Bentley Harris
Matthew Murrell
REED & SCARDINO LLP
301 Congress Ave.
 Suite 1250
Austin, TX 78701

Kevin K. Russell
   *Counsel of Record*
Thomas C. Goldstein
Eric F. Citron
GOLDSTEIN &
 RUSSELL, P.C.
7475 Wisconsin Ave.
Suite 850
Bethesda, MD 20814
(202) 362-0636
*kr@goldsteinrussell.com*

December 6, 2016