UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HICHAM AZKOUR,

              Plaintiff,

-v-

MAUCORT and LITTLE REST TWELVE, INC.,

              Defendants.



No. 11-cv-5780 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court is Defendants' motion, brought under 28 U.S.C. § 1651(a), asking the Court to permanently enjoin and bar Plaintiff from filing any new action against Defendants and related parties "arising from [P]laintiff's employment by [D]efendants or the instant action." (Doc. No. 293.) For the reasons stated below, Defendants' request is GRANTED.

    The Court has discretion under the All Writs Act to enjoin plaintiffs from "further vexatious litigation" against defendants and related parties. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) (citing 28 U.S.C. § 1651(a)). Before a filing injunction is imposed, however, a litigant must be provided notice and an opportunity to be heard. *Duran v. Kiley*, 586 F. App'x 598, 600 (2d Cir. 2013) (citing *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)). In addition, courts must consider a variety of factors, including: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other

parties." *Id.* at 24. In the end, the question is "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 23.

Here, Plaintiff was alerted to the possibility of a filing injunction being imposed on him when Defendants moved for such an injunction on January 10, 2018. (Doc. No. 293.) Indeed, Plaintiff substantively responded to that motion on January 11, 2018. (Doc. No. 296.) Accordingly, the Court finds that Plaintiff had notice that the Court might impose a filing injunction and had ample opportunity to respond to Defendants' request. *See Robert v. Dep't of Justice*, 439 Fed. App'x 32, 35 (2d Cir. 2011).

Turning to the *Safir* factors, the Court concludes that those factors tip in favor of a limited filing injunction. To begin with, Plaintiff has a history of harassing behavior, recounted at length in the Court's dismissal order issued on January 18, 2018. (Doc. No. 302.) Plaintiff's tactics over many years have imposed a substantial burden on this Court, Defendants, and defense counsel. Although Plaintiff has pursued just two lawsuits against Defendants, he filed numerous amended complaints in each case and forced Defendants to engage in costly litigation in order to defend themselves against each iteration of new accusations. More troublingly, Plaintiff also filed numerous grievances against defense counsel personally, including baseless requests for sanctions. This tactic in particular is not captured by reference solely to the number of lawsuits Plaintiff has filed against Defendants, yet it typifies the kind of treatment that Defendants and defense counsel have been subjected to throughout this litigation. In addition, Plaintiff has already made clear his intention to file additional lawsuits against Defendants, warning defense counsel that he intends to bring new claims if he is "denied a fair trial," the "trial is delayed," and "defendants take advantage of [those scenarios] and refuse to reach a timely settlement." (Doc. No. 296 at 2.) This threat of renewed litigation against Defendants is particularly egregious since any claims that Plaintiff could

2

bring against Defendants would likely be time-barred and/or barred by the doctrine of *res judicata*.[1] Thus, Plaintiff lacks a "good faith" expectation of prevailing in any future litigation. Finally, no other sanctions are likely to deter Plaintiff. The Court has already sanctioned Plaintiff numerous times to no avail, as described in the Court's January 19, 2018 Order. (Doc. No. 302.) Thus, the sum total of Plaintiff's past behavior, his representations regarding his intended future action, and his inability to be deterred by lesser sanctions demonstrates that Plaintiff has "a history of vexatious litigation" and "is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 23.

Having considered the *Safir* factors, the Court concludes that limited injunctive relief is warranted to shield Defendants, defense counsel, and the judiciary from the unjustifiable burden that would accompany additional litigation over these matters. Specifically, the Court tailors the injunction to bar Plaintiff only from initiating new actions against Defendants and defense counsel arising from Plaintiff's employment (or attempts at re-employment) at Ajna Bar, or related to the subsequent litigation. *See Kiley*, 586 Fed. App'x at 600 (affirming a narrow injunction and distinguishing *Safir* as a case involving an "overly broad" injunction that precluded the litigant from "instituting any action whatsoever").

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff, and anyone acting on his behalf, is permanently ENJOINED from:

- Filing any new action against Defendants or their associates arising from Plaintiff's employment (or attempts at re-employment) at Ajna Bar; and

---

[1] All of the claims in this case and the related case, *Azkour v. Little Rest Twelve*, No. 10-cv-4132, arise from Plaintiff's employment at Ajna Bar between October 10, 2009 and February 14, 2010, and his attempt to be rehired there on April 1, 2010. (*See generally* Doc. No. 224.)

3

- Filing any action against Defendants or defense counsel arising from their conduct in defending this action or the related case, *Azkour v. Little Rest Twelve*, No. 10-cv-4132 (RJS).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:     March 21, 2018
               New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE